UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL J. MADIGAN
and MICHAEL F. MCCLAIN

No. 22 CR 115

Hon. John Robert Blakey

## JOINT PRETRIAL MEMORANDUM

The government submits the following joint pretrial memorandum, pursuant to the Court's Standing Order and Procedures for Criminal Cases. The government prepared this memorandum, after meeting and conferring with counsel for the defendants, and has endeavored to represent both defendants' positions herein based on those discussions. The parties reserve the right to amend or supplement the information below.

### I.     Trial Attorneys

Attorneys for the Government:

Amarjeet Bhachu
Assistant U.S. Attorney
(312) 469-6212 (office)
Amarjeet.Bhachu@usdoj.gov

Diane MacArthur
Assistant U.S. Attorney
(312) 353-5352 (office)
Diane.MacArthur@usdoj.gov

Sarah Streicker
Assistant U.S. Attorney
(312) 353-1415 (office)
Sarah.Streicker@usdoj.gov

Julia Schwartz
Assistant U.S. Attorney
(312) 353-5326 (office)
Julia.Schwartz@usdoj.gov

United States Attorney's Office
219 S. Dearborn St., 5th Fl.
Chicago, IL 60604

<u>Attorneys for Defendant Michael Madigan:</u>

Daniel J. Collins
(312) 902-5434
Daniel.Collins@katten.com

Lari A. Dierks
(312) 902-5513
Lari.Dierks@Katten.com

KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661

Thomas M. Breen
(312) 360-1001
tbreen@breenpughlaw.com

Todd S. Pugh
(312) 360-1001
tpugh@breenpughlaw.com

Robert W. Stanley
(312) 360-1001
rstanley@breenpughlaw.com

Jonathan Brayman
jbrayman@breenpughlaw.com
(312) 360-1001

BREEN & PUGH
53 W. Jackson Blvd., Suite 1550
Chicago, Illinois 60604

Attorneys for Defendant Michael McClain:

Patrick Cotter
UB GREENSFELDER, LLP
200 West Madison Street, Suite 3300
Chicago, IL 60606
(312) 345-5088
pcotter@UBGlaw.com

John D. Mitchell
WILLKIE FARR & GALLAGHER LLP
300 North LaSalle Street, 50th Floor
Chicago, IL 60654
(312) 728-9138
jmitchell2@willkie.com

Olivia Varnado
WILKIE FARR & GALLAGHER LLP
300 North LaSalle Street, 50th Floor
Chicago, IL 60654
(312) 728-9047
ovarnado@willkie.com

David P. Niemeier
UB GREENSFELDER, LLP
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 345-4751
dpn@UBGlaw.com

## II.    Case Statement

The parties have not agreed upon a statement of the case. The government proposes the following statement of the case:

> The indictment in this case charges defendants Michael Madigan and Michael McClain with racketeering conspiracy; conspiracy to commit an offense against the United States; federal program bribery; wire fraud, and use of an interstate facility in aid of racketeering activity. Defendant Madigan is also charged with attempted extortion. The defendants have pleaded not guilty to all of the charges.

Defendants propose the following statement of the case:

3

Defendant Michael Madigan has pleaded not guilty to the charges brought by the government, including racketeering conspiracy, conspiracy to commit bribery, federal program bribery, wire fraud, including defrauding the public of a right to honest services based on bribery, using phones and email in the course of committing bribery, and attempted extortion. The indictment is a statement of the charges, it is not evidence of guilt in any fashion.

Defendant Michael McClain has pleaded not guilty to the charges brought by the government, including racketeering conspiracy, conspiracy to commit bribery, federal program bribery, wire fraud, including defrauding the public of a right to honest services based on bribery, and using phones and email in the course of committing bribery. The indictment is a statement of the charges, it is not evidence of guilt in any fashion.

## III.   Trial Length

Including jury selection, the parties estimate that the case will take approximately ten weeks.

## IV.   Witness Lists

### a.  Government's Witness List

The government submits its draft, proposed witness list for its case-in-chief as an attachment to this submission under seal (Exhibit A). The government will supplement its witness list prior to trial, as necessary.

### b.  Defendant Madigan's Witness List

Defendant Madigan's draft, proposed witness list also is submitted as an attachment to this submission under seal (Exhibit C).  Defendant Madigan will supplement his witness list prior to trial, as necessary.

### c.  Defendant McClain's Witness List

Defendant McClain's draft, proposed witness list also is submitted as an attachment to this submission under seal (Exhibit E).  Defendant McClain will supplement his witness list prior to trial, as necessary.

## V.   Agreed Exhibits and Factual Stipulations

### a.  Exhibits

On August 21, 2024, the government provided a draft exhibit list to counsel for the defendants. Counsel are not in a position to agree or object to any exhibits at this time. Counsel for defendants will tender their objections to the Government's disclosed recordings by September 13, 2024. The parties will be prepared to discuss other exhibits at the Pretrial Conference on September 16, 2024.

On August 26, 2024, counsel for Madigan provided a draft exhibit list to counsel for the parties. Counsel for McClain has adopted Madigan's draft exhibit list. Counsel are not in a position to agree or object to any exhibits at this time, but will be prepared to discuss Madigan's exhibits at the Pretrial Conference on September 16, 2024.

### b. Factual Stipulations

The parties have agreed to the following factual stipulations at this time, and are continuing to work on these issues:

1. Stipulation regarding authenticity of documents produced to government by various individuals and entities.
2. Stipulation regarding authenticity of government's recordings from Michael McClain, Fidel Marquez, and Daniel Solis's cellular telephones.
3. Stipulation regarding phone numbers used by Madigan and McClain.
4. Stipulation regarding admissibility of various drivers' license photographs.
5. Stipulation regarding the State of Illinois' receipt of federal benefits in excess of $10,000.
6. Stipulation regarding Madigan's roles as Democratic Committeeman for the Thirteenth Ward, Chairman of the Thirteenth Ward Democratic Organization, and Chairman of the Democratic Party of Illinois.
7. Stipulation regarding Madigan's law firm and his interest in that law firm.
8. Stipulation regarding McClain's career history.
9. Stipulation regarding McClain's email address and the interstate transfer of email from that email address.
10. Stipulation regarding ComEd's business structure, SEC filing requirements, and status as an "issuer" under the FCPA.
11. Stipulation regarding Exelon Business Services Company, LLC's structure.
12. Stipulation regarding Anne Pramaggiore's career history.
13. Stipulation regarding John Hooker's career history.
14. Stipulation regarding Jay Doherty's firm, Jay D. Doherty & Associates, Inc. ("JDDA").
15. Stipulation regarding Doherty's email address and the interstate transfer of email from that email address.
16. Stipulation regarding Frank Olivo's service as Thirteenth Ward Alderman.

17. Stipulation regarding Ray Nice's service as Clerk of the Circuit Court of Cook County and work for the Cook County Recorder of Deeds.
18. Stipulation regarding Michael Zalewski's service as Twenty-Third Ward Alderman and consulting firm.
19. Stipulation regarding Edward Acevedo's service as Illinois Representative and leadership position.
20. Stipulations regarding authenticity of ComEd-related legislation.
21. Stipulations regarding admissibility of Ray Nice's and Frank Olivo's lobbying registration.
22. Stipulations regarding admissibility of JDDA tax documents.
23. Stipulations regarding admissibility of McClain tax documents.
24. Stipulation regarding authenticity of items seized from Anne Pramaggiore's phone.
25. Stipulation regarding authenticity of items seized from Raymond Nice's daughter's laptop.
26. Stipulation regarding authenticity of items seized from Doherty's phone.
27. Stipulation regarding authenticity of government's recordings involving Marquez after January 16, 2019.
28. Stipulation regarding authenticity of government's meeting recordings involving Solis.
29. Stipulation regarding City of Chicago's status as municipal corporation.
30. Stipulation regarding dates Governors Bruce Rauner and J.B. Prtizker were in office.
31. Stipulation regarding Solis' assistant's email address and the interstate transfer of email from that email address.
32. Stipulation regarding email address of a 13th Ward staffer and the interstate transfer of email from that email address.
33. Stipulation regarding Madigan's law partner's email address and the interstate transfer of email from that email address.
34. Stipulation regarding admissibility of fee agreement between Company C and Madigan & Getzendanner.
35. Stipulation regarding admissibility of letter sent by Madigan & Getzendanner to the Cook County Assessor on behalf of Company C and check issued by Company C to Madigan & Getzendanner.
36. Stipulation regarding location, ownership, and value of Chinatown Parcel.
37. Stipulation regarding representatives' and Chief of Staff positions.
38. Stipulation regarding the Illinois Department of Transportation and the Secretary of State.
39. Stipulation regarding a lobbyist's email address and the interstate transfer of email from that email address.
40. Stipulation regarding phone numbers used by AT&T employees and others
41. Stipulation regarding email address used by Paul La Schiazza.

## VI.  Exhibit Lists

a. Government's Exhibit List

The government submits its draft exhibit list for its case-in-chief as an attachment to this submission under seal (Exhibit B). The government will supplement its exhibit list prior to trial, as necessary.

b. Defendant Madigan's Exhibit List

Defendant Madigan's draft exhibit list is submitted as an attachment to this submission under seal (Exhibit D). Madigan will supplement his exhibit list prior to trial, as necessary. Madigan reserves the right to use any exhibit tendered by the government in discovery.

c. Defendant McClain's Exhibit List

Defendant McClain adopts defendant Madigan's draft exhibit list. McClain will supplement his exhibit list prior to trial, as necessary.

## VII. Pretrial Motions, Pretrial Notices, and Motions *in Limine*

a. Agreed upon motions *in limine*

The parties have conferred and the following motions *in limine* are unopposed:

i. Government's motions *in limine*

1. Motion *in limine* to exclude argument or evidence about the penalties faced by defendants if convicted. McClain reserves the right to cross-examine the government's cooperating witnesses on the differences in the potential penalties they faced before and after agreeing to testify.
2. Motion *in limine* to bar "golden rule" arguments—in other words, any argument that the jury should place itself in the defendants' shoes.
3. Motion *in limine* to preclude discovery requests or comments about discovery in front of the jury.
4. Motion *in limine* to preclude comments about the Court's evidentiary rulings in front of the jury.
5. Motion *in limine* to preclude either party from defining reasonable doubt.
6. Motion *in limine* to Exclude Certain Prior Acts Evidence as to a certain government witness.

ii. McClain's motions *in limine*, which Madigan joins:

1. Motion *in limine* to exclude evidence of the alleged rape in Champaign.
2. Motion *in limine* to exclude evidence of deferred prosecution agreements (DPAs) with ComEd and AT&T. The government reserves the right to elicit testimony about the DPAs in the event defense arguments or the cross examination of Daniel Solis or other witnesses opens the door.
3. Motion *in limine* to exclude evidence about the fundraiser for Burke.
4. Motion *in limine* to exclude mention of defendant's decision not to testify at trial.
5. Motion *in limine* to exclude evidence of convictions in the ComEd case. The government reserves the right to introduce evidence about the convictions if defendant McClain testifies, or if the defendants open the door, for example, by making arguments suggesting the government should have charged someone else, or as another example, by opening the door during cross examination of Daniel Solis or other witnesses such as Fidel Marquez. The government may introduce evidence and testimony from that trial consistent with the applicable rules of evidence.
6. Motion to exclude evidence of McClain's compensation from ComEd, as well as Pramaggiore's, Hooker's, and Doherty's compensation and financial situation.
7. Motion to exclude evidence of other subsequent remedial measures taken by ComEd and AT&T.

b. Disputed Motions *in Limine*

i. Government's motions *in limine*.

The government has separately filed its motions *in limine*, which are summarized below, including the corresponding docket number. In addition, the government previously filed a *Santiago* proffer to admit evidence of co-conspirator statements (Dkt. 103, 110, 119). The Court granted the government's motion to admit coconspirator statements as to all statements previously disclosed, and order the government to file a summary of an additional proposed coconspirator statements by September 9, 2024. Dkt. 158.

1. Motion *in limine* to admit evidence concerning efforts by the defendants to arrange for payments to the spouse of Public Official E as either direct evidence of the existence of the enterprise or under Rule 404(b) (Dkt. 104). Defendants object.

2. Motion *in limine* to admit evidence concerning efforts by the defendants to arrange for payments to Individual 13W-4 as either direct evidence of the existence of the enterprise or under Rule 404(b) (Dkt. 104). Defendants object.

3. Motion *in limine* to admit evidence concerning efforts to have a gas utility hire a Madigan associate as either direct evidence of the existence of the enterprise or under Rule 404(b) (Dkt. 104). Defendants object.

4. Motion *in limine* to admit evidence concerning the decision to cease payments to individual MA-1 as either direct evidence of the existence of the enterprise and the pattern of racketeering or under Rule 404(b) (Dkt. 104). Defendants object.

5. Motion *in limine* to admit evidence concerning other AT&T hires made at the defendants' request as either direct evidence of the existence of the existence of the enterprise and the pattern of racketeering or under Rule 404(b) (Dkt. 104). Defendants object.

6. Motion *in limine* to admit evidence concerning McClain's role as Madigan's agent in connection with major legislation as direct evidence of the existence of the enterprise and proof of McClain's role as to the ComEd bribery charges (Dkt. 104). Defendants object.

7. Motion *in limine* to admit evidence concerning McClain's role in response to sexual harassment allegations as direct evidence of the existence of the enterprise and McClain's role as an agent or under Rule 404(b) (Dkt. 104). Defendants object.

8. Motion *in limine* to admit evidence concerning Madigan's efforts to interfere with employment decisions at Metra for the benefit of his associates as direct evidence of the existence of the enterprise or under Rule 404(b) (Dkt. 104). Defendants object.

9. Motion *in limine* to admit the expert testimony of Professor Dick W. Simpson (Dkt. 108 and R. 128). Defendants object.

10. Motion *in limine* to admit the testimony of former Alderperson Michelle Smith (Dkt. 108 and R. 128). Defendants object.

11. Motion *in limine* to Preclude Questions and Comments that Invite the Jury to Speculate Regarding Contents of Unplayed or Unrecorded Conversations and Portions of Such Conversations (Dkt. 171). Defendants object.

12. Motion *in limine* to Preclude Evidence or Argument Inviting the Jury to Speculate About Uncharged Individuals and Government Motivations for Prosecuting the Case (Dkt. 171). Defendants object.

13. Motion *in limine* to Exclude Evidence and Argument About the Propriety of Investigative Techniques (Dkt. 171). Defendants object.

14. Motion *in limine* to Exclude Opinion Evidence Regarding Legality (Dkt. 171). Defendants object.

15. Motion *in limine* to Exclude Arguments and Evidence Designed to Elicit Jury Nullification (Dkt. 171). Defendants object in part, as reflected in the motion *in limine.*

16. Motion *in limine* to Exclude Argument or Evidence of Lawfulness (Dkt. 171). Defendants object.

17. Motion *in limine* to Preclude Evidence of Witnesses' "Bad Acts" Not Involving Dishonesty and to Require Notice by Parties (Dkt. 171). Defendants object.

18. Motion *in limine* to Preclude Discovery Requests or Commentary in the Presence of the Jury (Dkt. 171). Defendants do not object, as set forth above.

19. Motion *in limine* to Preclude Commentary Regarding the Court's Evidentiary Rulings (Dkt. 171). Defendants do not object, as set forth above.

20. Motion *in limine* to Exclude Missing Witness Argument (Dkt. 171). Defendants object.

21. Motion *in limine* to Preclude Argument Defining Reasonable Doubt (Dkt. 171). Defendants do not object, as set forth above.

22. Motion *in limine* to Preclude Admission of Agent Reports During Cross-Examination (Dkt. 171). Defendants object.

23. Motion *in limine* to Recall Government Witnesses (Dkt. 171). Defendants object.

24. Motion *in limine* to Exclude portion of a particular session number under Rules 401 and 403 (Dkt. 171 and 172). Defendants object.

25. Motion *in limine* to Exclude Certain Prior Acts Evidence as to a certain government witness (Dkt. 171 and 172). As set forth above, defendants do not object.

ii. Defendant Madigan's motions *in limine*, which McClain does not oppose:

1. Motion to Exclude Evidence Related to Dennis Gannon. The government objects.
2. Motion to Exclude Testimony and Argument that Includes Inflammatory Terms including Patronage, Corruption, and the Chicago Machine. The government agrees to not use the term "Chicago Machine" and otherwise objects.
3. Motion to Exclude Testimony and Argument that the Alleged Enterprise or Conspiracy is Compared to Organized Crime or a Gang. The government objects.
4. Motion to Exclude 2009 UIC Interview of Madigan. The government objects.
5. Motion to Exclude Evidence Related to Family Members of Defendant Madigan. The government objects.
6. Motion to Exclude Evidence Related to the Berrios family. The government objects.
7. Motion to Exclude Evidence related to Juan Ochoa's tenure as Chief Executive Officer of the Metropolitan Pier and Exposition Authority. The government objects.
8. Motion to Exclude Evidence of Campaign Contributions and Fundraising. The government objects.
9. Motion to Exclude Reference to the Names of Individuals Who Were the Subject of Solis Recordings. The government objects.
10. Motion to Exclude Evidence and Argument Regarding Compliance with ComEd or AT&T Code of Conduct. The government objects.
11. Motion to Exclude Introductory Remarks about Madigan Written by Keisha Parker. The government objects.
12. Motion to Exclude, in part, Testimony of Michele Smith. The government objects.
13. Motion to Exclude Testimony Related to Madigan's Power or Control Over the Legislative Process (statements referenced in *Santiago* proffer). The government objects.
14. Motion to Exclude Testimony from Danny Solis Interpreting Statements made by Madigan and McClain (statements referenced in *Santiago* proffer). The government objects.
15. Motion to Exclude Testimony from Fidel Marquez Interpreting Statements made by Prammagorie, McClain, and Doherty (statements referenced in *Santiago* proffer). The government objects.

16. Motion to Exclude Testimony from Ed Moody Interpreting Statements made by Madigan and McClain (statements referenced in *Santiago* proffer). The government objects.

17. Motion to Exclude Testimony from Lobbyist 1 and Representative A Interpreting Statements made by McClain and Lobbyist 1's Partner (statements referenced in *Santiago* proffer). The government objects.

iii. Defendant McClain's motions *in limine*, which Madigan joins.

1. Motion to preclude references to trials involving ComEd, Mapes, Burke, and La Schiazza. The government objects.

2. Motion to exclude evidence of the cancellation of McClain's and Hooker's contracts and the circumstances of Pramaggiore's resignation. The government objects.

3. Motion to exclude evidence of the circumstances of the departures or terminations of the Doherty subcontractors, the Reye Kurson law firm, and Ochoa. The government objects.

4. Motion to exclude evidence of subcontractors' appointments to and service on public boards. The government objects.

5. Motion to preclude argument concerning references to Madigan as "our friend" or "a friend of ours" as part of the conspiracy and to conceal the true nature and purpose of Defendants' conduct from the Government. The government objects.

6. Motion to exclude Alderman A's statement to McClain that the Chinatown deal will lead to business for Madigan. The government objects.

7. Motion to exclude all Rule 404(b) evidence, including the evidence identified in the Government's pending motions. The government objects.

## VIII.  Jury Selection Questions

The parties previously submitted their proposed jury selection questions to the Court.

## IX.    Proposed Jury Instructions and Verdict Forms

The parties have conferred regarding jury instructions. Listed below in section (a) are the jury instructions from the William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) ("Pattern Instructions" or "Pattern

Instr.") upon which the parties agree. In section (b) below, the parties have agreed upon certain non-Pattern Instructions, and provided the legal authority for any such instructions. Following this, the Pretrial Memorandum sets forth the disputed instructions proposed by the government (section (c)), the disputed instructions proposed by defendant Madigan (section (d))), and the disputed instructions proposed by defendant McClain (section (e)), including the position of each party. Where parties have proposed alternative language, that also is included, with blue colored font representing language proposed by defendant Madigan and green colored font representing language proposed by defendant McClain.

The parties will each separately file their proposed jury instructions.

### a. Agreed Pattern Instructions

i. Madigan Prelim. Inst. 1—Functions of Court and Jury
ii. Madigan Prelim. Inst. 3—Presumption of Innocence/Burden of Proof
iii. Madigan Prelim. Inst. 4—The Evidence
iv. Madigan Prelim. Inst. 7—Credibility of the Witnesses
v. Madigan Prelim. Inst. 8—Number of Witnesses
vi. Madigan Prelim. Inst. 9—Juror Note-Taking
vii. Madigan Prelim. Inst. 10—Juror Conduct
viii. Madigan Prelim. Inst. 11—Conduct of the Trial
ix. Gov't Instr. No. 1—Pattern Instr. 1.01
x. Gov't Instr. No. 3—Pattern Instr. 1.03
xi. Gov't Instr. No. 4—Pattern Instr. 2.01
xii. Gov't Instr. No. 7—Pattern Instr. 2.04
xiii. Gov't Instr. No. 8—Pattern Instr. 2.05
xiv. Gov't Instr. No. 9—Pattern Instr. 3.01
xv. Gov't Instr. No. 10—Pattern Instr. 3.02
xvi. Gov't Instr. No. 11—Pattern Instr. 3.03
xvii. Madigan Inst. 12—Pattern Instr. 3.08 (government agrees if character evidence is presented)
xviii. Gov't Instr. No. 14—Pattern Instr. 3.11
xix. Gov't Instr. No. 18—Pattern Instr. 3.16
xx. McClain Instruction 3—Pattern Instr. 3.17
xxi. Gov't Instr. No. 19—Pattern Instr. 3.18
xxii. Gov't Instr. No. 21—Pattern Instr. 4.05
xxiii. Madigan Inst. 13—Pattern Instr. 5.07
xxiv. Gov't Instr. No. 29—Pattern Instr. 5.09
xxv. Gov't Instr. No. 31—Pattern Instr. (18 U.S.C. § 1961(4) Enterprise—Association in Fact)
xxvi. Gov't Instr. No. 33—Pattern Instr. (18 U.S.C. § 1962(c) & (d) Definition of "Conduct or Participate in the Conduct of")

xxvii.   Gov't Instr. No. 36—Pattern Instr. 4.10 Definition of Knowingly
xxviii.  Gov't Instr. No. 85—Pattern Instr. 7.02 Verdict Form
xxix.    Gov't Instr. No. 86—Pattern Instr. 7.03 Unanimity/Disagreement
         Among Jurors

### b. Agreed Non-Pattern Instructions

i.   Gov't Instr. No. 24—Redactions

| | |
|---|---|
| Proposed Instruction | During this trial, you have been shown documents that contain redactions, meaning that some words, numbers, or images in those documents are not visible. Documents are redacted for a number of a reasons that have nothing to do with the merits of the case. You should not draw any inferences or conclusions from the fact that a document contains redactions. |
| Legal Authority | *United States v. Burke, et al.,* 19 CR 322 (Kendall, J.) |

ii.   McClain Instruction 4—Defense Consultation

| | |
|---|---|
| Proposed Instruction | You may have noticed that during the trial that counsel for the defendants have consulted with each other and have divided the work of trial in order to facilitate their presentations and avoid an undue waste of time and effort. You are not to consider the fact that defense counsel have consulted and cooperated with each other as having any significance in your determination of the issues in this case. You should disregard it entirely in your deliberations. |
| Legal Authority | *United States v. McClain*, 20 CR 812 (N.D. Ill.) (Leinenweber, J.), Dkt. 249 at 22<br>*United States v. Armbruster*, 18 CR 130 (E.D. Wis.) (Kennelly, J.) |

iii.   Gov't Instr. No. 28 - Count One—Elements

| | |
|---|---|
| Proposed Instruction | Count One of the indictment charges the defendants with conspiracy to commit racketeering. In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:<br><br>1. That the defendant knowingly conspired to conduct or participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity as described in Count One; and |

| | |
|---|---|
| | 2. That the enterprise described in Count One was an enterprise; and<br>3. That the activities of the enterprise would affect interstate commerce.<br><br>If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.<br><br>If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty. |
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1962(d) Racketeering Conspiracy—Elements) (modified) |

iv.  Gov't Instr. No. 52- Definition of Issuer

| | |
|---|---|
| Proposed Instruction | An issuer is any company whose securities were registered with the Securities and Exchange Commission pursuant to Section 12 of the Securities and Exchange Act of 1934, or any company that was required to file periodic reports with the Securities and Exchange Commission under Section 15(d) of the same act. |
| Legal Authority | 15 U.S.C. § 78m(b)(2)<br>*United States v. McClain*, 20 CR 812 (Leinenweber, J.) |

v.  Madigan Instruction 18 & McClain Instruction 2—Campaign Contributions

| | |
|---|---|
| Proposed Instruction | You have heard evidence concerning campaign contributions made to various public officials. This evidence was introduced to show relationships, not as evidence of a crime. There are no allegations that such campaign contributions were illegal or intended to bribe Michael Madigan. |
| Legal Authority | *United States v. McClain*, 20-CR-812, Dkt. 249, p. 42 (N.D. Ill. April 25, 2023) |

**c.  Disputed Instructions Proposed by the Government**

i.  Gov't Instr. No. 2 - The Charges

| Proposed Instruction | The charges against the defendants are in a document called an indictment. You will have a copy of the indictment during your deliberations.<br><br>The indictment in this case charges defendants Madigan and McClain with racketeering conspiracy; conspiracy to commit an offense against the United States; federal program bribery; wire fraud, and use of an interstate facility in aid of racketeering activity. Defendant Madigan is also charged with attempted extortion.<br><br>The defendants have pled not guilty to the charges. The indictment is simply the formal way of telling the defendants what crimes they are accused of committing. It is not evidence that the defendants are guilty. It does not even raise a suspicion of guilt. |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instruction 1.02 (modified) |
| Madigan Position | **Objects.** |
| Madigan Alternative | The charges against the defendants are in a document called an indictment. You will have a copy of the indictment during your deliberations.<br><br>The indictment in this case charges defendants Madigan and McClain with racketeering conspiracy; conspiracy to commit an offense against the United States; federal program bribery; wire fraud, and use of an interstate facility in aid of ~~racketeering activity~~ unlawful activity. Defendant Madigan is also charged with attempted extortion.<br><br>The defendants have pled not guilty to the charges. The indictment is simply the formal way of telling the defendants what crimes they are accused of committing. It is not evidence that the defendants are guilty. It does not even raise a suspicion of guilt. |
| McClain Position | **Objects.**<br><br>Mr. McClain notes that the Court must decide whether to provide a copy of the indictment to the jury. |
| McClain Alternative | The charges against the defendants are in a document called an indictment. [You will have a copy of the indictment during your deliberations..]<br><br>The indictment in this case charges defendants Michael Madigan and Michael McClain with racketeering |

|  | conspiracy; conspiracy to commit an offense against the United States; federal program bribery; wire fraud, and use of an interstate facility in aid of racketeering activity. Defendant Michael Madigan is also charged with attempted extortion.

The defendants have pled not guilty to the charges. The indictment is simply the formal way of telling the defendants what crimes they are accused of committing. It is not evidence that the defendants are guilty. It does not even raise a suspicion of guilt. |
|---|---|
| Government Response | Madigan's proposed revision should be rejected. Violations of 18 U.S.C. § 1952 are described in Count 1 as use of an interstate facility in aid of racketeering activity (and the racketeering predicate in section 1961 references this statute as "relating to racketeering"). To avoid juror confusion, the same description for this offense should be retained in these instructions.

The government believes redacted copies of the superseding indictment should go back to the jury room. |

ii. Gov't Instr. No. 5 – Considering the Evidence

| Proposed Instruction | Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence. |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instruction 2.02 |
| Madigan Position | **Objects.**

See Defense Proposed Instruction No. 5. |
| Madigan Alternative | Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are |

17

| | |
|---|---|
| | allowed to make reasonable inferences, so long as they are based on the evidence.<br><br>However, you may not speculate or rely on suspicion. Circumstantial evidence that leads only to a strong suspicion that someone is involved in a criminal activity is not a substitute for proof of guilt beyond a reasonable doubt. |
| McClain Position | **Objects.**<br><br>Mr. McClain objects to Government Instruction No. 5 as incomplete and proposes an instruction that accurately reflects Seventh Circuit law. *See United States v. Garcia*, 919 F.3d 489, 503 (7th Cir. 2019) ("[A] judge must take special care to guard against the possibility that a defendant might be found guilty by either speculation or mere association. Circumstantial evidence that leads only to a strong suspicion that someone is involved in a criminal activity is no substitute for proof of guilt beyond a reasonable doubt. And evidence that calls for inferences that are motivated or made possible by speculation—especially inferences focused on a defendant's presence or association with criminals or their criminal activity—will fail to carry the government's burden."); *United States v. Jones*, 713 F.3d 336, 340 (7th Cir. 2013) ("We do not suggest that there is a bright line between reasonable and unreasonable inferences from circumstantial evidence, but there is a line. The government may not prove its case, as we have said, with 'conjecture camouflaged as evidence.'"); *Piaskowski v. Bett*, 256 F.3d 687, 693 (7th Cir. 2001) ("Although a jury may infer facts from other facts that are established by inference, each link in the chain of inferences must be sufficiently strong to avoid a lapse into speculation."). |
| McClain Alternative | Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.<br><br>People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence. However, you may not rely on speculation, gut feelings, or a strong suspicion. Circumstantial evidence that leads only to a strong |

18

| | |
|---|---|
| | suspicion that someone is involved in criminal activity is not a substitute for proof beyond a reasonable doubt. |
| Government Response | The government objects to the additional, non-pattern language proposed by defendants, which is unnecessary, potentially confusing to the jury, and would circumvent the Seventh Circuit's prohibition against the Court defining "reasonable doubt." *See United States v. Hatfield*, 591 F.3d 945, 949 (7th Cir. 2010); *United States v. Blackburn*, 992 F.2d 666, 668 (7th Cir. 1993) (noting that definitions of reasonable doubt have a likelihood of "confus[ing] juries more than the simple words themselves"). |

iii.  Gov't Instr. No. 6 - Direct and Circumstantial Evidence

| | |
|---|---|
| Proposed Instruction | You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.<br><br>You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial. |
| Legal Authority | Seventh Circuit Pattern Instruction 2.03 |
| Madigan Position | **Objects.**<br><br>See Defense Proposed Instruction No. 6. |
| Madigan Alternative | You may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is evidence that directly proves a fact.  Circumstantial evidence is evidence that indirectly proves a fact.<br><br>You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other.  It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial. However, any inferences that you make must be reasonable and logically connected to the evidence—you must not speculate or guess. |
| McClain Position | **Objects.**<br><br>Mr. McClain objects to Government Instruction No. 6 as misleading and proposes an instruction that accurately reflects Seventh Circuit law. *See United States v. Garcia,* |

| | 919 F.3d 489, 503 (7th Cir. 2019). |
|---|---|
| McClain Alternative | You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact. This is called an inference.<br><br>You are to consider both direct and circumstantial evidence. ~~The law does not say that one is better than the other.~~ It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial. However, any inferences that you make must be reasonable and logically connected to the evidence—you must not speculate or guess. |
| Government Response | As discussed above, the government objects to the additional, non-pattern language proposed by defendants, which is unnecessary, potentially confusing to the jury, and would circumvent the Seventh Circuit's prohibition against the Court defining "reasonable doubt." In addition, there is no need to repeat the same instruction multiple times, which improperly injects a defense theme into the instructions. |

vi.     Gov't Instr. No. 12 - Witnesses Receiving Benefits

| | |
|---|---|
| Proposed Instruction | You have heard testimony from Edward Acevedo, William Cousineau, Fidel Marquez, Edward Moody, Steven Selcke, and Daniel Solis, who:<br>• were promised, received, or expected a benefit in return for their testimony or cooperation with the government, and/or<br>• pled guilty to being involved in one of the crimes a defendant is charged with committing. You may not consider a witness' guilty plea as evidence against either defendant.<br>You may give these witnesses' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care. |
| Legal Authority | Seventh Circuit Pattern Instruction 3.05 (modified) |
| Madigan Position | **Objects.**<br><br>The defense proposes to restore the language from the pattern that the government modified. |
| Madigan Alternative | Witnesses Requiring Special Caution ~~Receiving Benefits~~ |

| | |
|---|---|
| | You have heard testimony from Edward Acevedo, William Cousineau, Fidel Marquez, Edward Moody, Steven Selcke, and Daniel Solis, who:<br><br>• were promised, received, and ~~or~~ expected a benefit in return for their testimony and ~~or~~ cooperation with the government, and/or<br>• pled guilty to being involved in one of the crimes a defendant is charged with committing. You may not consider a witness' guilty plea as evidence against either defendant.<br><br>You may give these witnesses' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care. |
| McClain Position | **Agreed.** |
| Government Response | The government objects to the inclusion of the conjunctive ("and"), because not all of the witnesses listed expected a benefit in return for their cooperation. The disjunctive ("or") is more accurate. The government does not oppose Madigan's proposed change to the title of this instruction. |

vii.    Gov't Instr. No. 13 – Prior Conviction

| | |
|---|---|
| Proposed Instruction | [You may consider evidence that the defendant was convicted of a crime only in deciding the believability of his testimony. You may not consider it for any other purpose.] |
| Legal Authority | Seventh Circuit Pattern Instruction 3.06 |
| Madigan Position | **Agreed.** |
| McClain Position | **Objects.**<br><br>Mr. McClain objects to the inclusion of Government Instruction No. 13, as the Government has agreed not to introduce any evidence of Mr. McClain's prior conviction in the ComEd case. |
| McClain Alternative | [No instruction] |
| Government Response | This proposed instruction should remain in brackets for now, as the government has agreed not to introduce evidence of McClain's prior conviction, unless he testifies at trial or otherwise opens the door to his prior conviction. |

viii.    Gov't Instr. No. 15 – Opinion Testimony

| | |
|---|---|
| Proposed Instruction | You have heard a witness, namely, Dick W. Simpson, who gave opinions and testimony about the ward system in |

|  | Chicago and the role of committeemen and patronage in that system. You do not have to accept this witness' opinions. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how he reached his opinions, and the factors I have described for determining the believability of testimony. |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instruction 3.13 |
| Madigan Position | **Objects.** As set forth in its motion to exclude testimony of Dick Simpson, the term "patronage" is unduly prejudicial. If Dick Simpson is permitted to testify, this should be modified based on his actual testimony. |
| Madigan Alternative | You have heard a witness, namely, Dick W. Simpson, who gave opinions and testimony about [the ward system in Chicago and the role of committeemen] ~~and patronage in that system~~. You do not have to accept this witness' opinions. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how he reached his opinions, and the factors I have described for determining the believability of testimony. |
| McClain Position | **Objects.** Mr. McClain objects to the inclusion of Government Instruction No. 15 at this time, as it assumes that the jury will hear evidence from Professor Simpson. |
| Government Response | The term "patronage" is not unduly prejudicial, and Professor Simpson should be permitted to testify about patronage. R. 108. The government proposes the Court defer ruling on this instruction until after its ruling on the government's motion to admit Professor Simpson's testimony. R. 108. |

ix.    Gov't Instr. No. 16 – Recorded Conversations/Transcripts

| Proposed Instruction | You have heard recorded conversations and seen video recordings. This is proper evidence that you should consider |
|---|---|

| | together with and in the same way you consider the other evidence. |
| | |
| | You were also given transcripts of the conversations to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence. |
| | |
| | You may consider a person's actions, facial expressions, and lip movements that you are able to observe on a video recording to help you determine what was said and who said it. |
| | |
| | I am providing you with the recordings and a device with instructions on its use as well as the transcripts. It is up to you to decide whether to listen to a recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial. |
| | |
| | Some recordings have been redacted, and the transcripts reflect conversation where those portions were redacted. You should not speculate about those portions of the conversation. |
| Legal Authority | Seventh Circuit Pattern Instruction 3.14 (modified) |
| Madigan Position | **Objects**. |
| | |
| | The defense proposes to restore the language from the pattern that the government removed. |
| Madigan Alternative | You have heard recorded conversations and seen video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence. |
| | |
| | You were also given transcripts of the conversations to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard or saw in a recording and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard or saw, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned. |

| | |
|---|---|
| | You may consider a person's actions, facial expressions, and lip movements that you are able to observe on a video recording to help you determine what was said and who said it.<br><br>I am providing you with the recordings and a device with instructions on its use as well as the transcripts. It is up to you to decide whether to listen to a recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.<br><br>Some recordings have been redacted, and the transcripts reflect conversation where those portions were redacted. You should not speculate about those portions of the conversation. |
| McClain Position | **Objects.**<br><br>Mr. McClain proposes the pattern instruction. |
| McClain Alternative | You have heard recorded conversations and seen video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence.<br><br>You were also given transcripts of the conversations to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence.<br><br>If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. You may consider a person's actions, facial expressions, and lip movements that you are able to observe on a video recording to help you determine what was said and who said it.<br><br>I am providing you with the recordings and a device with instructions on its use as well as the transcripts. It is up to you to decide whether to listen to a recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial. |

|  | Some recordings have been redacted, and the transcripts reflect conversation where those portions were redacted. You should not speculate about those portions of the conversation. |
|---|---|
| Government Response | The government agrees to Madigan's proposed revision, which is very similar to McClain's. |

      x.    Gov't Instr. No. 17 - Recordings Involving Cooperating Witnesses

| Proposed Instruction | You heard recordings that included statements made by cooperating witnesses Fidel Marquez and Daniel Solis.<br><br>Fidel Marquez began cooperating on January 16, 2019. The statements Fidel Marquez made before cooperating may be considered for their truth.<br><br>However, you should not consider the statements Fidel Marquez made on recordings after January 16, 2019 and the statements Daniel Solis made on any recording as evidence that what they said was actually true; you can consider their statements on such recordings to place in context and help you understand the conversations and statements made by the defendants and others in these recordings. |
|---|---|
| Legal Authority | *United States v. McClain*, 20 CR 812 (N.D. Ill.) (Leinenweber, J.) |
| Madigan Position | **Objects.** |
| Madigan Alternative | You heard recordings that included statements made by cooperating witnesses Fidel Marquez and Daniel Solis.<br><br>Fidel Marquez began cooperating on January 16, 2019. The statements Fidel Marquez made on recordings before he began cooperating may be considered for their truth.<br><br>However, you should not consider the statements Fidel Marquez made on recordings after January 16, 2019 and the statements Daniel Solis made on any recording as evidence that what they said was actually true; you can consider their statements on such recordings to place in context and help you understand the conversations and statements made by the defendants and others in these recordings. |
| McClain Position | **Agreed.** |
| Government Response | The government generally agrees with Madigan's proposal, but the second paragraph should not be exclusively limited to recordings, but any statements made by Marquez. |

xi.     Gov't Instr. No. 20 - Government Investigative Techniques

| Proposed Instruction | Sometimes the government utilizes cooperating individuals who may conceal their identities in order to gather evidence of suspected violations of law. In the effort to detect violations of the law, it is sometimes necessary for the government to use ruses and subterfuges and to employ investigative techniques that deceive. It is not improper or illegal for the government to use these techniques, which are a permissible and recognized means of criminal investigation. Whether or not you approve of the use of such investigative techniques to detect unlawful activities is not to enter your deliberations in any way. |
|---|---|
| Legal Authority | *United States v. Calabrese*, 02 CR 1050 (Zagel, J.)<br>*United States v. Polchan*, 08 CR 115, Dkt. 518 (Guzman, J.)<br>*United States v. McKnight*, 665 F.3d 786, 789 (7th Cir. 2011) (affirming use of nearly identical instruction) |
| Madigan Position | **Objects.**<br><br>Seventh Circuit Pattern (2023), p. 63 (modified). |
| Madigan Alternative | You have heard evidence obtained from the government's use of deceptive investigative techniques. The government is permitted to use these techniques. You should consider evidence obtained this way together with and in the same way you consider the other evidence. |
| McClain Position | **Objects.**<br><br>Mr. McClain objects to Government Instruction No. 20 as unnecessary and prejudicial.  The Committee on Federal Criminal Jury Instructions has admonished that "this instruction need not and should not be given as a matter of course in every case involving undercover or deceptive investigative techniques." *See* 7th Cir. Pattern Instruction 3.19, Committee Comment; *see also United States v. McKnight*, 665 F.3d 786, 794 (7th Cir. 2011) ("There is also a possibility that singling out this aspect of the case might be interpreted by the jurors as at least indirect approval of the effectiveness of the Government's management of the investigation."); *United States v. McKnight*, 671 F.3d 664, 665–69 (7th Cir. 2012) (Posner, J., joined by Kanne, J. and Williams, J., dissenting from denial of rehearing *en banc*) (expressing concern about the confusing and prejudicial nature of similar instructions).  This is not "the rare case" |

|  | where special circumstances exist warranting this instruction, and the risk of "the appearance of a judicial imprimatur on particular [investigative] techniques" counsels against giving this instruction here. *See* 7th Cir. Pattern Instruction 3.19, Committee Comment. Accordingly, this instruction is not appropriate and should not be given. If, after the close of evidence, the Court deems such an instruction necessary based on the particular circumstances of this case, Mr. McClain would request the use of Pattern Instruction No. 3.19. |
|---|---|
| McClain Alternative | [You have heard evidence obtained from the government's use of [undercover agents; informants; deceptive investigative techniques]. The government is permitted to use these techniques. You should consider evidence obtained this way together with and in the same way you consider the other evidence.] |
| Government Response | The government proposes an instruction that has been affirmed on appeal by the Seventh Circuit. It is appropriate to give this instruction. *See United States v. McKnight*, 665 F.3d 786, 789 (7th Cir. 2011). In the ComEd 4 trial, defendants specifically made it appear that deceptive techniques were improper in their presentations to the jury, which the government anticipates the defense will do here. Thus, this instruction is appropriate. |

xii.     Gov't Instr. No. 22 - Separate Consideration

| Proposed Instruction | The defendants have been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision. You must consider each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.<br><br>Even though the defendants are being tried together, you must consider each defendant separately. Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning the other defendant. |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instructions 4.06 and 4.07 |
| Madigan Position | **Objects.**<br><br>The defense proposes to restore the language from the pattern that the government removed. |

27

| Madigan Alternative | The defendants have been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision. You must consider each charge, and the evidence concerning each charge, separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge. |
| --- | --- |
| | Even though the defendants are being tried together, you must consider each defendant separately. Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning the other defendant. |
| McClain Position | **Objects.** |
| | Mr. McClain proposes the pattern instruction. |
| McClain Alternative | The defendants have been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision. |
| | You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge. |
| | Even though the defendants are being tried together, you must consider each defendant and the evidence concerning that defendant separately. Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning the other defendant. |
| Government Response | The government agrees to Madigan's proposed edit. McClain's proposed instruction should be rejected, because it adds language that is not in Pattern Instruction 4.06, and mistakenly implies that certain evidence cannot be considered against defendant McClain. But with regard to evidence of the racketeering conspiracy, evidence is properly admissible against McClain even if he did not personally participate in the commission of a racketeering act. *See* Gov't Response to Gov't Inst. 37 and 38, below. |

xiii. Gov't Instr. No. 23—Speculation Concerning Persons or Companies

| Proposed Instruction | You should not speculate why any other person or company whose name you may have heard during the trial or who is |
| --- | --- |

| | referenced in the indictment is not currently on trial before you. |
|---|---|
| Legal Authority | *United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994) <br> *United States v. McClain*, 20 CR 812 (N.D. Ill) (Leinenweber, J.) |
| Madigan Position | **Agreed.** |
| McClain Position | **Objects.** <br><br> Mr. McClain objects to Government Instruction No. 23 as unnecessary and cumulative of other instructions. |
| McClain Alternative | [No instruction] |
| Government Response | This instruction should be given for the reasons specified in Government Motion *In Limine* 12. In addition, the government believes this instruction is appropriate, because the jurors are likely to wonder why Anne Pramaggiore, Paul La Schiazza, ComEd, AT&T, or others are not on trial in addition to the defendants. |

xiv.    Gov't Instr. No. 25—Joint Venture

| | |
|---|---|
| Proposed Instruction | An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged. |
| Legal Authority | Seventh Circuit Pattern Instruction 5.05 |
| Madigan Position | **Agreed.** |
| McClain Position | **Objects.** <br><br> Mr. McClain objects to the inclusion of Government Instruction No. 25 as unnecessary, confusing, and cumulative of other instructions. |
| McClain Alternative | [No instruction] |
| Government Response | This Pattern Instruction is appropriate because multiple crimes charged in the superseding indictment involved joint action by the defendants and others. |

xv.    Gov't Instr. No. 26—Aiding and Abetting/Acting Through Another

| | |
|---|---|
| Proposed Instruction | Any person who knowingly aids, counsels, commands, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed. |

| | |
|---|---|
| | If a defendant knowingly causes the acts of another, then the defendant is responsible for those acts as though he personally committed them. |
| Legal Authority | Seventh Circuit Pattern Instruction 5.06 |
| Madigan Position | **Objects.**<br><br>The 5.06(A) pattern more clearly explains the elements of the Government must prove when the indictment charges aiding and abetting. *United States v. McClain,* 22-CR-812, Dkt. 249, p. 23 (April 25, 2023). |
| Madigan Alternative | A person may be found guilty of an offense by knowingly aiding, counseling, commanding, inducing, or procuring the commission of the offense if he knowingly participated in the criminal activity and tried to make it succeed. In order for you to find a defendant guilty of each Count on this basis, the government must prove each of the following elements beyond a reasonable doubt:<br><br>1. The crime alleged in each Count was committed, as set forth on page XX of these instructions.<br>2. The defendant participated in the criminal activity and tried to make it succeed.<br>3. The defendant did so knowingly. |
| McClain Position | **Objects.**<br><br>Mr. McClain proposes the pattern instruction as modified. *United States v. McClain,* 20 CR 812 (N.D. Ill.) (Leinenweber, J.), Dkt. 249 at 24 |
| McClain Alternative | McClain proposes the same language as Madigan. |
| Government Response | The government's proposed aiding-and-abetting instruction, which is Pattern 5.06, and which properly articulates that aiding-and-abetting is an alternate theory of liability, rather than a separate offense. In addition, defendants have modified Pattern Instruction 5.06(A) by adding the phrase "each Count," which incorrectly and confusingly suggests guilt must be found on every count. |

xvi.    Gov't Instr. No. 27—Title 18, United States Code, Section 1962

| | |
|---|---|
| Proposed Instruction | Defendants Michael Madigan and Michael McClain have been charged in Count One with racketeering conspiracy in violation of 18 U.S.C. § 1962(d). Title 18, United States Code, Section 1962 provides in pertinent part: |

|  | (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . .<br><br>(d) It shall be unlawful for any person to conspire to violate the provisions of subsection (c) of this section. |
|---|---|
| Legal Authority | 18 U.S.C. § 1962(d)<br>*United States v. Warner*, 02 CR 506 (Pallmeyer, J.)<br>*United States v. Calabrese*, 02 CR 1050 (Zagel, J.)<br>*United States v. Polchan*, 08 CR 115 (Guzman, J.) |
| Madigan Position | **Objection. Defense requests to strike.**<br><br>The instruction is unnecessary and confusing. The elements of the offense are set forth in the instructions. There is no need to reiterate the elements through the statutory language. |
| Madigan Alternative | [No instruction] |
| McClain Position | **Objects.**<br><br>Mr. McClain objects to the inclusion of Government Instruction No. 27 as unnecessary, confusing, and cumulative of other instructions. |
| McClain Alternative | [No instruction] |
| Government Response | The government has agreed to delete this instruction. |

xvii.   Gov't Instr. No. 30—Membership in Conspiracy

| Proposed Instruction | To be a member of a conspiracy, a defendant does not need to join it at the beginning, and he or she does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished. The government need not prove that all of the details of the conspiracy alleged in the indictment were formally agreed upon or carried out. However, the government must prove beyond a reasonable doubt that the defendant you are considering was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy.<br><br>A defendant is not a member of a conspiracy just because he or she knew and/or associated with people who were |
|---|---|

| | |
|---|---|
| | involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.<br><br>In deciding whether a defendant joined the charged conspiracy, you must base your decision only on what that defendant did or said. To determine what that defendant did or said, you may consider that defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said. |
| Legal Authority | Seventh Circuit Pattern Instruction 5.10 Conspiracy—Membership in Conspiracy (modified) |
| Madigan Position | **Objects.**<br><br>The Government added the redlined language (below). The defense proposes the pattern instruction. This deviation from the pattern is unnecessary and confusing. |
| Madigan Alternative | To be a member of a conspiracy, a defendant does not need to join it at the beginning, and he or she does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished. ~~The government need not prove that all of the details of the conspiracy alleged in the indictment were formally agreed upon or carried out. However, t~~The government must prove beyond a reasonable doubt that the defendant you are considering was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy.<br><br>A defendant is not a member of a conspiracy just because he or she knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.<br><br>In deciding whether a defendant joined the charged conspiracy, you must base your decision only on what that defendant did or said. To determine what that defendant did or said, you may consider the defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said. |
| McClain Position | **Objects.**<br><br>Mr. McClain proposes the pattern instruction. |
| McClain Alternative | To be a member of a conspiracy, a defendant does not need to join it at the beginning, and he or she does not need to know all of the other members or all of the means by which |

|  | the illegal goals of the conspiracy were to be accomplished. ~~The government need not prove that all of the details of the conspiracy alleged in the indictment were formally agreed upon or carried out. However, the~~The government must prove beyond a reasonable doubt that the defendant you are considering was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy.<br><br>A defendant is not a member of a conspiracy just because he or she knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.<br><br>The conspiracy must include at least one member other than the defendant who, at the time, was not a government agent, law enforcement officer, or informant.<br><br>In deciding whether a defendant joined the charged conspiracy, you must base your decision only on what that defendant did or said. To determine what that defendant did or said, you may consider that defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said. |
|---|---|
| Government Response | The government agrees to the deletion the defendants proposed, and also agrees to the addition requested be McClain. |

xviii. Gov't Instr. No. 32—Count One—Pattern of Racketeering Activity

| Proposed Instruction | In order to find a "pattern of racketeering activity" for purposes of Count One, you must find beyond a reasonable doubt that the defendant agreed that some member of the conspiracy would commit at least two acts of racketeering as described in Count One. You must also find that those acts were in some way related to each other and that there was continuity between them.<br><br>Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way, or have other similar distinguishing characteristics; or are part of the affairs of the same enterprise. |
|---|---|

| | |
|---|---|
| | There is continuity between acts if, for example, they are ongoing over a substantial period of time, or had the potential to continue over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.<br><br>For purposes of Count One, the government does not have to prove that any racketeering acts were actually committed at all, or that the defendant agreed to personally commit any such acts, or that the defendant agreed that two or more specific acts would be committed. |
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1962(d) Pattern Requirement—Racketeering Conspiracy) |
| Madigan Position | **Objects.**<br><br>Defense proposes the additional language be added to avoid confusion over the Government's ultimate burden in a conspiracy case. While the last paragraph is intended to explain to the jury what the government need not prove to sustain its burden under 1962(d), the additional sentence is ensure the jury understands the government's burden. *United States v. Turkette,* 452 U.S. 576, 583 (1981) ("The existence of an enterprise at all times remains a separate element which must be proved by the Government."); *Salinas v. States,* 522 U.S. 52, 64 (1997) (the "purpose of the agreement" must be "to facilitate commission of a crime"). |
| Madigan Alternative | In order to find a "pattern of racketeering activity" for purposes of Count One, you must find beyond a reasonable doubt that the defendant agreed that some member of the conspiracy would commit at least two acts of racketeering as described in Count One. You must also find that those acts were in some way related to each other and that there was continuity between them.<br><br>Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way, or have other similar distinguishing characteristics; or are part of the affairs of the same enterprise.<br><br>There is continuity between acts if, for example, they are ongoing over a substantial period of time, or had the potential to continue over a substantial period, or if they |

|  | are part of the regular way some entity does business or conducts its affairs.<br><br>For purposes of Count One, the government does not have to prove that any racketeering acts were actually committed at all, or that the defendant agreed to personally commit any such acts, or that the defendant agreed that two or more specific acts would be committed. However, the government must prove beyond a reasonable doubt that the defendant was a member of an enterprise and knowingly agreed to join a conspiracy that at least one member of the enterprise would commit two racketeering acts. |
|---|---|
| McClain Position | **Agreed.** |
| Government Response | Madigan's proposed revision to the Pattern Instruction should be rejected. The relevant legal concepts are already explained in this and related instructions. The addition is also confusing, legally incorrect, grammatically incorrect, and mixes up instructions. The pattern instructions clearly reflect the government's burden; this is not a case-specific concept. |

xix.   Gov't Instr. No. 34—Count One—Definition of "Associate"

| Proposed Instruction | To be associated with an enterprise, a person must be involved with the enterprise in a way that is related to its affairs or common purpose, although the person need not have a stake in the goals of the enterprise and may even act in a way that subverts those goals. A person may be associated with an enterprise without being so throughout its existence. |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1962(c) & (d) Definition of "Associate" |
| Madigan Position | **Objects.**<br><br>Defense proposes additional language to avoid confusion over the distinction between joining an enterprise and joining a conspiracy. Joining the enterprise and joining the conspiracy are two different elements that must each be proven beyond a reasonable double. |
| Madigan Alternative | To be associated with an enterprise, a person must be involved with the enterprise in a way that is related to its affairs or common purpose, although the person need not have a stake in the goals of the enterprise and may even act in a way that subverts those goals.  A person may be |

|  | associated with an enterprise without being so throughout its existence. A defendant's association with the enterprise is distinct from the defendant knowingly agreeing to join an enterprise through a pattern of racketeering activity. |
|---|---|
| McClain Position | **Objects.**<br><br>Mr. McClain proposes additional language to avoid confusion over the distinction between joining an enterprise and joining a conspiracy. Joining the enterprise and joining the conspiracy are two different elements that must each be proven beyond a reasonable double. |
| McClain Alternative | McClain proposes the same language as Madigan. |
| Government Response | The proposed revision to the Pattern Instruction should be rejected. This is a definition instruction, and the defendant's requested addition mixes up different legal concepts unnecessarily. There is no requirement of "joining an enterprise through a pattern of racketeering activity," as defendant suggests. The Pattern Instructions clearly and accurately state the legal elements. |

xx.    Govt Instr. No. 35 – Count One—Definition of "Interstate Commerce"

| Proposed Instruction | For purposes of the elements instruction as to Count One that appears on page **\*\***, "interstate commerce" includes the movement of money, goods, services or persons from one state to another. This would include the purchase or sale of goods or supplies from outside Illinois, the use of interstate mail or wire facilities, or the causing of any of those things. If the actions of an enterprise affect in any degree the movement of money, goods or services across state lines, then interstate commerce was engaged in or affected. An enterprise as a whole may engage in interstate commerce and its activity may affect interstate commerce to any degree; the government need not prove that a defendant agreed to engage in interstate commerce, or that the acts of a defendant affected interstate commerce. |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1962 Definition of "Interstate Commerce" (modified) |
| Madigan Position | **Objects.**<br><br>The Government struck language from the pattern and added the last paragraph. The defense proposes to restore the language that was stricken from the pattern and objects |

| | |
|---|---|
| | to the language the government added that deviates from the pattern. |
| Madigan Alternative | For purposes of the elements instruction as to Count One that appears on page **, "interstate commerce" includes the movement of money, goods, services or persons from one state to another. This would include the purchase or sale of goods or supplies from outside Illinois, the use of interstate mail or wire facilities, or the causing of any of those things. If you find that beyond a reasonable doubt either (a) that the enterprise alleged in Count One made, purchased, sold or moved goods or services that had their origin or destination outside Illinois, or (b) that the actions of the enterprise alleged in Count One affected in any degree the movement of money, goods or services across state lines, then interstate commerce was engaged in or affected.

The government need only prove that the enterprise as a whole engaged in interstate commerce or that its activity affected interstate commerce to any degree, although proof that racketeering acts did affect interstate commerce meets that requirement. The government need not prove that a defendant engaged in interstate commerce, or that the acts of a defendant affected interstate commerce.

~~If the actions of an enterprise affect in any degree the movement of money, goods or services across state lines, then interstate commerce was engaged in or affected. An enterprise as a whole may engage in interstate commerce and its activity may affect interstate commerce to any degree; the government need not prove that a defendant agreed to engage in interstate commerce, or that the acts of a defendant affected interstate commerce.~~ |
| McClain Position | **Agreed.** |
| Government Response | Madigan's proposed revision should be rejected. Madigan proposes using the interstate commerce pattern instruction for substantive § 1962 offenses, which discusses the government proving the enterprise engaged in certain activity. However, this instruction must be modified to reflect that the charge here is a racketeering conspiracy charge. Proof of the completed crime is not required for purposes of RICO conspiracy charges. *Salinas v. United States*, 522 U.S. 52, 63 (1997). Indeed, the government need not prove the existence of an enterprise. *United States v.* |

|  | *Delgado*, 972 F.3d 63, 79 (2d Cir. 2020) ("[I]n contrast to RICO's substantive offenses . . . the Government need not establish the existence of an enterprise to prove a RICO conspiracy.") (cleaned up). The government's proposed instruction correctly explains to the jury the concept of effect on interstate commerce without requiring the government to prove the completed offense. |
|---|---|

xxi.  Gov't Instr. No. 37 – "Racketeering Activity"

| Proposed Instruction | The law defines "racketeering activity" as follows:<br><br>A.  Any act involving bribery under the following provisions of Illinois state law:<br>(1) 720 Illinois Compiled Statutes § 5/33-1(d) (bribery);<br>(2) 720 Illinois Compiled Statutes § 5/33-1(e) (bribery);<br>(3) 720 Illinois Compiled Statutes § 5/33-3(a)(4) (official misconduct);<br>(4) 720 Illinois Compiled Statutes § 645/1 (legislative misconduct, effective until December 31, 2012); and<br>(5) 720 Illinois Compiled Statutes § 5/33-8 (legislative misconduct, effective on and after January 1, 2013).<br><br>Illinois Compiled Statutes are referred to in abbreviated form as "ILCS."<br><br>B.  Any act which constitutes a violation of any of the following provisions of Title 18, United States Code:<br>(1) extortion (Section 1951); and<br>(2) use of any facility in interstate commerce in aid of racketeering activity (Section 1952).<br><br>Any violation of any of these statutes may constitute a distinct act of "racketeering activity." |
|---|---|
| Legal Authority | 18 U.S.C. § 1961(1)<br>*United States v. Calabrese*, 02 CR 1050 (Zagel, J.)<br>*United States v. Polchan*, 08 CR 115 (Guzman, J.)<br>*United States v. Blackman*, 18 CR 728 (Blakey, J.) |
| Madigan Position | **Objects.**<br><br>Defense proposes to add the introductory language to provide additional clarity to the jury and to strike the reference to the earlier legislative misconduct and the last sentence as unnecessary. |

38

| | |
|---|---|
| Madigan Alternative | Racketeering activity is defined as certain violations of federal and state law. In this case, the indictment charges the following acts of racketeering, the elements of a violation of a specific racketeering activity are described on the respective pages:<br><br>The law defines "racketeering activity" as follows:<br><br>A. Any act involving bribery under the following provisions of Illinois state law:<br><br>(1) 720 Illinois Compiled Statutes § 5/33-1(d) (bribery) (p. xx);<br>(2) 720 Illinois Compiled Statutes § 5/33-1(e) (bribery) (p. xx);<br>(3) 720 Illinois Compiled Statutes § 5/33-3(a)(4) (official misconduct) (p. xx);<br>(4) ~~720 Illinois Compiled Statutes § 645/1 (legislative misconduct, effective until December 31, 2012);~~ and<br>(5) 720 Illinois Compiled Statutes § 5/33-8 (legislative misconduct, ~~effective on and after January 1, 2013~~) (p.xx).<br><br>Illinois Compiled Statutes are referred to in abbreviated form as "ILCS."<br><br>B. Any act which constitutes a violation of any of the following provisions of Title 18, United States Code:<br>(1) extortion (Section 1951) (p. xx); and<br>(2) use of any facility in interstate commerce in aid of racketeering activity (Section 1952) (p. xx).<br><br>~~Any violation of any of these statutes may constitute a distinct act of "racketeering activity."~~ |
| McClain Position | **Objects.**<br><br>Mr. McClain proposed additional language to ensure that the jury is properly instructed on the Travel Act predicate requirements. |
| McClain Alternative | ~~The law defines "racketeering activity" as follows:~~<br><br>Count One—Definition of "Racketeering Activity" |

Racketeering activity is defined as certain violations of federal and state law. In this case, the indictment charges the following acts of racketeering, the elements of a violation of a specific racketeering activity are described on the respective pages:

A. Any act involving bribery under the following provisions of Illinois state law:

(1) 720 Illinois Compiled Statutes § 5/33-1(d) (bribery);) (page **);

(2) 720 Illinois Compiled Statutes § 5/33-1(e) (bribery);) (page **);

(3) 720 Illinois Compiled Statutes § 5/33-3(a)(4) (official misconduct);

(4) ~~720 Illinois Compiled Statutes § 645/1 (legislative misconduct, effective until December 31, 2012);) (page **);~~ and

(5) 720 Illinois Compiled Statutes § 5/33-8 (legislative misconduct, effective on and after January 1, 2013).) (page **).

Illinois Compiled Statutes are referred to in abbreviated form as "ILCS."

B. Any act which constitutes a violation of any of the following provisions of Title 18, United States Code:

(1) extortion (Section 1951);) (page **); and

(2) use of any facility in interstate commerce in aid of racketeering activity (Section 1952~~).~~

~~Any violation)~~ (page **) ~~in commission~~ of ~~any of these statutes may constitute a distinct act of "racketeering~~ the following unlawful activity~~.~~":

(a) 720 Illinois Compiled Statutes § 5/33-1(d) (page **);

(b) 720 Illinois Compiled Statutes § 5/33-1(e) (bribery) (page **);

(c) 720 Illinois Compiled Statutes § 5/33-3(a)(4) (official misconduct) (page **);

(d) 720 Illinois Compiled Statutes § 645/1 (legislative misconduct, effective until December 31, 2012) (page **);

| | |
|---|---|
| | (e) 720 Illinois Compiled Statutes § 5/33-8 (legislative misconduct, effective on and after January 1, 2013) (page \*\*); and<br>(f) extortion (section 1951) (page \*\*). |
| Government Response | Defendants' proposed revisions should be rejected. Again, defendants incorrectly imply through their changes that the government must prove "elements" of completed predicate offenses to prove a RICO conspiracy. This is incorrect. *See Salinas v. United States*, 522 U.S. 52, 65-66 (1997) (RICO conspiracy does not require proof that substantive offense was committed; "It is elementary that a conspiracy may exist and be punished whether or not the substantive crime ensues, for the conspiracy is a distinct evil, dangerous to the public, and so punishable in itself."); *United States v. Glecier*, 923 F.2d 496, 500 (7th Cir. 1991) ("Neither overt acts . . . nor specific predicate acts that the defendant agreed personally to commit . . . need be alleged or proved for a section 1962(d) offense."). Madigan also proposes deleting a charged bribery predicate, but 720 ILCS 645/1 was specifically alleged in the indictment. Madigan's request to delete a charged predicate offense from the indictment is inappropriate. McClain's addition of the state-law bribery predicates to the Travel Act is confusing and unnecessary. The format proposed by the government was accepted and used in several prior RICO conspiracy cases, including Operation Family Secrets. *United States v. Calabrese*, 02 CR 1050 (Zagel, J.). |

xxii.   Gov't Instr. No. 38 – Bribery

| | |
|---|---|
| Proposed Instruction | Count One charges a conspiracy to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity including bribery.<br>  1. Chapter 720 Illinois Compiled Statutes ("ILCS") § 5/33-1(d) prohibits a form of bribery. A person commits this offense when:<br>    a.   The person receives, retains, or agrees to accept any property or personal advantage from another party; and<br>    b.   The person knew that the property or personal advantage was tendered or promised with intent to cause the person to influence the performance of any act related to the employment or function of a public officer or public employee. |

2. Chapter 720 ILCS § 5/33-1(e) prohibits a form of bribery. A person commits this offense when:

   a. The person solicits, receives, retains, or agrees to accept property or personal advantage from another; and

   b. The person does so pursuant to an understanding that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

3. Chapter 720 ILCS § 5/33-3(a)(4), the official misconduct statute, prohibits a form of bribery. A person commits this offense when:

   a. The person is a public officer or public employee; and

   b. When in their official capacity, the person solicits or knowingly accepts for the performance of any act, a fee or reward which the person knows was not authorized by law.

As used in this instruction, a "public officer" means a person who is elected to office pursuant to statute to discharge a public duty for the State. The term "public employee" is a person who is authorized to perform an official function on behalf of, and is paid by the State.

4. Chapter 720 ILCS § 645/1, the legislative misconduct statute, which was effective until December 31, 2012, prohibited a form of bribery. This statute was replaced by Chapter 720 ILCS § 5/33-8, the legislative misconduct statute, which was effective on and after January 1, 2013, and continued to prohibit the same form of bribery. A person commits either offense when:

   X.   A person is a member of the Illinois General Assembly;

   XI.  The person knowingly accepts or receives, directly or indirectly, any money or valuable thing from a corporation, company, or another person; and

   XII. The person accepts such money or valuable thing in exchange for any vote or influence the person might give or withhold on any bill,

|  | resolution or appropriation, or for any other official act. |
|---|---|
| Legal Authority | Illinois Pattern Instructions 21.00 Bribery (modified) |
| Madigan Position | **Objects.**<br><br>33-1(d) includes that the defendant is not "authorized by law" to accept the benefit; 33-1(e) uses the language "shall improperly influence." Additionally, it must be the defendant or another member of the conspiracy who violated the statute, not generally "a person." Finally, whether the thing of value is authorized by law is a question of law. *People v. Brandstetter*, 103 Ill. App. 3d 259, 265 (1982). |
| Madigan Alternative | Count One charges a conspiracy to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity including bribery.<br>1.     Chapter 720 Illinois Compiled Statutes ("ILCS") § 5/33-1(d) prohibits a form of bribery.  ~~A person~~ The defendant commits this offense when:<br>    a.   The ~~person~~ defendant receives, retains, or agrees to accept any property or personal advantage from another ~~party~~; and<br>    b.   The defendant is not authorized by law to accept the property; and<br>    c.   The ~~person~~ defendant knew that the property or personal advantage was tendered or promised with intent to cause the person to influence the performance of any act related to the employment or function of a public officer or public employee.<br>2.     Chapter 720 ILCS § 5/33-1(e) prohibits a form of bribery.  A defendant person commits this offense when:<br><br>    a.   The ~~person~~ defendant solicits, receives, retains, or agrees to accept property or personal advantage from another; and<br>    b.   The ~~person~~ defendant does so pursuant to an understanding that he must ~~would~~ improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.<br><br>3.     Chapter 720 ILCS § 5/33-3(a)(4), the official misconduct statute, prohibits a form of bribery.  A defendant ~~person~~ commits this offense when: |

|  |  |
|---|---|
|  | a. The defendant ~~person~~ is a public officer or public employee; and<br>b. When in ~~his~~ their official capacity, the defendant ~~person~~ solicits or knowingly accepts for the performance of any act, a fee or reward which the person knows was not authorized by law.<br><br>As used in this instruction, a "public officer" means a person who is elected to office pursuant to statute to discharge a public duty for the State. The term "public employee" is a person who is authorized to perform an official function on behalf of, and is paid by the State.<br><br>4.    Chapter 720 ILCS § 645/1~~, the legislative misconduct statute, which was effective until December 31, 2012, prohibited a form of bribery. This statute was replaced by Chapter~~ 720 ILCS § 5/33-8, the legislative misconduct statute, ~~which was effective on and after January 1, 2013, and continued to~~ prohibits ~~the same~~ a form of bribery. A ~~[]The person~~ A defendant ~~[]~~ commits either offense when:<br>    a.  The ~~A person~~ defendant is a member of the Illinois General Assembly;<br><br>    b.  The ~~person~~ defendant knowingly accepts or receives, directly or indirectly, any money or valuable thing from a corporation, company, or another person; and<br>    c.  The ~~person~~ defendant accepts such money or valuable thing in exchange for any vote or influence the person might give or withhold on any bill, resolution or appropriation, or for any other official act. |
| McClain Position | **Objects.**<br><br>Mr. McClain object to Government Instruction No. 38 as insufficient because it fails to accurately reflect Illinois law. *See People v. Bergbreiter*, 240 N.E.2d 230 (Ill. App. Ct. 1968) (explaining that the official act must be done corruptly and that campaign contribution contingent on a special vote are illegal); *People v. Clemons*, 187 N.E.2d 260, 261 (Ill. 1962) (stressing that the essence of the crime of bribery includes influencing someone in the performance of his official duty). |

| McClain Alternative | Count One charges a conspiracy to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity including bribery. |
|---|---|
| | 1. Chapter 720 Illinois Compiled Statutes ("ILCS") § 5/33-1(d) prohibits a form of bribery. A person commits this offense when: a. The person receives, retains, or agrees to accept any property or personal advantage from another party; and b. The person knew that the property or personal advantage was tendered or promised with intent to cause the person to corruptly influence the performance of any official act ~~related to the employment or function~~ of a public officer or public employee. |
| | 2. Chapter 720 ILCS § 5/33-1(e) prohibits a form of bribery. A person commits this offense when: a. The person solicits, receives, retains, or agrees to accept property or personal advantage from another; and ~~2. Chapter 720 ILCS § 5/33-1(e) prohibits a form of bribery. A person commits this offense when:~~ ~~a. The person solicits, receives, retains, or agrees to accept property or personal advantage from another; and~~ b. The person does so pursuant to an understanding that he ~~would improperly~~ must corruptly influence or attempt to corruptly influence the performance of an official act or function of a public officer or public employee. |
| | 3. Chapter 720 ILCS § 5/33-3(a)(4), the official misconduct statute, prohibits a form of bribery. A person commits this offense when: a. The person is a public officer or public employee; and ~~3.1. Chapter 720 ILCS § 5/33-3(a)(4), the official misconduct statute, prohibits a form of bribery. A person commits this offense when:~~ ~~a. The person is a public officer or public employee; and~~ |

45

|  | b. When in their official capacity, the person, acting corruptly solicits or knowingly accepts in exchange for the performance of any act, a fee or reward ~~which the person knows was not authorized by law.~~

As used in this instruction, a "public officer" means a person who is elected to office pursuant to statute to discharge a public duty for the State. The term "public employee" is a person who is authorized to perform an official function on behalf of, and is paid by the State.

4. ~~Chapter 720 ILCS § 645/1, the legislative misconduct statute, which was effective until December 31, 2012, prohibited a form of bribery. This statute was replaced by Chapter~~ 720 ILCS § 5/33-8, the legislative misconduct statute, ~~which was effective on and after January 1, 2013, and continued to prohibit the same~~ prohibits a form of bribery. A person commits ~~either~~ this offense when:
    a. A person is a member of the Illinois General Assembly;
    b. The person knowingly accepts or receives, directly or indirectly, any money or valuable thing from a corporation, company, or another person; and
    c. The person accepts such money or valuable thing in exchange for any vote or influence the person might give or withhold on any official act, such as a bill, resolution or appropriation, ~~or for any other official act.~~ |
| Government Response | Most of Madigan's proposed revisions should be rejected, with one exception noted further below. By adding the term "defendant" instead of "person," Madigan incorrectly implies the government must prove each defendant committed each element of a completed offense. This misunderstands the law applicable to RICO conspiracies. *See Salinas v. United States*, 522 U.S. 52, 65-66 (1997) (RICO conspiracy does not require proof substantive offense was committed; "It is elementary that a conspiracy may exist and be punished whether or not the substantive crime ensues, for the conspiracy is a distinct evil, dangerous to the public, and so punishable in itself."); *United States v. Glecier*, 923 F.2d 496, 500 (7th Cir. 1991) ("Neither overt acts . . . nor specific predicate acts that the defendant |

| | agreed personally to commit . . . need be alleged or proved for a section 1962(d) offense."). As the Seventh Circuit reiterated in *United States v. Tello*, 687 F.3d 785, 792–93 (7th Cir. 2012), "[a] section 1962(d) conspiracy charge thus does not require proof that the defendant committed two predicate acts of racketeering . . . that he agreed to commit two predicate acts . . . or, for that matter, that any such acts were ultimately committed by anyone . . . .") (citations omitted). In other words, presuming the government must prove at least two specific predicate acts of racketeering were committed as a prerequisite to conviction for racketeering conspiracy "is the very presumption that the Supreme Court in *Salinas* described as 'wrong.'" *Id.* (citing *Salinas*, 522 U.S. at 63). The offenses are described in the government's proposed instruction so the jury understands the nature of the conspiratorial agreement, not so that they must find the commission of a crime by the defendant. |
| --- | --- |
| | Both defendants improperly removed the earlier version of the legislative misconduct statute, 720 ILC 645/1. |
| | Madigan's addition of the concept of "not authorized by law to accept" with respect to 720 ILCS § 5/33-1(d) is agreeable to the government (without the reference to "defendant"). |
| | The government also objects to McClain's proposed revisions to this instruction. McClain seeks to add a non-existent element to state bribery law based on a word that does not appear in the statute ("corruptly"). There is no corrupt intent requirement under the applicable state statutes, and this is a frivolous request. In addition, McClain's definition of "corruptly" is incorrect, as discussed with regard § 666, below. |

xxiii.   Gov't Instr. No. 39 - State Officials and Employees Ethics Act

| Proposed Instruction | During all times relevant to the charges, there was an Illinois law called the State Officials and Employees Ethics Act. You should consider the State Officials and Employees Ethics Act only for the limited purpose of informing you whether certain conduct was "authorized by law" for purposes of the Illinois official misconduct statute.[1] |
| --- | --- |

[1] The government's proposed instruction includes the pertinent text of the State Officials and Employees Ethics Act. In order to shorten the instruction, the government respectfully

The State Officials and Employees Ethics Act provided that: "Except as otherwise provided in this Article, no officer, member, or State employee shall intentionally solicit or accept any gift from any prohibited source or in violation of any federal or State statute, rule, or regulation." 5 Ill. Comp. Stat. Ann. 430/10-10.

A gift was defined as "any gratuity, discount, entertainment, hospitality, loan, forbearance, or other tangible or intangible item having monetary value including, but not limited to, cash, food and drink, and honoraria for speaking engagements related to or attributable to government employment or the official position of an employee, member, or officer." 5 Ill. Comp. Stat. Ann. 430/1-5.

A prohibited source was defined as any person or entity who:
"(1) is seeking official action (i) by the member or officer or (ii) in the case of an employee, by the employee or by the member, officer, State agency, or other employee directing the employee;
(2) does business or seeks to do business (i) with the member or officer or (ii) in the case of an employee, with the employee or with the member, officer, State agency, or other employee directing the employee;
(3) conducts activities regulated (i) by the member or officer or (ii) in the case of an employee, by the employee or by the member, officer, State agency, or other employee directing the employee;
(4) has interests that may be substantially affected by the performance or non-performance of the official duties of the member, officer, or employee;
(5) is registered or required to be registered with the Secretary of State under the Lobbyist Registration Act,

---

suggests that the Act be admitted as an exhibit. If that occurs, the instruction could simply read:

> You have heard evidence of an Illinois law called the State Officials and Employees Ethics Act. You should consider evidence of the State Officials and Employees Ethics Act only for the limited purpose of informing you whether certain conduct was "authorized by law" for purposes of the Illinois official misconduct statute.

except that an entity not otherwise a prohibited source does not become a prohibited source merely because a registered lobbyist is one of its members or serves on its board of directors; or

(6) is an agent of, a spouse of, or an immediate family member who is living with a 'prohibited source.'"

5 Ill. Comp. Stat. Ann. 430/1-5.

The exceptions to the gift ban were:

"(1) Opportunities, benefits, and services that are available on the same conditions as for the general public.

(2) Anything for which the officer, member, or State employee pays the market value.

(3) Any (i) contribution that is lawfully made under the Election Code or under this Act or (ii) activities associated with a fundraising event in support of a political organization or candidate.

(4) Educational materials and missions. . .

(5) Travel expenses for a meeting to discuss State business. . .

(6) A gift from a relative . . .

(7) Anything provided by an individual on the basis of a personal friendship unless the member, officer, or employee has reason to believe that, under the circumstances, the gift was provided because of the official position or employment of the member, officer, or employee and not because of the personal friendship.

In determining whether a gift is provided on the basis of personal friendship, the member, officer, or employee shall consider the circumstances under which the gift was offered, such as:

(i) the history of the relationship between the individual giving the gift and the recipient of the gift, including any previous exchange of gifts between those individuals;

(ii) whether to the actual knowledge of the member, officer, or employee the individual who gave the gift personally paid for the gift or sought a tax deduction or business reimbursement for the gift; and

(iii) whether to the actual knowledge of the member, officer, or employee the individual who gave the gift also at the same time gave the same or similar gifts to other members, officers, or employees.

| | |
|---|---|
| | (8) Food or refreshments not exceeding $75 per person in value on a single calendar day; provided that the food or refreshments are (i) consumed on the premises from which they were purchased or prepared or (ii) catered. For the purposes of this Section, "catered" means food or refreshments that are purchased ready to eat and delivered by any means. |
| | (9) Food, refreshments, lodging, transportation, and other benefits resulting from the outside business or employment activities (or outside activities that are not connected to the duties of the officer, member, or employee as an office holder or employee) of the officer, member, or employee, or the spouse of the officer, member, or employee, if the benefits have not been offered or enhanced because of the official position or employment of the officer, member, or employee, and are customarily provided to others in similar circumstances. |
| | (10) Intra-governmental and inter-governmental gifts. For the purpose of this Act, "intra-governmental gift" means any gift given to a member, officer, or employee of a State agency from another member, officer, or employee of the same State agency; and "inter-governmental gift" means any gift given to a member, officer, or employee of a State agency, by a member, officer, or employee of another State agency, of a federal agency, or of any governmental entity. |
| | (11) Bequests, inheritances, and other transfers at death. |
| | (12) Any item or items from any one prohibited source during any calendar year having a cumulative total value of less than $100." |
| | 5 Ill. Comp. Stat. Ann. 430/10-15. |
| Legal Authority | 5 Ill. Comp. Stat. Ann. 430/1-5, 430/10-10, 430/10-15. |
| Madigan Position | **Objects. Defense requests to strike.**<br><br>See Defense Proposed Instruction No. 16 and Government Instruction No. 38. |
| Madigan Alternative | [No instruction] |
| McClain Position | **Objects.**<br><br>Mr. McClain proposes language that is a more accurate statement of Illinois law. McClain also opposes the government's proposal that the State Officials and Employees Ethics Act instead be presented as an exhibit. |
| McClain Alternative | During all times relevant to the charges, there was an Illinois law called the State Officials and Employees Ethics |

|  | Act. You should consider the State Officials and Employees Ethics Act only for the limited purpose of informing you whether certain conduct was ~~authorized by law~~ unlawful" for purposes of the ~~Illinois official misconduct statute.~~ definition of "corruptly".<br><br>[McClain agrees with the remaining paragraphs of the Government's Proposed Instruction.]<br><br>5 Ill. Comp. Stat. Ann. 430/~~10-15.1~~ |
|---|---|
| Government Response | Madigan's request to strike should be rejected. One of the predicate bribery acts only applies in instances where a person receives property there were "not authorized by law to accept." This instruction, which references the Illinois Governmental Ethics Act, tells the jury what a public official what tangible benefits a public official was not authorized by law to accept and therefore is necessary. This instruction also helps the jury to understand whether a defendant knew a benefit was wrongful under 18 U.S.C. § 666.<br><br>The government also objects to McClain's proposed revisions to this instruction. McClain seeks impose a "corrupt" intent requirement to the state law bribery predicates, which is improper and not in the statute. |

xxiv. Gov't Instr. No. 40 – Extortion

| Proposed Instruction | Count One charges a conspiracy to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity including extortion, in violation of Title 18, United States Code, Section 1951.<br><br>A person commits the offense of extortion when:<br>1. The person knowingly obtains money or property from a victim;<br>2. The person does so by means of extortion by fear or under color of official right, as those terms are defined in these instructions;<br>3. The victim consents to part with the money or property because of the extortion;<br>4. The person believes that the victim parted with the money or property because of the extortion; and<br>5. The conduct of the person affected interstate commerce. |
|---|---|

| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1951—Elements) (modified) |
|---|---|
| Madigan Position | **Objects.**<br><br>It is not a correct statement of law to say that any person can violate the statute—it must be a member of the conspiracy/enterprise. Additionally, the government's theory of the offense only involves one extortion related to ZOM. The jury should be instructed that it is those facts which may support the underlying extortion for purposes of finding one of the racketeering activities—this is important because the jury must make this finding unanimously. |
| Madigan Alternative | Count One charges a conspiracy to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity including extortion, in violation of Title 18, United States Code, Section 1951.<br><br>The ~~person~~ defendant commits the offense of extortion when:<br>1.     The ~~person~~ defendant knowingly obtains money or property from a victim;<br>2.     The ~~person~~ defendant does so by means of extortion by fear or under color of official right, as those terms are defined in these instructions;<br>3.     The victim consents to part with the money or property because of the extortion;<br>4.     The ~~person~~ defendant believes that the victim parted with the money or property because of the extortion; and<br>5.     The conduct of the ~~person~~ defendant affected interstate commerce. |
| McClain Position | **Objects.**<br><br>Mr. McClain proposes the pattern instruction as modified and objects to Government Instruction No. 40 as in incorrect statement of the law. |
| McClain Alternative | Count One charges a conspiracy to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity including extortion, in violation of Title 18, United States Code, Section 1951.<br><br>The ~~A person~~ defendant commits the offense of extortion when:<br>1.     The ~~person~~ defendant knowingly obtains money or property from a victim; |

| | |
|---|---|
| | 2. The ~~person~~ defendant does so by means of extortion by fear or under color of official right, as those terms are defined in these instructions; <br> 3. The victim consents to part with the money or property because of the extortion; <br> 4. The ~~person~~ defendant believes that the victim parted with the money or property because of the extortion; and <br> 5. The conduct of the ~~person~~ defendant affected interstate commerce. |
| Government Response | Madigan's proposed revisions should be rejected for the reasons provided as to Government Proposed Instruction 38 (improperly conflating RICO conspiracy with commission of substantive offense). <br><br> McClain's proposed revisions should also be rejected for the same reasons. |

xxv.  Gov't Instr. No. 41 – Extortion by Fear

| | |
|---|---|
| Proposed Instruction | Extortion by fear means the wrongful use of threatened fear to obtain or attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The victim's fear must be reasonable under the circumstances, though no showing must be made of intention to cause the harm threatened. |
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1951 Definition of "Extortion") (modified) |
| Madigan Position | **Objects.** <br><br> The defense proposes the pattern instruction. |
| Madigan Alternative | Extortion by fear means the wrongful use of threatened fear to obtain or attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. ~~The victim's fear must be reasonable under the circumstances, though~~ |

| | |
|---|---|
| | ~~no showing must be made of intention to cause the harm threatened.~~ The government must prove that the victim's fear was reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened. |
| McClain Position | **Objects.**<br><br>Mr. McClain proposes the pattern instruction. |
| McClain Alternative | Extortion by fear means the wrongful use of threatened fear to obtain or attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. ~~The victim's fear must be reasonable under the circumstances, though no showing must be made of intention to cause the harm threatened.~~ The government must prove that the victim's fear was reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened. |
| Government Response | Madigan's proposed revisions should be rejected for the reasons provided as to Government Proposed Instruction 38 (improperly conflating RICO conspiracy with commission of substantive offense). Here, Madigan proposes requiring the government to prove the circumstances under which a particular predicate crime was committed, which is not remotely correct as the government is not required to prove that any predicate act was committed.<br><br>McClain's proposed revisions should also be rejected for the same reasons. |

xxvi. Gov't Instr. No. 42- Extortion under "Color of Official Right"

| | |
|---|---|
| Proposed Instruction | Extortion under "color of official right" occurs when a public official attempts to obtain money or property to which he is not entitled, believing that the money or property would be given to him in return for the taking, withholding, or influencing of official action.<br><br>Although the official must attempt to obtain the money or property, the government does not have to prove that the |

| | |
|---|---|
| | public official first suggested giving money or property, or that the official asked for or solicited it.<br><br>While the official must attempt to obtain the money or property in return for the official action, the government does not have to prove that the official actually took, caused, influenced, or intended to take, cause or influence the official action; that the official could have actually taken, caused or influenced the official action in return for which payment would be made; or that the official would not have taken the same action even without payment.<br><br>Even though the opportunity to engage in extortion was presented by law enforcement as part of an investigation, a defendant may still be found guilty of attempted extortion if the defendant knowingly attempted to act in coordination with a public official to carry out the extortion. |
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1951 Definition of "Color of Official Right" and Definition of "Interstate Commerce" (comment concerning undercover cases charged as attempted extortion)) (modified); *United States v. McLeczynsky*, 296 F.3d 634, 636 (7th Cir. 2002) (defendant who acts in coordination with public officer may be convicted of extortion under color of official right); *United States v. Troutman*, 572 F. Supp. 2d 955, 962 (N.D. Ill. 2008) |
| Madigan Position | **Objects.**<br><br>The defense proposes the pattern instruction. |
| Madigan Alternative | Extortion under "color of official right" occurs when a public official attempts to obtain money or property to which he is not entitled, believing that the money or property would be given to him in return for the taking, withholding, or influencing ~~of~~ official action.<br><br>Although the official must attempt to obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.<br><br>While the official must attempt to obtain the money or property in return for the official action, the government does not have to prove that the official actually took, ~~caused, influenced,~~ or intended to take, ~~cause or influence~~ |

| | |
|---|---|
| | the official action; that the official could have actually taken, ~~caused or influenced~~ the official action in return for which payment would be made; or that the official would not have taken the same action even without payment.<br><br>~~Even though the opportunity to engage in extortion was presented by law enforcement as part of an investigation, a defendant may still be found guilty of attempted extortion if the defendant knowingly attempted to act in coordination with a public official to carry out the extortion.~~ |
| McClain Position | **Objects.**<br><br>Mr. McClain proposes the pattern instruction. |
| McClain Alternative | Extortion under "color of official right" occurs when a public official attempts to obtain money or property to which he is not entitled, believing that the money or property would be given to him in return for the taking, withholding, or influencing ~~of~~ official action.<br><br>Although the official must attempt to obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.<br><br>While the official must receive or attempt to obtain the money or property in return for the official action, the government does not have to prove that the official actually took, ~~caused, influenced,~~ or intended to take, ~~cause or influence~~ the official action; that the official could have actually taken, ~~caused or influenced~~ the official action in return for which payment would be made; or that the official would not have taken the same action even without payment.<br><br>~~Even though the opportunity to engage in extortion was presented by law enforcement as part of an investigation, a defendant may still be found guilty of attempted extortion if the defendant knowingly attempted to act in coordination with a public official to carry out the extortion.~~ |
| Government Response | Madigan's proposal to strike the last paragraph should be rejected. This language is derived from the pattern instruction committee comment, which addresses those cases where an opportunity to commit a crime is presented by someone acting undercover, as noted in the legal |

| | authority section above. Under the circumstances of this case, where an undercover cooperator was utilized, this additional explanation—derived from the comments to the pattern instructions themselves—is proper.<br><br>McClain's proposed revisions should also be rejected for the same reasons with one exception: McClain's addition of the word "receive" from the pattern is acceptable to the government. |
|---|---|

xxvii. Gov't Instr. No. 43 - Official Action

| Proposed Instruction | An "official action" is a decision or action on, or an agreement to make a decision or take action on, a specific question or matter, which is pending or at any time may be pending] or may by law be brought before a public official in his official capacity.<br><br>A "question" or "matter" must involve a formal exercise of governmental power and must be something specific and focused.<br><br>A public official makes a decision or takes action on a question or matter when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.<br><br>A public official does not make a decision or take action on a question or matter if he does no more than set up a meeting, host an event, or call another public official. |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 201 Definition of "Official Act) (modified) |
| Madigan Position | **Objects.**<br><br>The defense proposes adding language to ensure the jury understands that an official act must be specific and concrete. *McDonnell v. United States*, 579 U.S. 550 (2016) (holding that, in addition to the statutory language of 18 U.S.C. § 201, constitutional concerns over chilling relationships between public officials and constituents and vagueness require limiting reach of bribery statute to formal exercises of government power); *see also* Seventh |

|  | Circuit Criminal Pattern Instructions at 302 ("Section 666 does not use the term 'official act,' and instead uses 'any business, transaction, or series of transactions of such organization, government, or agency.' . . . But lawyers and judges should consider the potential impact of McDonnell on § 666 cases."). |
|---|---|
| Madigan Alternative | An "official action" is a decision or action on, or an agreement to make a decision or take action on, a specific question or matter, which is pending or at any time may be pending or may by law be brought before a public official in his official capacity.<br><br>A "question" or "matter" must involve a formal exercise of governmental power and must be something specific and focused, rather than a broad policy objective.<br><br>A public official makes a decision or takes action on a question or matter when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.<br><br>A public official does not make a decision or take action on a question or matter if he does no more than set up a meeting, host an event, or call another public official. |
| McClain Position | Mr. McClain proposes the pattern instruction as modified. He also proposes adding language to ensure that the jury understands that an official act must be specific and concrete. *See McDonnell v. United States*, 579 U.S. 550 (2016). |
| McClain Alternative | Count One—Official ~~Action~~Act<br><br>An "official ~~action~~act" is a decision or action on, or an agreement to make a decision or take action on, a specific question or matter, which is pending or at any time may be pending] or may by law be brought before a public official in his official capacity.<br><br>A "question" or "matter" must involve a formal exercise of governmental power and must be something specific and focused, rather than a broad policy objective.<br><br>~~A public official makes a decision or takes action on a question or matter when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the~~ |

58

| | |
|---|---|
| | ~~advice will form the basis for an official act by another official.~~

~~A public official does not make a decision or take action on a question or matter if he does no more than set up a meeting, host an event, or call another public official.~~

In this case, the questions or matters are issue in Count One are: [the government must describe in specific and focused terms.]

A public official makes a decision or takes action on a question or matter when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.

A public official does not make a decision or take action on a question or matter if he does no more than set up a meeting, host an event, or call another public official. |
| Government Response | Madigan's proposed revision should be rejected. The proposed pattern instruction fully advises the jury of what an official act is. There is no need to gild the lily further.

McClain's proposed revision should also be rejected for the same reasons. Insofar as McClain suggests that the government must identify a specific official act that was affected, this is incorrect as noted earlier with respect to Government Proposed Instruction 38 because the government is not required to prove the commission of an actual act.

In addition, the government objects to the defendant's proposed addition of "broad policy objectives," which is not included in the Pattern instruction. In regards to the extortion predicate for Count One, broad policy objectives are not part of the charged offense. Defendant's addition is unnecessary, and is likely to confuse the jury. |

xxviii. Gov't Instr. No. 44 – Property

| | |
|---|---|
| Proposed Instruction | "Property" includes money, legal fees, and contractual rights. |

| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1951 Definition of "Property") (modified) |
|---|---|
| Madigan Position | **Objects.**<br><br>The government added, "contractual rights" which is not necessarily included in a definition of property and is confusing. |
| Madigan Alternative | "Property" includes money and, legal fees, and contractual rights. |
| McClain Position | **Objects.** |
| McClain Alternative | Same as Madigan. |
| Government Response | The government agrees to the proposed revision. |

xxix.   Gov't Instr. No. 45 - Effect on Interstate Commerce

| Proposed Instruction | For purposes of the extortion statute and the instruction that appears on page **, an effect on interstate commerce occurs when interstate commerce is affected in any way or degree, however minimal. This would include reducing the assets of a person who or business that customarily purchased goods from out of state or actually engaged in business out of state, and if those assets would have been available to the person or business for the purchase of such goods or the conducting of such business if not for extortionate conduct. A person committing extortion does not need to know or intend for his actions to affect interstate commerce, and a person attempting to commit extortion need not cause an actual effect on interstate commerce. |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1951 Definition of "Interstate Commerce") (modified) |
| Madigan Position | **Objects.**<br><br>The defense proposes the pattern instruction. |
| Madigan Alternative | For purposes of the extortion statute and the instruction that appears on page **, an effect on interstate commerce occurs when interstate commerce is affected in any way or degree, however minimal. The government must prove that the defendant's actions affected or had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing |

|  | the assets of a person who or business that customarily purchased goods from out of state or actually engaged in business out of state, and if those assets would have been available to the person or business for the purchase of such goods or the conducting of such business if not for defendant's ~~extortionate~~ conduct. ~~A person committing extortion does not need to know or intend for~~ It is not necessary for you to find that the defendant knew or intended that his actions to affect interstate commerce or that there have been an actual effect on interstate commerce, and a person attempting to commit extortion need not cause an actual effect on interstate commerce. |
|---|---|
| McClain Position | **Objects.**<br><br>Mr. McClain proposes the pattern instruction. |
| McClain Alternative | Same as Madigan. |
| Government Response | Defendants' proposed revisions should be rejected for the reasons provided as to Government Proposed Instruction 38 (improperly conflating RICO conspiracy with commission of substantive offense). Here, defendants propose requiring the government to prove the circumstances under which a particular predicate crime was committed, which is not correct, as the government is not required to prove that any predicate act was committed. |

xxx.    Gov't Instr. No. 46

| Proposed Instruction | Count One charges a conspiracy to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity including the use of any facility in interstate commerce in aid of racketeering activity, in violation of Title 18, United States Code, Section 1952. A person commits this offense when:<br><br>1. The person travels or causes another to travel in interstate or foreign commerce, or uses or causes to be used a facility in interstate or foreign commerce, including the mail;<br>2. The person does so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity;<br>3. Thereafter the person promotes, manages, establishes, or carries on an unlawful activity, or attempts to do so; or |
|---|---|

| | |
|---|---|
| | facilitates the promotion, management, establishment, or carrying on of an unlawful activity, or attempts to do so. |
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1952 Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises—Elements) (modified) |
| Madigan Position | **Agreed.** |
| McClain Position | **Objects.**<br><br>Mr. McClain proposes language that tracks the allegations in the indictment. |
| McClain Alternative | Count One charges a conspiracy to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity including the use of any facility in interstate commerce in aid of racketeering activity, in violation of Title 18, United States Code, Section 1952. A person commits this offense when:<br><br>1. The person ~~travels or causes another to travel in interstate or foreign commerce, or uses or~~ causes to be used a facility in interstate ~~or foreign~~ commerce, including the mail;<br>2. The person does so with the intent to promote, manage, establish, or carry on an unlawful activity, ~~or~~ and to facilitate the promotion, management, establishment or carrying on of an unlawful activity;<br>3. Thereafter the person promotes, manages, establishes, or carries on an unlawful activity, or attempts to do so; ~~or~~ and facilitates the promotion, management, establishment, or carrying on of an unlawful activity, or attempts to do so. |
| Government Response | McClain's proposed revision should be rejected. As there is no requirement as to a RICO conspiracy to allege the commission of an actual offense, there is no ground to strike the language from the instruction on the ground it is not alleged in the indictment. |

xxxi.  Gov't Instr. No. 47

| | |
|---|---|
| Proposed Instruction | For purposes of the interstate facilities statute and the instruction that appears on page **, the term "interstate commerce" means travel between one state and another state or use of an interstate facility, including the mail, as well as a telephone, or an email account and their associated communications networks. |

| | |
|---|---|
| | The interstate travel or use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The interstate travel or use of an interstate facility, however, need not be essential to the success of such illegal activity.<br><br>The defendant need not have contemplated or knowingly caused the interstate travel or use of an interstate facility. |
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1952 Definition of Interstate Commerce) (modified) |
| Madigan Position | **Objects.**<br><br>The defense requests the added relined language as a more accurate statement of the law. The Unlawful Activity instruction should immediately follow the Travel Act instruction. |
| Madigan Alternative | For purposes of the interstate facilities statute and the instruction that appears on page **, the term "interstate commerce" means travel between one state and another state or use of an interstate facility, including the mail, as well as a telephone when the call traveled between one state and another state, or an email account and their associated communications networks when the email traveled between one state and another state.<br><br>The interstate travel or use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The interstate travel or use of an interstate facility, however, need not be essential to the success of such illegal activity.<br><br>The defendant need not have contemplated or knowingly caused the interstate travel or use of an interstate facility. |
| McClain Position | **Objects.**<br><br>Mr. McClain proposes language that is a more accurate statement of the law and tracks the allegations in the indictment |
| McClain Alternative | For purposes of the interstate facilities statute and the instruction that appears on page **, the term "interstate commerce" means ~~travel between one state and another~~ |

|  | ~~state~~ or use of an interstate facility, including the mail, as well as a telephone when the call travels between one state and another state, or an email account and their associated communications networks when the email travels between one state and another state.

The interstate travel or use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The interstate travel or use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the interstate travel or use of an interstate facility. |
|---|---|
| Government Response | Because of the objections raised, the government will submit a revised proposed instruction as to this charge.

Nevertheless, defendants' proposed revision should be rejected. Section 1952 requires the government to prove the use of an interstate facility; it does not require the government to prove that a call or email traveled between one State and another State. *See United States v. Nader*, 542 F.3d 713, 719-20 (9th Cir. 2008) (collecting cases); *United States v. Richeson*, 338 F.3d 653, 660 (7th Cir. 2003) (interpreting same phrase in companion murder for hire statute); *United States v. Halloran*, 821 F.3d 321 (2d Cir. 2016) ("[p]urely intrastate use of an interstate facility is sufficient to violate the Travel Act"); *United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *25-27 (N.D. Ill. June 6, 2022) (noting that "It is clear from the plain language of 18 U.S.C. § 1952(a) that the use of a facility of interstate commerce is enough to fulfill the jurisdictional element of the statute," and that Congress grounded its jurisdiction on the nature of the instrumentality, not proof of interstate movement).

McClain's proposed revision should be rejected for the same reasons and for the reasons provided as to Government's Proposed Instruction 46. |

xxxii. Gov't Instr. No. 48

| | |
|---|---|
| Proposed Instruction | For purposes of Count One, "unlawful activity" means bribery, official misconduct, or legislative misconduct in violation of the laws of the State of Illinois and extortion in violation of the laws of the United States.<br><br>I have provided you with instructions concerning the relevant statutes earlier. |
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1952 Definition of Unlawful Activity) (modified) |
| Madigan Position | **Objection.**<br><br>The defense's proposal mirrors the unlawful activity instruction the government proposed for the substantive Travel Act counts, and provides the jury necessary references to the relevant statutes and pages. The additional language provides the jury with clarity and specificity regarding what it must find. This instruction should immediately follow the Travel Act instruction. |
| Madigan Alternative | Count One – Definition of "Unlawful Activity"<br><br>With respect to Count One, four unlawful activities are alleged as the basis for purposes of determining whether the defendant violated Title 18, United States Code, Section 1952, namely, bribery in violation of Chapter 720 ILCS §§ 5/33-1(d) and (e) (see pages ==XX==), official misconduct in violation of 720 ILCS 33-3(a)(4), legislative misconduct in violation of Chapter 720 ILCS § 5/33-8 (see pages ==XX==), and extortion in the violation of 18 USC § 1951 (see pages ==XX==).<br><br>The government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that a member of the enterprise agreed to commit two unlawful activities. However, you must unanimously agree on that unlawful activity. |
| McClain Position | **Objects.**<br><br>Mr. McClain proposes the same language as in the Travel Act counts. |
| McClain Alternative | Count One– Definition of "Unlawful Activity"<br><br>With respect to Count One, four unlawful activities are alleged as the basis for purposes of ~~Count One, "unlawful~~ |

| | |
|---|---|
| | ~~activity" means~~ determining whether the defendant violated Title 18, United States Code, Section 1952, namely, bribery, in violation of Chapter 720 ILCS §§ 5/33-1(d) and (e) (pages **), official misconduct, ~~or~~ in violation of 720 ILCS 33-3(a)(4) (page **, legislative misconduct in violation of ~~the laws of the State of Illinois~~ Chapter 720 ILCS § 5/33-8 (pages **), and extortion in the violation of ~~the laws of the United States.~~ 18 U.S.C. § 1951 (pages **). <br><br> ~~I have provided you with instructions concerning the relevant statutes earlier.~~ |
| Government Response | Madigan's proposed revisions should be rejected for the reasons provided as to Government's Proposed Instruction 38 (improperly conflating RICO conspiracy with commission of substantive offense). Here, Madigan proposes a revised instruction suggesting the government must prove a defendant violated § 1952 to make out a RICO conspiracy violation, which is incorrect. Moreover, the instruction is doubly wrong because it incorrectly claims the government must prove that a member of the enterprise agreed to commit two unlawful activities. This is an incorrect statement of racketeering conspiracy law as described above, not to mention an incorrect statement of law with respect to the Travel Act, which requires promotion or facilitation of unlawful activity, not an agreement to engage in the underlying unlawful activity. "Section '1952 refers to state law only to identify the defendant's unlawful activity[;] the federal crime to be provided in § 1952 is use of the interstate facilities in furtherance of the unlawful activity, not the violation of the law; therefore § 1952 does not require that the state crime ever be completed.' " *United States v. Baker*, 227 F.3d 955, 961 (7th Cir. 2000) (quoting *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991)). *Accord United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *64 (N.D. Ill. June 6, 2022). <br><br> McClain's proposed revision should be rejected for the same reasons. |

xxxiii. Gov't Instr. No. 49 - Counts Two and Twenty-Three—Elements

| | |
|---|---|
| Proposed Instruction | Count Two of the indictment charges defendant Michael Madigan with conspiracy to commit an offense against the |

United States, and Count Twenty-Three charges defendant Michael Madigan and Michael McClain with conspiracy to commit an offense against the United States. In order for you to find a defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1. The conspiracy as charged in the count you are considering existed;
2. The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy; and
3. One of the conspirators committed an overt act in an effort to advance a goal of the conspiracy on or after March 2, 2017.

An overt act is any act done to carry out the goals of the conspiracy. An overt act may itself be a lawful act. The government is not required to prove all of the overt acts charged in the count you are considering.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

| | |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instruction 5.08(a) Conspiracy—Overt Act Required (modified) <br> Seventh Circuit Pattern Instruction 5.10, Conspiracy—Membership in Conspiracy (modified) <br> *United States v. Polchan*, 08 CR 115, Dkt. 518 (Guzman, J.) <br> *United States v. McClain*, 20 CR 812 (Leinenweber, J.) |
| Madigan Position | **Objects.** <br><br> The reference to the facts of each count help orient the jury. |
| Madigan Alternative | Count Two of the indictment charges defendant Michael Madigan with conspiracy to commit an offense against the United States, related to ComEd. , and Count Twenty-Three charges defendant Michael Madigan and Michael McClain with conspiracy to commit an offense against the United States, related to AT&T. In order for you to find a |

|  | defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:<br><br>1.    The conspiracy as charged in the count you are considering existed;<br>2.    The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy; and<br>3.    One of the conspirators committed an overt act in an effort to advance a goal of the conspiracy on or after March 2, 2017.<br><br>An overt act is any act done to carry out the goals of the conspiracy.  An overt act may itself be a lawful act.  The government is not required to prove all of the overt acts charged in the count you are considering.<br><br>If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.<br><br>If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty. |
|---|---|
| McClain Position | **Objects.**<br><br>Mr. McClain objects to the grouping of counts together because he is not named in most of the counts of the indictment.  This grouping is confusing and prejudicial, as it deprives Mr. McClain of separate and individualized consideration of the charges against him. It encourages the jury to convict him based in part on the separate counts and evidence against Mr. Madigan.<br><br>*United States v. Burke,* 19 CR 322 (Kendall, J.) |
| McClain Alternative | ~~Counts Two and~~ Count Twenty-Three—Elements<br><br>~~Count Two of the indictment charges defendant Michael Madigan with conspiracy to commit an offense against the United States, and~~ Count Twenty-Three charges defendant Michael Madigan and Michael McClain with conspiracy to commit an offense against the United States.  In order for |

| | |
|---|---|
| | you to find a defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:<br><br>1.    The conspiracy as charged in ~~the count you are considering~~ Count Twenty-Three existed;<br>2.    The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy; and<br>3.    One of the conspirators committed an overt act in an effort to advance a goal of the conspiracy on or after March 2, 2017.<br>An overt act is any act done to carry out the goals of the conspiracy. An overt act may itself be a lawful act. The government is not required to prove all of the overt acts charged in Count Twenty-Three.<br><br>If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.<br><br>If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty. |
| Government Response | The government agrees to Madigan's proposed revision. The government does not agree with McClain's suggestion that the jury be instructed separately as to Count 2 and Count 23, as the elements are substantially the same for both counts and the jury will be instructed to consider each count and each defendant separately.<br><br>However, the government will correct the third element, as to Count 23, to state that an overt act had to be taken after October 12, 2017. |

xxxiv. Gov't Instr. No. 50 - Counts Two and Twenty-Three—Definition of Conspiracy and Membership in Conspiracy

| | |
|---|---|
| Proposed Instruction | The previous instructions I provided you concerning the definition of a conspiracy and membership in conspiracy, which appear on pages **\*\*** through **\*\*** apply to your consideration of the conspiracies charged in Counts Two and Twenty-Three. |

|  | With respect to Count Two, a conspiracy must include at least two members, neither of whom is a government agent. Fidel Marquez cannot be considered a member of the conspiracy on or after January 16, 2019, the date he began cooperating with law enforcement. |
|---|---|
| Legal Authority |  |
| Madigan Position | **Agreed. (with correction)** |
| Madigan Alternative | The previous instructions I provided you concerning the definition of a conspiracy and membership in conspiracy, which appear on pages ** through ** apply to your consideration of the conspiracies charged in Counts Two and Twenty-Three.<br><br>With respect to Count Two, a conspiracy must include at least two members, neither of whom is a government agent. Fidel Marquez cannot be considered a member of a ~~the~~ conspiracy on or after January 16, 2019, the date he began cooperating with law enforcement. |
| McClain Position | **Objects.**<br><br>Mr. McClain objects to the reference of the conspiracy alleged in Count Two. |
| McClain Alternative | The previous instructions I provided you concerning the definition of a conspiracy and membership in conspiracy, which appear on pages ** through ** apply to your consideration of the conspiracy charged in Count Twenty-Three.<br><br>[delete remainder] |
| Government Response | The government agrees to Madigan's proposed revision. The government does not agree with McClain's suggestion that the jury be instructed twice as to Count 2 and Count 23, as the elements are substantially the same for both counts and the jury will be instructed to consider each count and each defendant separately. |

xxxv. Gov't Instr. No. 51 - Count Two – Objects of Conspiracy

| Proposed Instruction | Count Two charges a conspiracy to commit several different offenses. |
|---|---|

First, Count Two charges a conspiracy to commit the offense of corruptly soliciting a bribe. The offense of corruptly soliciting a bribe is committed when:

1. A person is an agent of a State government;
2. That person solicits, demands, accepts or agrees to accept something of value from another person;
3. That person does so corruptly with the intent to be influenced or rewarded in connection with some business, transaction or series of transactions of the government;
4. This business, transaction, or series of transactions involves a thing of value of $5,000 or more; and
5. The government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract, subsidy, loan, guarantee, or other assistance.

For purposes of this offense, an agent acts corruptly when that person solicits, demands, accepts, or agrees to accept something of value, knowing that the thing of value would be given in exchange for the performance of any official act, understanding that doing so is wrongful or unlawful.

Second, Count Two charges a conspiracy to commit the offense of corruptly giving and offering a bribe. The offense of corruptly giving and offering to give a bribe is committed when:

1. A person gives, offers or agrees to give something of value to another person;
2. That person does so corruptly with the intent to influence or reward an agent of State government in exchange for an official act related to some business, transaction, or series of transactions of the government;
3. This business, transaction, or series of transactions involved a thing of value of $5,000 or more; and
4. The State government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, or other assistance.

For purposes of this offense, a person acts corruptly when that person gives, offers, or agrees to give something of value to an agent of State government for the purpose of

| | |
|---|---|
| | influencing the agent in the performance of an official act, understanding that doing so is wrongful or unlawful.<br><br>Third, Count Two charges a conspiracy to commit the offense of falsifying books, records, or accounts of ComEd and Exelon. This offense is committed when:<br>1. A company is an issuer;<br>2. A person falsifies, or causes the falsification of, the books, records, or accounts of the company;<br>3. The books, records, or accounts of the company were of the type that were required to accurately and fairly reflect in reasonable detail the transactions and dispositions of the assets of ComEd or Exelon; and<br>4. The person acts knowingly and willfully.<br><br>Fourth, Count Two charges a conspiracy to commit the offense of circumventing a system of internal accounting controls. This offense is committed when:<br>1. A company is an issuer;<br>2. A person circumvents a system of internal accounting controls; and<br>3. The person acts knowingly and willfully. |
| Legal Authority | *United States v. McClain*, 20 CR 812 (Leinenweber, J.)<br>*United States v. Mitziga*, 23 CR 242 (Kennelly, J.) (definition of corruptly as to object 2) |
| Madigan Position | **Objects.**<br><br>Madigan proposes separating out the objects and associated definitions into separate instructions.<br><br>There is not a pattern instruction post-*Snyder v. United States*, 144 S. Ct. 1947. Snyder made clear that the exchange between the things of value and the official act is required for a violation of §666(a)(1)(b) and (a)(2).<br><br>Additionally, Defendant proposes that the definition of "corruptly" be included as a separate instruction rather than imbedded in the elements instruction due to the importance of the corruptly mens rea, as discussed further on Defense Proposed Instruction No. 19. The additional language in the third element was given in *United States v. Mitziga*, 23 CR 242 (Kennelly, J.). |

|  |  |
|---|---|
|  | The government's proposed instruction on 15 U.S.C. § 78m(b)(5) is both incomplete and misleading. The Government's proposed instruction regarding circumventing internal accounting controls fails to give sufficient information from which a jury could determine guilt or innocence. It fails to define key terms like "internal accounting controls" or "reasonable assurances." The defense's proposed instruction, which is similar to that recently given by a district court in this Circuit, provides the necessary detail for the jury to understand what the government must prove to sustain a conviction under 15 U.S.C. § 78m(b)(5) by adding the necessary elements and definitions into the instruction. See United States v. Armbruster, No. 18-CR-130 (E.D. Wis. July 30, 2021), Dkt. 309, at 24–25. |
| Madigan Alternative | Count Two charges a conspiracy to commit ~~several different offenses~~ bribery and falsifying books and records.<br><br>First, Count Two charges a conspiracy to commit the offense of corruptly soliciting a bribe. The offense of corruptly soliciting a bribe is committed when:<br>1.  ~~A person~~ The defendant is an agent of a State government;<br>2.  ~~That person~~ The defendant solicits, demands, accepts or agrees to accept something of value from another person;<br>~~2.~~3.  The defendant did so corruptly, as defined in these instructions;<br>3.4.  The defendant ~~That person does so corruptly with the~~ intended~~t~~ to be influenced or rewarded in exchange for an official act on ~~connection~~ with some business, transaction or series of transactions of the government;<br>~~4.~~5.  This business, transaction, or series of transactions involves a thing of value of $5,000 or more; and<br>~~5.~~6.  The government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract, subsidy, loan, guarantee, or other assistance.<br><br>~~For purposes of this offense, an agent acts corruptly when that person solicits, demands, accepts, or agrees to accept something of value, knowing that the thing of value would be given in exchange for the performance of any official act, understanding that doing so is wrongful or unlawful.~~ |

Second, Count Two charges a conspiracy to commit the offense of corruptly giving and offering a bribe. The offense of corruptly giving and offering to give a bribe is committed when:

1.      ~~A person~~ The defendant gives, offers or agrees to give something of value to another person;

2.      ~~That person~~ The defendant does so corruptly, as defined in these instructions;

3.      The defendant with the inten~~ds~~t to influence or reward an agent of State government in exchange for an official act on ~~in connection with~~ some business, transaction, or series of transactions of the government;

4.      This business, transaction, or series of transactions involved a thing of value of $5,000 or more; and

5.      The State government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, or other assistance.

~~For purposes of this offense, a person acts corruptly when that person gives, offers, or agrees to give something of value to an agent of State government for the purpose of influencing the agent in the performance of an official act, understanding that doing so is wrongful or unlawful.~~

… [Madigan proposes the instruction end here, with additional instructions in between Objects 1 and 2 (§ 666) and Objects 3 and 4 (FCPA).]

Third, Count Two charges a conspiracy to commit the offense of falsifying certain books, records, or accounts of ComEd and Exelon in violation of Sections 78(h)(5) and 78ff of Title 15 of the United States Code. The ~~is~~ offense of falsifying books, records, or accounts is committed when:

1.      ~~A company is an issuer;~~ At the time of the alleged offense, ComEd and Exelon were required to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of ComEd and Exelon;

2.      ~~A person falsifies, or causes the falsification of, the books, records, or accounts of the company~~ The defendant falsified or caused someone else to falsify any such book,

record, or account of ComEd or Exelon in the manner specified in the particular count;

3.      The books, records, or accounts of ~~the company~~ ComEd and Exelon were of the type that were required to accurately and fairly reflect in reasonable detail the transactions and dispositions of the assets of ComEd or Exelon. Such records include, for example, general ledgers, journal entries, income statements, financial certifications, or account records; and

4.      The person ~~acts~~ acted knowingly and willfully, as defined in these instructions.

To prove that a person acted knowingly, the government must prove beyond a reasonable doubt that the person was aware of the falsification and did not falsify through ignorance, mistake, or accident. In deciding whether a person acted knowingly, you may consider all of the evidence, including what each defendant did or said.

A person acts "willfully" if he or she acts knowingly and with the intent to do something he or she knows is against the law. The government is not required to prove that the person knew that his or her actions violated any particular law.

Fourth, Count Two charges a conspiracy to commit the offense of circumventing ~~a~~ ComEd's or Exelon's system of internal accounting controls. ~~This~~ The offense of circumventing a system of internal accounting controls is committed when:

1.      ~~A company is an issuer~~; ComEd or Exelon maintained a system of internal accounting controls to provide reasonable assurances that:

a.      Transactions are executed in accordance with management's general or specific authorization;

b.      Transactions were recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements and to maintain accountability for assets; and

c.      Access to assets is permitted only in accordance with management's general or specific authorization.

| | |
|---|---|
| | 1.2.    The defendant circumvented A person circumvents a system of internal accounting controls; and<br>3.    The defendant acted The person acts knowingly and willfully, as defined in these instructions.<br><br>"Reasonable assurances" means a degree of assurance that would satisfy prudent officials in the conduct of their own affairs.<br><br>To "circumvent" means to avoid a restrictive problem, rule, or other restriction, especially by clever and sometimes dishonest means. |
| McClain Position | **Objects.** |
| McClain Alternative | [No instruction] |
| Government Response | First, the government disagrees with Madigan's separation of the four objects of the conspiracy into separate instructions, as this will confuse the jury.<br><br>Second, Madigan's proposed introductory sentence does not mention circumvention of internal controls, which is an object of the conspiracy and also does not correctly delineate that there are two bribery objects and two FCPA objects.<br><br>Third, the government objects to defendant's replacement of the word "person" with "defendant," because each defendant does not need to commit each element of the offenses for a conspiracy charge, as discussed above. *See Ocasio v. United States*, 578 U.S. 282, 136 S. Ct. 1423, 1430 (2016) ("Not only is it unnecessary for each member of a conspiracy to agree to commit each element of the substantive offense, but also a conspirator may be convicted 'even though he was incapable of committing the substantive offense' himself." (citation omitted)); *United States v. Rose*, 590 F.2d 232, 235 (7th Cir. 1978) ("Whether the substantive crime itself is, or is likely to be, committed is irrelevant [for a § 371 conspiracy]."). Moreover, the government is not required to prove that the defendants intended to themselves commit each element, but rather that each defendant "intended that *some* conspirator commit each element of the substantive offense." *United States v. Kelerchian*, 937 F.3d 895, 914-15 (7th Cir. 2019) |

(emphasis added).

With regard to bribery solicitation and offer, the government proposes embedding the definition of "corruptly" in the body of the text, to be more consistent with the manner in which the pattern instructions are presented. Contrary to defendant's argument, the government's definition of "corruptly" incorporates the concept of an exchange of something of value for an official act.

Madigan's proposal that defendant had to act with the intent that an agent "to be influenced or rewarded in exchange for an official act on some business, transaction or series of transactions of the government" is not consistent *Snyder*. *Snyder* makes clear that it is no defense that an official would have taken the same act, irrespective of the bribe. *See Snyder*, 144 S. Ct. at 1959 (Section 666 covers instances where a public official "took a bribe before the official act but asserts as a defense that he would have taken the same act anyway and therefore was not 'influenced' by the payment"). Instead, what matters for the public official is that he solicit or accept a thing of value, knowing it is given in exchange for the performance of official act. It is no defense that the official would have taken the same action irrespective of the payment.

Regarding the FCPA objects of the Count 2 conspiracy, the government opposes adding statutory citations. It is unnecessary and atypical to repeatedly list out the statute, and there is no reason to do so here.

In addition, defendants' additions are confusing and overly detailed. The government proposed the instructions given in the ComEd 4 case as to the FCPA. The overview of the objects need not include all the detail defendants have provided.

Defendants propose an artificially narrow definition of the "records" under the FCPA, inconsistent with the instruction given in the ComEd 4, which did not include any definition of "records." The FCPA broadly defines "records" to mean "accounts, correspondence, memorandums, tapes, discs, papers, books, and other documents or transcribed

| | information of any type, whether expressed in ordinary or machine language." 15 U.S.C. § 78c(a)(37). The text could not be clearer. Courts broadly construe the "records" under the FCPA. *E.g., United States v. Lockheed Corp.*, No. CR.A. 194CR226MHS, 1995 WL 17064259, at *6 (N.D. Ga. Jan. 9, 1995); *S.E.C. v. Retail Pro, Inc.*, 673 F. Supp. 2d 1108, 1142 (S.D. Cal. 2009). In this case, the books and records that are alleged to have been falsified include accounting records, but also financial records submitted to Exelon's accounting department and incorporated into the company's financials, such as contracts and invoices.<br><br>The addition of "caused someone else to falsify" does not account for all means by which corporate records may be falsified.<br><br>The "particular count" language also ignores that Count 2 is a conspiracy count, not a substantive offense.<br><br>Similarly, defendant's proposed "knowingly" instruction for the FCPA conspiracy objects wrongly suggests that the government must prove "beyond a reasonable doubt that the person was aware of the falsification and did not falsify through ignorance, mistake, or accident. . ." This ignores the fact that the FCPA violation is an object of the conspiracy and not a substantive offense. In addition, the pattern instruction for "knowingly," which the government proposed, is appropriate.<br><br>Defendant's proposed instruction as to the circumvention is overly complicated and confusing, for the reasons described above. In addition, the instruction ignores the fact that FCPA is an object of a conspiracy, not a substantive charge. The Court should follow the general structure used by Judge Leinenweber in the ComEd 4 trial. |

xxxvi. Gov't Instr. No. 53 - Count Two – Duties of Issuers

| Proposed Instruction | Each issuer is required to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflected the transactions and dispositions of the assets of the issuer. Such records include, for example, general ledgers, journal entries, income statements, |

|  | financial certifications, and other records relating to transactions and dispositions entered into by the company, such as contracts, memoranda, invoices, as well as payment and account records.

In addition, each issuer is required to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(1) transactions were executed in accordance with management's general or specific authorization;
(2) transactions were recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (II) to maintain accountability for assets; and
(3) access to assets was permitted only in accordance with management's general or specific authorization. |
|---|---|
| Legal Authority | 15 U.S.C. § 78dd-1(a)
15 U.S.C. § 78m(b)(2)
15 U.S.C. § 78c(a)(37)
*United States v. Lockheed Corp.,* No. CR.A. 194CR226MHS, 1995 WL 17064259, at *6 (N.D. Ga. Jan. 9, 1995)
*S.E.C. v. Retail Pro, Inc.*, 673 F. Supp. 2d 1108, 1142 (S.D. Cal. 2009)
*United States v. McClain*, 20 CR 812 (Leinenweber, J.) |
| Madigan Position | **Objects.**

The defense proposes removing the language from this definition that was not given in the same instruction in *United States v. McClain*. The government's proposed instruction attempts to improperly insert the elements from a substantive 15 U.S.C. § 78m(b)(5) charge into this definition. |
| Madigan Alternative | Each issuer is required to ~~make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflected the transactions and dispositions of the assets of the issuer. Such records include, for example, general ledgers, journal entries, income statements, financial certifications, and other records relating to transactions and dispositions entered into by the company, such as contracts, memoranda, invoices, as well as payment and account records.~~ |

| | |
|---|---|
| | ~~In addition, each issuer is required to~~ devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:<br><br>(1) transactions were executed in accordance with management's general or specific authorization;<br><br>(2) transactions were recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (II) to maintain accountability for assets; and<br><br>(3) access to assets was permitted only in accordance with management's general or specific authorization. |
| McClain Position | [Not applicable; McClain not charged in Count Two] |
| Government Response | If the Court intends to give an instruction as to what constitutes "books, records, and accounts," the government's proposal is more accurate. As discussed above, the FCPA broadly defines "records" to mean "accounts, correspondence, memorandums, tapes, discs, papers, books, and other documents or transcribed information of any type, whether expressed in ordinary or machine language." 15 U.S.C. § 78c(a)(37). *See also United States v. Lockheed Corp.*, No. CR.A. 194CR226MHS, 1995 WL 17064259, at *6 (N.D. Ga. Jan. 9, 1995); *S.E.C. v. Retail Pro, Inc.*, 673 F. Supp. 2d 1108, 1142 (S.D. Cal. 2009). |

xxxvii.     Gov't Instr. No. 54 - Count Two—Definition of Willfully

| | |
|---|---|
| Proposed Instruction | A person acts knowingly and with the intent to do something he or she knows is against the law. The government is not required to prove that the person knew that their actions violated any particular law. |
| Legal Authority | *United States v. McClain*, 20 CR 812 (Leinenweber, J) |
| Madigan Position | ***Agreed.* (with correction to language in redline, below)** |
| Madigan Alternative | A person acts willfully if he or she acts knowingly and with the intent to do something he or she knows is against the law. The government is not required to prove that the person knew that their actions violated any particular law. |
| McClain Position | [Not applicable; McClain not charged in Count Two] |
| Government Response | The government agrees to Madigan's correction. This was a typographical error. |

xxxviii.  Gov't Instr. No. 55 - Count Twenty-Three – Objects of Conspiracy

| Proposed Instruction | Count Twenty-Three charges a conspiracy to commit several different offenses. |
|---|---|
| | First, Count Twenty-Three charges a conspiracy to commit the offense of corruptly soliciting a bribe. The offense of corruptly soliciting a bribe is committed when:<br>1. A person is an agent of a State government;<br>2. That person solicits, demands, accepts or agrees to accept something of value from another person;<br>3. That person does so corruptly with the intent to be influenced or rewarded in connection with some business, transaction or series of transactions of the government;<br>4. This business, transaction, or series of transactions involves a thing of value of $5,000 or more; and<br>5. The government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract, subsidy, loan, guarantee, or other assistance.<br><br>For purposes of this offense, an agent acts corruptly when that person solicits, demands, accepts, or agrees to accept something of value, knowing that the thing of value would be given in exchange for the performance of any official act, understanding that doing so is wrongful or unlawful.<br><br>Second, Count Twenty-Three charges a conspiracy to commit the offense of corruptly giving and offering a bribe. The offense of corruptly giving and offering a bribe is committed when:<br>1. A person gives, offers or agrees to give things of value to another person;<br>2. That person does so corruptly with the intent to influence or reward an agent of State government in exchange for an official act related to some business, transaction, or series of transactions of the government;<br>3. This business, transaction, or series of transactions involved a thing of value of $5,000 or more; and<br>4. The State government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, or other assistance. |

|  | For purposes of this offense, a person acts corruptly when that person gives, offers, or agrees to give something of value to an agent of State government for the purpose of influencing the agent in the performance of an official act, understanding that doing so is wrongful or unlawful. |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instructions 18 U.S.C. § 666(a)(1)(B) Accepting a Bribe—Elements, and § 666(a)(2) Paying a Bribe—Elements<br>*United States v. Mitziga*, 23 CR 242 (Kennelly, J.) (definition of corruptly as to object 2) |
| Madigan Position | **Objects.**<br><br>For consistency and to simplify the instructions, the defense proposes referring back to the initial reference to each definition and elements instruction throughout the instructions. |
| Madigan Alternative | Count Twenty-Three charges a conspiracy to commit several different offenses.<br><br>First, Count Twenty-Three charges a conspiracy to commit the offense of corruptly soliciting a bribe. The previous instruction I provided you concerning Corruptly Soliciting a Bribe (page \*\*) applies to your consideration of the charges in Count Twenty-Three. ~~The offense of corruptly soliciting a bribe is committed when:~~ ~~A person is an agent of a State government;~~ ~~That person solicits, demands, accepts or agrees to accept something of value from another person;That person does so corruptly,~~ ~~with the intent to be influenced or rewarded in connection with some business, transaction or series of transactions of the government;~~ ~~This business, transaction, or series of transactions involves a thing of value of $5,000 or more; and~~ ~~The government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract, subsidy, loan, guarantee, or other assistance.~~ ~~For purposes of this offense, an agent acts corruptly when that person solicits, demands, accepts, or agrees to accept something of value, knowing that the thing of value would be given in exchange for the performance of any official act, understanding that doing so is wrongful or unlawful.~~ |

| | |
|---|---|
| | Second, Count Twenty-Three charges a conspiracy to commit the offense of corruptly giving and offering a bribe. The previous instruction I provided you concerning Corruptly Giving and Offering a Bribe (page **) applies to your consideration of the charges in Count Twenty-Three. ~~The offense of corruptly giving and offering to give a bribe is committed when:~~ ~~A person gives, offers or agrees to give something of value to another person;~~ ~~That person does so corruptly with the intent to influence or reward an agent of State government in exchange for an official act related to some business, transaction, or series of transactions of the government;~~ ~~This business, transaction, or series of transactions involved a thing of value of $5,000 or more; and~~ ~~The State government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, or other assistance.~~ ~~For purposes of this offense, a person acts corruptly when that person gives, offers, or agrees to give something of value to an agent of State government for the purpose of influencing the agent in the performance of an official act, understanding that doing so is wrongful or unlawful.~~ |
| McClain Position | **Objects.**<br><br>Mr. McClain proposes language that tracks the elements of 18 U.S.C. § 666 as set forth in *Snyder v. United States,* 144 S. Ct. 1947 (2024). |
| McClain Alternative | Count Twenty-Three – Objects of Conspiracy<br><br>Count Twenty-Three charges a conspiracy to commit two different offenses.<br>First, Count Twenty-Three charges a conspiracy to commit the offense of corruptly soliciting a bribe. The offense of corruptly soliciting a bribe is committed when:<br>1.    A person is an agent of a State government;<br>2.    That person solicits, demands, accepts or agrees to accept something of value from another person in exchange for an official act;<br>3.    That person did so corruptly, as that term is defined on page **; |

| | |
|---|---|
| | 4. That person acted with the specific intent to be influenced or rewarded in exchange for the official act;<br>5. This business, transaction, or series of transactions involves a thing of value of $5,000 or more; and<br>6. The government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract, subsidy, loan, guarantee, or other assistance.<br><br>Second, Count Twenty-Three charges a conspiracy to commit the offense of corruptly giving and offering a bribe. The offense of corruptly giving and offering a bribe is committed when:<br>1. A person gives, offers or agrees to give things of value to another person in exchange for an official act;<br>2. That person did so corruptly, as that term is defined on page **;<br>3. That person acted with the specific intent to influence or reward an agent of State government in exchange for an official act;<br>4. This business, transaction, or series of transactions involved a thing of value of $5,000 or more; and<br>5. The State government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, or other assistance. |
| Government Response | The government agrees with Madigan's proposed streamlining of the Count 23 objects instruction.<br><br>With regard to McClain's proposed instruction, the government incorporates its objections regarding § 666 described above. In addition, McClain's addition of the phrase "specific intent" is nowhere in the statute and adds nothing. That addition was recently rejected by Judge Kennelly. *See United States vs. Mitziga*, No. 23 CR 242 at ECF No. 176 at 21 and ECF No. 159 at 39 (N.D. Ill.) (Kennelly, J.).<br><br>McClain also improperly omits any reference to "business, transaction, or series of transaction."<br><br>In addition, the relevant date for Count 23 is October 12, 2017. |

xxxix. Gov't Instr. No. 56 - Counts Two and Twenty-Three—Definition of Knowingly

| Proposed Instruction | The previous instruction I provided you concerning the term Knowingly (page **) applies to your consideration of the charges in Counts Two and Twenty-Three. |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instruction 4.10 – Definition of Knowingly |
| Madigan Position | **Objects.**<br><br>To avoid confusion, Section 666 definitions should be provided immediately after the Section 666 elements within the objects of the conspiracy instruction and then referred to again for Count 23. The "Additional Definitions" throughout should appear at the end of the group of instructions for a particular count. |
| Madigan Alternative | Counts ~~Two and~~ Twenty-Three—Additional Definition~~s of Knowingly~~<br><br>In addition to the instructions set forth here, ~~t~~The previous instructions I provided you concerning the terms Bona Fide Compensation (page **), Bribery/Gratuity Distinction (page **), Corruptly (page **), Campaign Contributions (page **), Good Faith (page **), Knowingly (page **), Lobbying (page **), Official Act (page **), and Thing of Value (page **) appl~~ies~~ to your consideration of the charges in Count~~s Two and~~ Twenty-Three. |
| McClain Position | **Objects.**<br><br>Mr. McClain objects to the reference to Count Two in this instruction. |
| McClain Alternative | Count~~s Two and~~ Twenty-Three—Definition of Knowingly and Corruptly<br>The previous instruction~~s~~ I provided you concerning the term~~s~~ Knowingly (page **) ~~applies~~ and Corruptly (page **) apply to your consideration of the charges in ~~Counts Two and~~ Count Twenty-Three. |
| Government Response | The government does not oppose an instruction that refers back to earlier definitions, including of "knowingly," but the Pattern Instruction should be given. |

xl.    Gov't Instr. No. 57 - Counts Two and Twenty-Three—Definition of Agent

| | |
|---|---|
| Proposed Instruction | An agent is a person who is authorized to act on behalf of a State government, including an employee, officer, or representative.<br><br>The agent need not have exclusive control over the business, transaction, or series of transactions; influence is sufficient.<br><br>[The government is not required to prove that the bribe or other payment affected the federal funds received by the government or agency.] |
| Legal Authority | Seventh Circuit Pattern Instruction 18 U.S.C. § 666(a)(2) (Committee Comments) and 18 U.S.C. § 666 (definition of agent)<br>**The bracketed language should be given in the event a contrary position is raised at trial. |
| Madigan Position | **Objects.**<br><br>The defense proposes the pattern instruction.  The added language is improper, especially in light of Snyder v. United States. |
| Madigan Alternative | An agent is a person who is authorized to act on behalf of a State government, including an employee, officer, or representative.<br><br>~~The agent need not have exclusive control over the business, transaction, or series of transactions; influence is sufficient.~~<br><br>~~[The government is not required to prove that the bribe or other payment affected the federal funds received by the government or agency.]~~ |
| McClain Position | **Objects.**<br><br>Mr. McClain proposes the pattern instruction. |
| McClain Alternative | ~~Counts Two~~ Count Twenty-Three—Definition of Agent<br><br>An agent is a person who is authorized to act on behalf of a State government, including an employee, officer, or representative. |

| | |
|---|---|
| | The agent need not have exclusive control over the business, transaction, or series of transactions; influence is sufficient.<br><br>[The government is not required to prove that the bribe or other payment affected the federal funds received by the government or agency.] |
| Government Response | The government believes its proposed language is appropriate here, which derives from the Pattern Committee Comments. Judge Leinenweber gave this additional language to the Pattern in the ComEd 4 case. *United States v. McClain*, No. 20 CR 812, ECF No. 249 at 39 (N.D. Ill.) (Leinenweber, J.). In the ComEd 4 trial, defendants argued that they could not have committed bribery because Madigan did not have exclusive control over legislation. To avoid confusion, the jury should be instructed that exclusive control is irrelevant to the charges in the indictment. *See United States v. Gee*, 432 F.3d 713, 715 (7th Cir. 2005) (rejecting defense that legislator did not control executive branch grants: "This confuses influence with power to act unilaterally . . . "). |

      xli.    Gov't Instr. No. 58 - Counts Two and Twenty-Three—Official Action

| | |
|---|---|
| Proposed Instruction | An "official action" is a decision or action on, or an agreement to make a decision or take action on, a specific question or matter, which is pending or at any time may be pending] or may by law be brought before a public official in his official capacity.<br><br>A "question" or "matter" must involve a formal exercise of governmental power and must be something specific and focused.<br><br>A public official makes a decision or takes action on a question or matter when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official. |

| | |
|---|---|
| | A public official does not make a decision or take action on a question or matter if he does no more than set up a meeting, host an event, or call another public official. |
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 201 Definition of "Official Act) (modified) |
| Madigan Position | **Objects.**<br><br>For consistency, refer back to original definition instruction. |
| Madigan Alternative | [Delete instruction] |
| McClain Position | **Objects.**<br><br>Mr. McClain proposes the pattern instruction as modified, which requires the Government to identify the official act(s). |
| McClain Alternative | Count Twenty-Three—Official ~~Action~~ Act<br>An "official ~~action~~ act" is a decision or action on, or an agreement to make a decision or take action on, a specific question or matter, which is pending or at any time may be pending] or may by law be brought before a public official in his official capacity.<br><br>A "question" or "matter" must involve a formal exercise of governmental power and must be something specific and focused, rather than a broad policy objective.<br><br>In this case, the questions or matters at issue in Count Twenty-Three are: [the government must describe in specific and focused terms]<br><br>A public official makes a decision or takes action on a question or matter when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.<br><br>A public official does not make a decision or take action on a question or matter if he does no more than set up a meeting, host an event, or call another public official. |
| Government Response | The government objects to the defendant's proposed addition of "a broad policy" objective, which is not in the pattern "Official Action" instruction (for 18 U.S.C. § 201). The *McDonnell* Court criticized the jury instructions |

<table>
<tr><td></td><td>because they "did not inform the jury that the 'question, matter, cause, suit, proceeding or controversy' must be more specific and focused than a broad policy objective." <em>McDonnell v. United States</em>, 579 U.S. 550, 578 (2016). In that case, however, the policy objective was "Virginia business and economic development." <em>Id.</em> In this case, the object of the bribes was legislation, as specified in Counts 2 and 23. Legislation clearly constitutes official action. <em>See, e.g., United States v. Woodward</em>, 905 F.3d 40, 45 (1st Cir. 2018) ("An official act means any decision or action in the enactment of legislation"); <em>United States v. Urciuoli</em>, 613 F.3d 11, 13, 18 (1st Cir. 2010) (affirming bribery conviction where hospital executive paid a state senator to use his official position to "support or oppose bills in accordance with [the hospital's] interest, including attempts to 'kill' certain bills").<br><br>The indictment clearly states that the questions or matters at issue was legislation affecting ComEd and its business for Count 2 and the carrier of last resort (COLR) legislation for Count 23. No additional instruction is needed.</td></tr>
</table>

xlii.    Gov't Instr. No. 59 - Counts Two and Twenty-Three—Intent to Influence

| Proposed Instruction | It is not necessary that the public official had the power to or did perform the act for which he was promised or which he agreed to receive something of value; it is sufficient if the matter was before him in his official capacity. Nor is it necessary that the public official in fact intended to perform the specific official act. It is sufficient if the public official knew that the thing of value was offered with the intent to exchange the thing of value for the performance of the official act. |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. §§ 1341, 1343 & 1346 Intent to Influence) |
| Madigan Position | **Objection.**<br><br>The instruction applies to wire fraud and is inappropriate as wire fraud is not charged in Counts Two or Twenty-Three. At a minimum, the instruction should be revised as above. |
| Madigan Alternative | It is not necessary that the public official had the power to or did perform the act for which he was promised or which |

| | |
|---|---|
| | he agreed to receive something of value; the government must prove ~~it is sufficient if~~ the matter was before him in his official capacity. Nor is it necessary that the public official in fact intended to perform the specific official act. It is sufficient if the public official knew that the thing of value was offered with the intent to exchange the thing of value for the performance of the official act. |
| McClain Position | **Objects.** Mr. McClain objects to the last two sentences of Government Instruction 59 as unnecessary. |
| McClain Alternative | Count ~~Two and~~ Twenty-Three—Intent to Influence It is not necessary that the public official had the power to or did perform the act for which he was promised or which he agreed to receive something of value; it is sufficient if the matter was before him in his official capacity. ~~Nor is it necessary that the public official in fact intended to perform the specific official act. It is sufficient if the public official knew that the thing of value was offered with the intent to exchange the thing of value for the performance of the official act.~~ |
| Government Response | The government believes the Pattern Instruction is appropriate. The last two sentences are accurate statements of the law with regard to § 666. *See Snyder*, 144 S. Ct. at 1959 (Section 666 covers instances where a public official "took a bribe before the official act but asserts as a defense that he would have taken the same act anyway and therefore was not 'influenced' by the payment"). |

xliii.   Gov't Instr. No. 60 - Counts Two and Twenty-Three—Bona Fide Compensation

| | |
|---|---|
| Proposed Instruction | Bona fide salary, wages, fees, or other compensation paid in the usual course of business do not qualify as a thing of value. |
| Legal Authority | Seventh Circuit Pattern Instruction, 18 U.S.C. § 666(c) Bona Fide Compensation (modified) |
| Madigan Position | Objects. Section 666 "does not apply to bona fide salary, wages, fees, or other compensation paid ... in the usual course of business." 18 U.S.C. § 666(c). The Seventh Circuit has opined that the "[t]he natural reading of the exception is |

that … compensation paid in the ordinary course shall not be construed as a bribe." *United States v. Robinson*, 663 F.3d 265, 272 (7th Cir. 2011); *see also United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) ("Compensation for a job by someone other than a ghost worker is a 'bona fide salary.'"). To demonstrate that Madigan violated § 666, the government must prove the defendant corruptly solicited non-bona fide salary, wages, and fees jobs. This standard, however, is a subjective one, not an objective one. *See United States v. Ruan,* 597 U.S. at 467 (the scienter of knowingly and intentionally applied to the safe harbor exception, thus the government must.

In *Ruan v. United States*, the Supreme Court held that when a statute includes a *mens rea*, it modifies not only the words following it, but also the words of the statute that distinguish wrongful from innocent acts. 597 U.S. 450, 458 (2022). *Ruan* analyzed the appropriate scienter for "[e]xcept as authorized" in 21 U.S.C. § 841. The Court examined this provision and other provisions in different criminal statutes, which all had some conduct that they did not criminalize. The Court decided that these exceptions were "critical" for the mental state required for the crime. *Id.* at 461. The Court emphasized that a "strong scienter requirement helps to diminish the risk of 'overdeterrence,' i.e., punishing acceptable and beneficial conduct that lies close to but on the permissible side, of the criminal line." *Id.* at 459.

Additionally, by including §666(c) in the text of the statute and including language which negates a finding that a job can be a thing of value, Congress set jobs apart from other things of value—similar to campaign contributions. The Supreme Court has clearly held that campaign contributions, due to their special protection under the constitution, require a different *mens rea* as it relates to bribery charges—the relevant standard is an explicit quid pro quo. *United States v. Evans*, 504 U.S. 255 (1992); *McCormick v. United States*, 550 U.S. 257, 272, 273-274 (1991); *People v. Brandstetter*, 103 Ill. App. 3d 259, 265 (1982). Congress set jobs aside as a thing of value which required a different analysis. As a result, given that the Court has expressed concern that §666(c) fails to sufficiently advise the jury that a job could still, in some

| | |
|---|---|
| | circumstances, be a violation of the law, the defense proposed instruction should be given.<br>See edit to Gov't Instr. No. 56 regarding Count Twenty Three. |
| Madigan Alternative | Counts Two — Bona Fide Compensation<br>Bona fide salary, wages, fees, or other compensation paid in the usual course of business do not qualify as a thing of value solicited, demanded, given, offered or agreed to be given by the defendant.<br><br>The Government must prove beyond a reasonable doubt that the defendant knew the jobs at issue were not bona fide wages paid in the usual course of business. If the government has not sustained its burden on this point, compensation paid to another person cannot be a thing of value and the defendant must be found not guilty.<br><br>A job referral by an elected official, by itself, does not constitute a violation of the law, even if the person or entity acting on the job referral has business pending before the legislature. To violate the law, the referral and hiring must be both corrupt and the result of an explicit agreement to exchange a thing of value for a specific official act. |
| McClain Position | **Objects.**<br><br>Mr. McClain objects to the reference to Count Two. |
| McClain Alternative | Count~~s Two and~~ Twenty-Three—Bona Fide Compensation<br><br>Bona fide salary, wages, fees, or other compensation paid in the usual course of business do not qualify as a thing of value. |
| Government Response | Madigan's proposed § 666(c) instruction strays wildly from the pattern and should not be given. Defendant's version is both inaccurate and improperly argumentative. The Pattern should be given, as in the ComEd 4 trial. No. 20 CR 812, ECF No. 249 at 40.<br><br>The indictment does not charge that Madigan received job referrals as benefits and so this instruction is a *non sequitur* as far as the indictment charges are concerned. Moreover, Madigan's proposed instruction incorrectly suggests that a "job" cannot be a bribe. |

|  | As Judge Leinenweber ruled in addressing the same ComEd conspiracy alleged in Count Two: "The fact that these incentives were laundered partially through jobs does not invalidate the indictment. A company cannot use its payroll line on its accounting ledger to circumvent all Government oversight of public corruption." *McClain*, 2022 WL 488944, at *2. |

xliv.   Gov't Instr. No. 61 - Counts Two and Twenty-Three—Unanimity

| Proposed Instruction | It is not necessary for the government to prove a defendant conspired to commit all of the offenses identified as the objects of a conspiracy. It is sufficient if the government proves that a defendant conspired with a conspirator to commit at least one of these offenses. You must agree unanimously on at least one offense the defendant agreed to commit.<br><br>For example, with respect to Count Two, if some of you were to find that the government has proved beyond a reasonable doubt that defendant Madigan conspired to corruptly solicit things of value, and the rest of you were to find that the government has proved beyond a reasonable doubt that defendant Madigan conspired to falsify books and records, then there would be no unanimous agreement on which object of the conspiracy the government has proved. On the other hand, if all of you were to find that the government has proved beyond a reasonable doubt that defendant Madigan conspired to corruptly solicit things of value, then there would be a unanimous agreement on the particular object of the conspiracy that the government proved. |
| Legal Authority | Seventh Circuit Pattern Instruction 4.04 Unanimity on Specific Acts (modified)<br>*United States v. Sabubu*, 891 F.2 1308, 1326 (7th Cir. 1989)<br>*United States v. McClain*, 20 CR 812 (Leinenweber, J |
| Madigan Position | **Objects.**<br><br>Without the added language, the jury may be confused as to the government's burden. |
| Madigan Alternative | It is not necessary for the government to prove a defendant conspired to commit all of the offenses identified as the objects of a conspiracy.  It is sufficient if the government proves that a defendant conspired with a conspirator to commit at least one of these offenses.  However, the |

| | |
|---|---|
| | government must prove beyond and reasonable doubt and ~~Y~~you must agree unanimously on at least one offense the defendant agreed to commit.<br><br>For example, with respect to Count Two, if some of you were to find that the government has proved beyond a reasonable doubt that defendant Madigan conspired to corruptly solicit things of value, and the rest of you were to find that the government has proved beyond a reasonable doubt that defendant Madigan conspired to falsify books and records, then there would be no unanimous agreement on which object of the conspiracy the government has proved. On the other hand, if all of you were to find that the government has proved beyond a reasonable doubt that defendant Madigan conspired to corruptly solicit things of value, then there would be a unanimous agreement on the particular object of the conspiracy that the government proved. |
| McClain Position | **Objects.** |
| McClain Alternative | Count~~s Two and~~ Twenty-Three—Unanimity<br><br>It is not necessary for the government to prove a defendant conspired to commit all of the offenses identified as the objects of a conspiracy. It is sufficient if the government proves that a defendant conspired with a conspirator to commit at least one of these offenses. You must agree unanimously on at least one offense the defendant agreed to commit.<br><br>~~For example, with respect to Count Two, if some of you were to find that the government has proved beyond a reasonable doubt that defendant Madigan conspired to corruptly solicit things of value, and the rest of you were to find that the government has proved beyond a reasonable doubt that defendant Madigan conspired to falsify books and records, then there would be no unanimous agreement on which object of the conspiracy the government has proved. On the other hand, if all of you were to find that the government has proved beyond a reasonable doubt that defendant Madigan conspired to corruptly solicit things of value, then there would be a unanimous agreement on the particular object of the conspiracy that the government proved.~~ |
| Government Response | The government objects to Madigan's additional language, as the jury will be instructed as to the government's burden |

| | elsewhere. Adding that language here is unnecessarily repetitive. |

xlv. Gov't Instr. No. 62 - Counts Three, Four, Six, Eleven, and Twenty-One—Elements

| Proposed Instruction | Counts Three, Four, Six, Eleven, the indictment charge defendant Madigan, and Count Twenty-One of the indictment charges defendants Madigan and McClain with corruptly soliciting, demanding, and agreeing to accept a bribe. In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt: <br><br> 1. The defendant was an agent of a state government; <br> 2. The defendant solicited, demanded, accepted or agreed to accept a thing of value from another person; <br> 3. The defendant did so corruptly; <br> 4. The defendant acted with the intent to be influenced or rewarded in connection with some business, transaction or series of transactions of the government; <br> 5. This business, transaction, or series of transactions involved a thing of a value of $5,000 or more; and <br> 6. The government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a] grant, contract subsidy, loan, guarantee, insurance or other assistance. <br><br> For purposes of this offense, an agent acts corruptly when that person solicits, demands, accepts, or agrees to accept something of value, knowing that the thing of value would be given in exchange for the performance of any official act, understanding that doing so is wrongful or unlawful. <br><br> If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant guilty of that count. <br><br> If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant not guilty of that count. |
|---|---|

| Legal Authority | Seventh Circuit Pattern Instruction 18 U.S.C. § 666(a)(1)(B) Accepting a Bribe Elements (modified) *United States v. Mitziga*, 23 CR 242 (Kennelly, J.) (definition of corruptly as to object 2) |
|---|---|
| Madigan Position | **Objects.**<br><br>For consistency and to simplify the instructions, the defense proposes referring back to the initial reference to each definition and elements instruction throughout the instructions. |
| Madigan Alternative | Counts Three, Four, Six, Eleven, of the indictment charge defendant Madigan, and Count Twenty-One of the indictment charges defendants Madigan and McClain with corruptly soliciting, demanding, and agreeing to accept a bribe. The previous instruction I provided you concerning Corruptly Soliciting a Bribe (page \*\*) applies to your consideration of the charges in Count Three, Four, Six, Eleven, and Twenty-One. In order for you to find a defendant guilty of this charge, the government must prove each of the elements set forth in those instructions following elements beyond a reasonable doubt:<br><br>1.    The defendant was an agent of a state government;<br>1.    The defendant solicited, demanded, accepted or agreed to accept a thing of value from another person;<br>1.    The defendant did so corruptly, as defined in these instructions;<br>1.    The defendant acted with the intent intended intended to be influenced or rewarded in connection with in exchange for an official act on some business, transaction or series of transactions of the government;<br>1.    This business, transaction, or series of transactions involved a thing of a value of $5,000 or more; and<br>1.    The government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a] grant, contract subsidy, loan, guarantee, insurance or other assistance.<br><br>For purposes of this offense, an agent acts corruptly when that person solicits, demands, accepts, or agrees to accept something of value, knowing that the thing of value would be given in exchange for the performance of any official act, understanding that doing so is wrongful or unlawful. |

|  | If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant guilty of that count.<br><br>If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant not guilty of that count. |
|---|---|
| McClain Position | **Objects.** |
| McClain Alternative | Counts Three, Four, Six, Eleven, and Count Twenty-One—Elements<br><br>Counts Three, Four, Six, Eleven, the indictment charge defendant Madigan, and Count Twenty-One of the indictment charges defendants Michael Madigan and Michael McClain with corruptly soliciting, demanding, and agreeing to accept a bribe.  In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:<br><br>The defendant was an agent of a In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt: 1.    The defendant was an agent of a stateState government;<br>2.    The defendant solicited, demanded, accepted or agreed to accept a thing of value from another person in exchange for an official act;<br>3.    The defendant did so corruptly;, as that term is defined on page **;<br>4.    The defendant acted with the specific intent to be influenced or rewarded in connection with some business, transaction or series of transactions of the government;<br>5.    This business, transaction, or series of transactions involved a thing of a value of $5,000 or more; and<br>6.    The government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a] grant, contract subsidy, loan, guarantee, insurance or other assistance.<br><br>4.    For purposes of this offense, an agent acts corruptly when that person solicits, demands, accepts, or agrees to |

|  | ~~accept something of value, knowing that the thing of value would be given in exchange for the performance of any official act, understanding that doing so is wrongful or unlawful.;~~ |
|  | If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant guilty of that count. |
|  | If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant not guilty of that count. |
| Government Response | The government proposes to separately instruct the jurors on the substantive § 666 counts, as the elements are different than the conspiracy counts. The defendants' proposals should be rejected for the additional reasons specified above with regard to the conspiracy counts. |

xlvi. Gov't Instr. No. 63 – Counts Three, Four, Six, Eleven, and Twenty-One—Agent, Official Action, Intent to Influence, and Bona Fide Compensation

| Proposed Instruction | The previous instructions I provided you concerning the terms Agent (page **), Official Action (page **), Intent to Influence (page **) and Bona Fide Compensation (page **) apply to your consideration of the charges in Counts Three, Four, Six, Eleven, and Twenty-One. |
| Legal Authority | |
| Madigan Position | **Objects.** Defense proposes adding reference to additional defense proposed instructions. The "Additional Definitions" throughout should appear at the end of the group of instructions for a particular count. |
| Madigan Alternative | Counts Three, Four, Six, Eleven, and Twenty-One—Definitions ~~Agent, Official Action, Intent to Influence, and Bona Fide Compensation~~ In addition to the instructions set forth here, ~~t~~The previous instructions I provided you concerning the terms Agent (page **), Bona Fide Compensation (page **), |

98

| | |
|---|---|
| | Bribery/Gratuity Distinction (page **), Corruptly (page **), Campaign Contributions (page **), Job Recommendations Authorized by Law (page **), Good Faith (page **), Official Action (page **), Intent to Influence (page **), Lobbying (page **), and Thing of Value (page **)and Bona Fide Compensation (page **) apply to your consideration of the charges in Counts Three, Four, Six, Eleven, and Twenty-One. |
| McClain Position | **Objects.**<br><br>Mr. McClain proposes to include additional terms to this instruction. |
| McClain Alternative | Count Twenty-One—Agent, Official Action Act, Intent to Influence, Corruptly, Lobbying, and Bona Fide Compensation<br><br>The previous instructions I provided you concerning the terms Agent (page **), Official Action Act (page **), Intent to Influence (page **), Corruptly (page **), Lobbying (page **), and Bona Fide Compensation (page **) apply to your consideration of the charges charge in Counts Three, Four, Six, Eleven, and Count Twenty-One. |
| Government Response | The defendants' proposed definitions should be rejected for the reasons specified above with regard to the conspiracy counts. |

xlvii.  Gov't Instr. No. 64 - Counts Three through Seven—Conspiratorial Liability

| | |
|---|---|
| Proposed Instruction | A conspirator is responsible for offenses committed by other conspirators if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance, and as a reasonably foreseeable consequence, of the conspiracy.<br><br>Therefore, if you find defendant Madigan guilty of the conspiracy charged in Count Two, you should find defendant Madigan guilty as charged in Counts Three through Seven if you find the government has proved the following beyond a reasonable doubt with respect to the offense charged in the count under consideration:<br><br>1. That offense was committed by a fellow conspirator or conspirators in furtherance, and as a reasonably |

| | |
|---|---|
| | foreseeable consequence of the conspiracy charged in Count Two; and<br><br>2. That offense was committed while defendant Madigan was a member of the conspiracy charged in Count Two.<br><br>The government is not required to prove that defendant Madigan actually knew about the crime or that the defendant actually realized that this type of crime would be committed as part of the conspiracy. |
| Legal Authority | Seventh Circuit Pattern Instruction 5.11 (modified) |
| Madigan Position | **Objects. Defense requests to strike.**<br><br>Even when an indictment charges a conspiracy, a *Pinkerton* charge is generally discouraged. *United States v. Manzella*, 791 F.2d 1263, 1267 (7th Cir. 1986) (questioning whether a *Pinkerton* instruction "really adds anything besides complication" and refusing to uphold a conviction on the basis of a *Pinkerton* theory because the jury was given a "compressed" instruction that did not intelligibly guide it on a "complicated" subject); *see also United States v. McClain*, 934 F.2d 822, 828–29 (7th Cir. 1991); *United States v. Salameh*, 152 F.3d 88, 149 (2d Cir. 1998) ("We have cautioned that 'the *Pinkerton* charge should not be given as a matter of course.'"). Because the superseding indictment charges only one defendant without any clarity on the scope of unindicted coconspirators, a *Pinkerton* instruction will only cause confusion. |
| Madigan Alternative | [No Instruction] |
| McClain Position | **Objects.** |
| McClain Alternative | [No instruction] |
| Government Response | Judge Leinenweber gave the *Pinkerton* instruction in the ComEd 4 trial and noted that it is not true that the *Pinkerton* instruction is generally discouraged. No. 20 CR 812, ECF No. 249 at 48; *see also United States v. McClain*, No. 20 CR 812, 2024 WL 50868, at *20 (N.D. Ill. Jan. 4, 2024) (rejecting contention that Pinkerton instructions are discouraged). The Court should give this Pattern instruction. |

xlviii. Gov't Instr. No. 65 - Counts Five, Seven, Twelve, Thirteen, Fourteen, Sixteen, Seventeen, Eighteen, and Twenty-Two—Elements

| Proposed Instruction | Counts Five, Seven, Twelve, Thirteen, Fourteen, Sixteen, Seventeen, And Eighteen of the indictment charge defendant Madigan, and Count Twenty-Two of the indictment charges defendants Madigan and McClain with use of interstate facilities in aid of racketeering. In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt: <br><br> 1. The defendant used or caused to be used a facility in interstate or foreign commerce; <br> 2. The defendant did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and <br> 3. Thereafter the defendant did or attempted promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity. <br><br> If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge. <br><br> If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge. |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instruction, 18 U.S.C. § 1952 Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises—Elements (modified) |
| Madigan Position | **Objects.** <br><br> For consistency and to simplify the instructions, the defense proposes referring back to the initial reference to each definition and elements instruction throughout the instructions. |

| | |
|---|---|
| Madigan Alternative | Counts Five, Seven, Twelve, Thirteen, Fourteen, Sixteen, Seventeen, And Eighteen of the indictment charge defendant Madigan, and Count Twenty-Two of the indictment charges defendants Madigan and McClain with use of interstate facilities in aid of racketeering. The previous instruction I provided you concerning use of interstate facilities in aid of racketeering (page **) applies to your consideration of the charges in Count Five, Seven, Twelve, Thirteen, Fourteen, Sixteen, Seventeen, And Eighteen. In order for you to find a defendant guilty of this charge, the government must prove each ~~of the following~~ elements set forth in that instruction beyond a reasonable doubt.~~:~~

~~1.    The defendant used or caused to be used a facility in interstate or foreign commerce;~~
~~1.    The defendant did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and~~
~~1.    Thereafter the defendant did or attempted promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.~~

~~If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.~~

~~If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.~~ |
| McClain Position | **Objects.**

Mr. McClain objects to the references to the other counts in Government Instruction No 65. Mr. McClain also proposes language that tracks the allegations in the indictment. See Dkt. 37 at 102 |
| McClain Alternative | ~~Counts Five, Seven, Twelve, Thirteen, Fourteen, Sixteen, Seventeen, Eighteen, and~~ Count Twenty-Two— Elements |

|  | ~~Counts Five, Seven, Twelve, Thirteen, Fourteen, Sixteen, Seventeen, And Eighteen of the indictment charge defendant Madigan, and~~ Count Twenty-Two of the indictment charges defendants Michael Madigan and Michael McClain with the use of interstate facilities in aid of racketeering enterprises. In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt: |
|  | 1. The defendant ~~used or~~ caused to be used a facility in interstate ~~or foreign~~ commerce; |
|  | 2. The defendant did so with the intent to promote, manage, establish, or carry on an unlawful activity, ~~or~~ and to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and |
|  | 3. Thereafter the defendant did or attempted promote, manage, establish, or carry on an unlawful activity, ~~or~~ and did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity. |
|  | If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge. |
|  | If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge. |
| Government Response | The government objects to Madigan's reference to the discussion of § 1952 in Count One, as the instructions there are tailored for a racketeering conspiracy charge. The government's proposed instruction accurately states the law applicable to a substantive § 1952 offense. |
|  | The government agrees to remove "foreign" and "used" as suggested by McClain. |
|  | The government objects to McClain's use of the conjunctive ("and") to describe the elements, rather than the disjunctive ("or"). |

xlix.   Gov't Instr. No. 66 – Counts Five, Seven, Twelve, Thirteen, Fourteen, Sixteen, Seventeen, Eighteen, and Twenty-Two— Definition of "Interstate Commerce"

| | |
|---|---|
| Proposed Instruction | For purposes of the interstate facilities statute and the instruction that appears on page **, the term "interstate commerce" means travel between one state and another state or use of an interstate facility, including the mail, as well as a telephone, or an email account and their associated communications networks.<br><br>The interstate travel or use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The interstate travel or use of an interstate facility, however, need not be essential to the success of such illegal activity.<br><br>The defendant need not have contemplated or knowingly caused the interstate travel or use of an interstate facility. |
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1952 Definition of Interstate Commerce) (modified) |
| Madigan Position | **Objects.**<br><br>For consistency and to simplify the instructions, the defense proposes referring back to the initial reference to each definition and elements instruction throughout the instructions. |
| Madigan Alternative | The previous instruction I provided you concerning the definition of "Interstate Commerce" (page **) applies to your consideration of the charges in Count Five, Seven, Twelve, Thirteen, Fourteen, Sixteen, Seventeen, And Eighteen. ~~For purposes of the interstate facilities statute and the instruction that appears on page **, the term "interstate commerce" means travel between one state and another state or use of an interstate facility, including the mail, as well as a telephone, or an email account and their associated communications networks.~~<br><br>~~The interstate travel or use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The interstate travel or use of an~~ |

| | |
|---|---|
| | ~~interstate facility, however, need not be essential to the success of such illegal activity.~~<br><br>~~The defendant need not have contemplated or knowingly caused the interstate travel or use of an interstate facility.~~ |
| McClain Position | **Objection.**<br><br>Mr. McClain objects to the reference to the other counts in Government Instruction No 66. Mr. McClain proposes language that tracks the allegations in the indictment. For example, travel is not alleged. |
| McClain Alternative | ~~Counts Five, Seven, Twelve, Thirteen, Fourteen, Sixteen, Seventeen, Eighteen, and~~ Twenty-Two—Definition of "Interstate Commerce"<br><br>~~For purposes of the interstate facilities statute and the instruction that appears on page \*\*,~~ With regard to Count Twenty-Two, the term "interstate commerce" means ~~travel between one state and another state or~~ use of an interstate facility, including ~~the mail, as well as~~ a telephone~~, or an email account and their associated communications networks.~~<br><br>The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.<br><br>The defendant need not have contemplated or knowingly caused the interstate travel or use of an interstate facility. |
| Government Response | Because of the objections raised, the government will submit a revised proposed instruction as to this charge, as discussed above with respect to Government's Instruction 47. |

l.      Gov't Instr. No. 67 - Counts Five, Seven, Twelve, Thirteen, Fourteen, Sixteen, Seventeen, Eighteen, and Twenty-Two—Definition of "Unlawful Activity"

| | |
|---|---|
| Proposed Instruction | The government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in each count. |

However, you must unanimously agree on that unlawful activity.

With respect to Counts Five and Seven, two unlawful activities are alleged, namely, bribery and legislative misconduct in violation of Chapter 720 ILCS § 5/33-1(d) and Chapter 720 ILCS § 5/33-8. With respect to Count Twelve, Thirteen, Fourteen, and Twenty-Two, four unlawful activities are alleged, namely, bribery and legislative misconduct in violation of Chapter 720 ILCS §§ 5/33-1(a), (d) and (e), and Chapter 720 ILCS § 5/33-8.

1. Chapter 720 ILCS § 5/33-1(a) prohibits a form of bribery. A person commits this offense when:
a. The person promises or tenders property or personal advantage to a public officer or public employee.
b. The person does so with the intent to influence the performance of any act related to the public officer or public employee's employment or function as a public officer or public employee.

2. Chapter 720 ILCS § 5/33-1(d) prohibits a form of bribery. A person commits this offense when:
a. The person receives, retains, or agrees to accept any property or personal advantage from another party; and
b. The person knew that the property or personal advantage was tendered or promised with intent to cause the person to influence the performance of any act related to the employment or function of a public officer or public employee.

3. Chapter 720 ILCS § 5/33-1(e) prohibits a form of bribery. A person commits this offense when:
a. The person solicits, receives, retains, or agrees to accept property or personal advantage from another; and
b. The person does so pursuant to an understanding that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

4. Chapter 720 ILCS § 5/33-8 prohibits legislative misconduct. A person commits this offense when:
a. A person is a member of the Illinois General Assembly;

106

| | |
|---|---|
| | b. The person knowingly accepts or receives, directly or indirectly, any money or valuable thing from a corporation, company or person; and<br>c. The person accepts such money or valuable thing in exchange for any vote or influence the person might give or withhold on any bill, resolution or appropriation, or for any other official act.<br><br>With respect to Count Sixteen, Seventeen, and Eighteen, two unlawful activities are alleged, namely, extortion in violation of 18 U.S.C. § 1951(a) and theft in violation of Chapter 720 ILCS § 5/16-1(a).<br><br>1. Title 18, United States Code, Section 1951(a) prohibits extortion. A person commits this offense when:<br>a. The person knowingly obtains money or property from a victim;<br>b. The person does so by means of extortion by fear or under color of official right, as those terms are defined in these instructions;<br>c. The victim consents to part with the money or property because of the extortion;<br>d. The person believes that the victim parted with the money or property because of the extortion; and<br>e. The conduct of the person affected interstate commerce.<br><br>2. Chapter 720 ILCS § 5/16-1(a) prohibits a form of extortion. A person commits this offense when:<br>a. That the person by threat knowingly obtains control over property owned by another; and<br>b. That the person intended to permanently deprive the owner of the use or benefit of the property.<br><br>For purposes of Chapter 720 ILCS § 5/16-1(a), the word "threat" means a communication made in any fashion to take action as an official against anyone or anything, or withhold official action, or cause such action or withholding. |
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1952 Definition of Unlawful Activity) (modified)<br>Illinois Pattern Instructions 13.21 and 13.33F – Threat<br>*United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991); *United States v. Baker,* 227 F.3d 955, 961 (7th Cir. 2000) ("In short, since § 1952 does not incorporate state law as part of the federal offense, violation of the [Travel] Act |

| | |
|---|---|
| | does not require proof of a violation of state law." (citation omitted)); *United States v. Karigiannis*, 430 F.2d 148, 150 (7th Cir. 1970) ("[P]roof that a state law had actually been violated was not a necessary element of the offense [§ 1952].""). |
| Madigan Position | **Objects.**<br><br>The government's proposed introductory paragraph is confusing as it appears to eliminate the government's burden. The suggested revision ensures the focus on the government's burden to prove a predicate act beyond a reasonable doubt is the focus of the instruction. For consistency and to simplify the instructions, the defense proposes referring back to the initial reference to each definition and elements instruction throughout the instructions. |
| Madigan Alternative | ~~The government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in each count. However, you must unanimously agree on that unlawful activity.~~<br><br>With respect to Counts Five and Seven, two unlawful activities are alleged, namely, bribery and legislative misconduct in violation of Chapter 720 ILCS § 5/33 1(d) and Chapter 720 ILCS § 5/33-8. The previous instructions I provided you concerning the elements of Chapter 720 ILCS § 5/33-1(d) (bribery) (page **) and Chapter 720 ILCS § 5/33-8 (legislative misconduct/bribery) (page **) apply to your consideration of the charges in Counts Five and Seven.<br><br>With respect to Count Twelve, Thirteen, Fourteen, and Twenty-Two, four unlawful activities are alleged, namely, bribery and legislative misconduct in violation of Chapter 720 ILCS §§ 5/33-1(a), (d) and (e), and Chapter 720 ILCS § 5/33-8.<br>1.     Chapter 720 ILCS § 5/33-1(a) prohibits a form of bribery.  A person commits this offense when:<br>a.     The person promises or tenders property or personal advantage to a public officer or public employee.<br>b.     The person does so with the intent to influence the performance of any act related to the public officer or public |

employee's employment or function as a public officer or public employee.

The previous instructions I provided you concerning the elements of Chapter 720 ILCS § 5/33-1(d) (bribery) (page **), Chapter 720 ILCS § 5/33-1(e) (bribery) (page **), Chapter 720 ILCS § 5/33-8 (legislative misconduct/bribery) (page **) apply to your consideration of the charges in Counts Twelve, Thirteen, Fourteen, and Twenty-Two. ~~Chapter 720 ILCS § 5/33-1(d) prohibits a form of bribery. A person commits this offense when:~~

~~3.     The person receives, retains, or agrees to accept any property or personal advantage from another party; and~~

~~4.2.    The person knew that the property or personal advantage was tendered or promised with intent to cause the person to influence the performance of any act related to the employment or function of a public officer or public employee.~~

~~5.     Chapter 720 ILCS § 5/33-1(e) prohibits a form of bribery. A person commits this offense when:~~

~~a.     The person solicits, receives, retains, or agrees to accept property or personal advantage from another; and~~

~~b.     The person does so pursuant to an understanding that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.~~

~~6.     Chapter 720 ILCS § 5/33-8 prohibits legislative misconduct, a form of bribery. A person commits this offense when:~~

~~a.     A person is a member of the Illinois General Assembly;~~

~~b.     The person knowingly accepts or receives, directly or indirectly, any money or valuable thing from a corporation, company or person; and~~

~~c.     The person accepts such money or valuable thing in exchange for any vote or influence the person might give or withhold on any bill, resolution or appropriation, or for any other official act.~~

With respect to Count Sixteen, Seventeen, and Eighteen, two unlawful activities are alleged, namely, extortion in violation of 18 U.S.C. § 1951(a) and theft in violation of Chapter 720 ILCS § 5/16-1(a). The previous instructions I provided you concerning the elements of Title 18, United

|  | States Code, Section 1951(a) (page **) apply to your consideration of the charges in Counts Sixteen, Seventeen, and Eighteen.
1.   Title 18, United States Code, Section 1951(a) prohibits extortion. A person commits this offense when:
a.   The person knowingly obtains money or property from a victim;
b.   The person does so by means of extortion by fear or under color of official right, as those terms are defined in these instructions;
c.   The victim consents to part with the money or property because of the extortion;
d.   The person believes that the victim parted with the money or property because of the extortion; and
e.   The conduct of the person affected interstate commerce.

3.      Chapter 720 ILCS § 5/16-1(a) prohibits theft. prohibits a form of extortion.  A person commits this offense when:
a.      That the person by threat knowingly obtains control over property owned by another; and
b.      That the person intended to permanently deprive the owner of the use or benefit of the property.
For purposes of Chapter 720 ILCS § 5/16-1(a), the word "threat" means a communication made in any fashion to take action as an official against anyone or anything, or withhold official action, or cause such action or withholding.

The government is not required to prove that the unlawful activity was actually committed.  Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in each count. However, you must unanimously agree on that unlawful activity. |
| McClain Position | **Objection.**

Mr. McClain objects to Government Instruction No. 67 because repeating the elements of each of these state law statutes is unnecessary, confusing, and cumulative of other instructions.
*United States v. Burke, et al.,* 19 CR 322 (Kendall, J.) |
| McClain Alternative | Counts Five, Seven, Twelve, Thirteen, Fourteen, Sixteen, |

~~Seventeen, Eighteen, and~~ Counts Twenty-Two—Definition of "Unlawful Activity"

~~The~~ In Count Twenty-Two, the ~~government is not required to prove~~ has alleged ~~that~~ that ~~the unlawful activity~~ a single telephone call ~~was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the~~ intended to promote multiple "unlawful activities ~~specified in each count. However, you must unanimously agree on that unlawful activity.~~

~~With respect to Counts Five and Seven, two unlawful activities are alleged,,"~~ namely,: (1) ~~bribery and legislative misconduct~~, in violation of ~~Chapter~~ 720 ILCS § ~~5/33-1(d) and Chapter 720 ILCS § 5/33-8. With respect to Count Twelve, Thirteen, Fourteen, and Twenty-Two, four unlawful activities are alleged, namely,~~5/33-1(a); bribery ~~and legislative misconduct~~, in violation of ~~Chapter~~ 720 ILCS §§§ 5/33-1~~(a)~~, (d)~~;~~; (3) bribery, in violation of 720 ILCS § 5/33-1(e); and ~~(e), and Chapter4)~~ official misconduct, in violation of 720 ILCS § 5/33-8.

~~4. Chapter 720 ILCS § 5/33-1(a) prohibits a form of bribery. A person commits this offense when:~~
~~h. The person promises or tenders property or personal advantage to a public officer or public employee.~~
~~i. The person does so with the intent to influence the performance of any act related to the public officer or public employee's employment or function as a public officer or public employee.~~
~~5. Chapter 720 ILCS § 5/33-1(d) prohibits a form of bribery. A person commits this offense when:~~
~~j. The person receives, retains, or agrees to accept any property or personal advantage from another party; and~~
~~k. The person knew that the property or personal advantage was tendered or promised with intent to cause the person to influence the performance of any act related to the employment or function of a public officer or public employee.~~
~~6.1. Chapter 720 ILCS § 5/33-1(e) prohibits a form of bribery. A person commits this offense when:~~
~~l.a. The person solicits, receives, retains, or agrees to accept property or personal advantage from another; and~~

m. The person does so pursuant to an understanding that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

7. Chapter 720 ILCS § 5/33-8 prohibits legislative misconduct. A person commits this offense when:

n. A person is a member of the Illinois General Assembly;

o. The person knowingly accepts or receives, directly or indirectly, any money or valuable thing from a corporation, company or person; and

p. The person accepts such money or valuable thing in exchange for any vote or influence the person might give or withhold on any bill, resolution or appropriation, or for any other official act.

With respect to Count Sixteen, Seventeen, and Eighteen, two unlawful activities are alleged, namely, extortion in violation of 18 U.S.C. § 1951(a) and theft in violation of Chapter 720 ILCS § 5/16-1(a).

8. Title 18, United States Code, Section 1951(a) prohibits extortion. A person commits this offense when:

q. The person knowingly obtains money or property from a victim;

r. The person does so by means of extortion by fear or under color of official right, as those terms are defined in these instructions;

s. The victim consents to part with the money or property because of the extortion;

t. The person believes that the victim parted with the money or property because of the extortion; and

u. The conduct of the person affected interstate commerce.

9. Chapter 720 ILCS § 5/16-1(a) prohibits a form of extortion. A person commits this offense when:

v. That the person by threat knowingly obtains control over property owned by another; and

w. That the person intended to permanently deprive the owner of the use or benefit of the property.

For purposes of Chapter 720 ILCS § 5/16-1(a), the word "threat" means a communication made in any fashion to take action as an official against anyone or anything, or withhold official action, or cause such action or withholding.

| Government Response | The jury should be instructed at the outset that it need not find promotion of each and every state-law predicate; for clarity, that instruction should be buried at the end. Given the length of the instructions and the fact that this instruction relates to substantive § 1952 counts, the government proposes stating the substance of all state-law predicates here. The government incorporates its responses set forth above with regard Government Instruction 38. |
|---|---|

li.   Gov't Instr. No. 68 - Counts Eight, Nine, Ten, Nineteen, and Twenty—Elements

| Proposed Instruction | Counts Eight, Nine and Ten of the indictment charge defendant Michael Madigan, and Counts Nineteen and Twenty charge defendants Michael Madigan and Michael McClain with committing wire fraud. In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:<br><br>1. That the defendant knowingly devised or participated in a scheme to defraud, as described in the count you are considering;<br>2. That the defendant did so with the intent to defraud;<br>3. The scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and<br>4. That for the purpose of carrying out the scheme, the defendant used or caused interstate wire communications to take place in the manner charged in the particular count.<br><br>If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.<br><br>If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge. |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1341 & 1343 Mail/Wire/Carrier Fraud—Elements) (modified) |
| Madigan Position | **Agreed.** |
| McClain Position | **Objects.** |

|  | Mr. McClain objects to the references to the other counts in Government Instruction No 68. Mr. McClain proposes language that tracks the allegations in the indictment. See Dkt. 37 at 90 |
|---|---|
| McClain Alternative | Counts ~~Eight, Nine, Ten,~~ Nineteen, and Twenty—Elements

~~Counts Eight, Nine and Ten of the indictment charge defendant Michael Madigan, and~~ Counts Nineteen and Twenty of the indictment charge defendants Michael Madigan and Michael McClain with committing wire fraud. In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. That the defendant knowingly devised ~~or~~ and participated in a scheme to defraud, as described in the count you are considering;
2. That the defendant did so with the intent to defraud;
3. The scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and
4. That for the purpose of carrying out the scheme, the defendant used or caused interstate wire communications to take place in the manner charged in the particular count. If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge. If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge. |
| Government Response | The government does not agree with McClain's suggestion that the jury be instructed separately as to the honest service fraud counts, as the elements are the same and the jury will be instructed to consider each count and each defendant separately. The beginning of each proposed government elements instruction advises the jury of who is charged as to each count. |

lii.   Gov't Instr. No. 69 – Counts Eight, Nine, Ten, Nineteen, and Twenty—Types of Wire Fraud

| | |
|---|---|
| Proposed Instruction | Counts Eight, Nine and Ten of the indictment charge defendant Michael Madigan, and Counts Nineteen and Twenty charge defendants Michael Madigan and Michael McClain with committing wire fraud in two different ways: First, the defendants are charged with wire fraud by participating in a scheme to obtain money or property. Second, the defendants are charged with wire fraud by participating in a scheme to defraud the people of the State of Illinois of the intangible right to honest services of defendant Michael Madigan. A defendant should be found guilty if you find wire fraud was committed by either way described above, but you must unanimously agree on which method was used. |
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1341, 1343 & 1346 Types of Mail/Wire/Carrier Fraud) (modified) |
| Madigan Position | **Agreed.** |
| McClain Position | **Objects.**<br><br>Mr. McClain proposes the pattern instruction. |
| McClain Alternative | Counts ~~Eight, Nine, Ten,~~ Nineteen, and Twenty—Types of Wire Fraud<br><br>~~Counts Eight, Nine and Ten of the indictment charge defendant Michael Madigan, and~~ Counts Nineteen and Twenty *of the indictment* charge defendants Michael Madigan and Michael McClain with committing wire fraud in two different ways:  First, the defendants are charged with wire fraud by participating in a scheme to obtain money or property.  Second, the defendants are charged with wire fraud by participating in a scheme to defraud the people of the State of Illinois of the intangible right to honest services of defendant Michael Madigan.  ~~A defendant should be found guilty if you find wire fraud was committed by either way described above, but you must unanimously agree on which method was used.~~ |
| Government Response | The jury should be informed that there are two separate theories and that a jury need only be unanimous as to one or the other theory, as this is an accurate statement of the law. |

liii.   Gov't Instr. No. 70 -Counts Eight, Nine, Ten, Nineteen, and Twenty—Use of Interstate Communication Facility

| | |
|---|---|
| Proposed Instruction | The government must prove that interstate communication facilities were used to carry out the scheme, or were incidental to an essential part of the scheme.<br><br>In order to use or cause interstate wire communications to take place, a defendant need not actually intend that use to take place. You must find that the defendant knew this use would actually occur, or that the defendant knew that it would occur in the ordinary course of business, or that the defendant knew facts from which that use could reasonably have been foreseen. However, the government does not have to prove that a defendant knew that the wire communication was of an interstate nature.<br><br>The defendant need not actually or personally use interstate communication facilities.<br><br>Although an item communicated interstate need not itself contain a fraudulent representation or promise or a request for money, it must carry out or attempt to carry out the scheme.<br><br>Each separate use of interstate communication facilities in furtherance of the scheme to defraud constitutes a separate offense. |
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1341 & 1343 Use of Mails/Interstate Carrier/Interstate Communication Facility) (modified) |
| Madigan Position | **Agreed.** |
| McClain Position | **Objects.**<br><br>Mr. McClain objects to certain sentences of Government Instruction No. 70 as unnecessary. Mr. McClain proposes language that tracks the allegations in the indictment. See Dkt. 37 at 98, 100 |
| McClain Alternative | Counts ~~Eight, Nine, Ten,~~ Nineteen, and Twenty— Use of Interstate Communication Facility<br><br>The government must prove that interstate communication facilities were used to carry out the scheme, or were incidental to an essential part of the scheme. |

| | |
|---|---|
| | In order to ~~use or~~ cause interstate wire communications to take place, a defendant need not actually intend that use to take place. You must find that the defendant knew this use would actually occur, or that the defendant knew that it would occur in the ordinary course of business, or that the defendant knew facts from which that use could reasonably have been foreseen. ~~However, the government does not have to prove that a defendant knew that the wire communication was of an interstate nature.~~<br><br>~~The defendant need not actually or personally use interstate communication facilities.~~<br><br>Although an item communicated interstate need not itself contain a fraudulent representation or promise or a request for money, it must carry out or attempt to carry out the scheme.<br><br>~~Each separate use of interstate communication facilities in furtherance of the scheme to defraud constitutes a separate offense.~~ |
| Government Response | The government does not agree with McClain's suggestion that the jury be instructed separately as to the honest service fraud counts, as the elements are the same and the jury will be instructed to consider each count and each defendant separately.<br><br>The government believes the Pattern Instruction's bracketed portions should be included here, as they are applicable to this case. Because the indictment references "causing" a transmission, it should be made clear that the defendant himself does not need to use the interstate communication facility in question. In addition, there are multiple counts, so the jury should be instructed that each separate communication can constitute a separate offense. |

liv.    Gov't Instr. No. 71 Counts Eight, Nine, Ten, Nineteen, and Twenty—Success Not Required

| | |
|---|---|
| Proposed Instruction | The wire fraud statute can be violated whether or not there is any loss or damage to the victim of the crime or gain to the defendant. |

| | The government need not prove that the scheme to defraud actually succeeded. |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1341 & 1343 Success Not Required) |
| Madigan Position | **Agreed.** |
| McClain Position | **Objects.** <br><br> Mr. McClain objects to Government Instruction No. 71 because it is an incorrect statement of the law. To establish wire fraud, the government must plead and prove as an element of the offense that the defendant deprived the victim of a property right. *United States v. F.J. Vollmer & Co.*, 1 F.3d 1511, 1520 (7th Cir. 1993) (citing *McNally v. United States*, 483 U.S. 350, 359-61 (1987); *see also United States v. Kelerchian*, 937 F.3d 895, 910 (7th Cir. 2019); *United States v. Walters*, 997 F.2d 1219, 1227 (7th Cir. 1993). In other words, the government must show that defendant actually succeeded in obtaining the victim's property. |
| McClain Alternative | [No Instruction] |
| Government Response | McClain's position is legally unsound, as reflected by the Pattern Instruction. *See United States v. Lupton*, 620 F.3d 790, 805 (7th Cir. 2010) (the "wire fraud statutes criminalize the fraudulent acts undertaken to secure illicit gains, not their ultimate successes"). The cases McClain cites stand for the proposition that a defendant must intend to deprive victims of property; they do stand for the proposition for which they are cited. |

lv.    Gov't Instr. No. 72 Counts Eight, Nine, Ten, Nineteen, and Twenty—Definition of Scheme to Defraud

| Proposed Instruction | A scheme is a plan or course of action formed with the intent to accomplish some purpose. <br><br> A "scheme to defraud" is a scheme that is intended to deceive or cheat another and to obtain money or property or cause the potential loss of money or property to another by means of materially false or fraudulent pretenses, representations or promises or to deprive another of the intangible right to honest services through bribery. |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1341 & 1343 Definition of "Scheme to Defraud") |
| Madigan Position | **Agreed.** |

118

| McClain Position | **Objects.** |
| --- | --- |
| | Mr. McClain states that under settled Supreme Court precedent, a defendant commits property fraud only if the object of his scheme was to obtain the victim's money or property. *Kelly v. United States*, 590 U.S. 391, 393 (2020); see id. at 398 (explaining that the wire fraud statute prohibits only deceptive schemes to deprive the victim of money or property). The instruction must clearly state that the money or property obtained must be the victim's. In addition, potential loss is not alleged in the indictment. Dkt. 73 at 90 |
| McClain Alternative | Counts Nineteen, and Twenty—<br>Definition of Scheme to Defraud<br><br>A scheme is a plan or course of action formed with the intent to accomplish some purpose.<br><br>A "scheme to defraud" is a scheme that is intended to deceive or cheat ~~another~~ the victim and to obtain the victim's money or property ~~or cause the potential loss of money or property to another~~ by means of materially false or fraudulent pretenses, representations or promises or to deprive ~~another~~ the victim of the intangible right to honest services through bribery. |
| Government Response | As asserted in the indictment, and in the government's response to McClain's motion to dismiss, the government is proceeding on a property fraud theory and an honest services fraud theory. R. 72 and 81-82. Accordingly, McClain's edits to the Pattern Instructions are improper. |

lvi.  Gov't Instr. No. 73 - Counts Eight, Nine, Ten, Nineteen, and Twenty—Definition of Knowingly

| Proposed Instruction | The previous instruction I provided you concerning the term Knowingly (page **\*\***) applies to your consideration of the charges in Counts Eight, Nine, Ten, Nineteen, and Twenty. |
| --- | --- |
| Legal Authority | Seventh Circuit Pattern Instruction 4.10 – Definition of Knowingly |
| Madigan Position | **Objects.**<br><br>For consistency, moving these to one definition instruction. |
| Madigan Alternative | Counts Eight, Nine, Ten, Nineteen, and Twenty—<br>Definition ~~of Knowingly~~ |

|  | The previous instruction I provided you concerning the term Knowingly (page **), Good Faith (page **), Official Action (page **) and Intent to Influence (page **) applies to your consideration of the charges in Counts Eight, Nine, Ten, Nineteen, and Twenty. |
|---|---|
| McClain Position | **Objects.**<br><br>Mr. McClain objects to references of the other counts. |
| McClain Alternative | Counts ~~Eight, Nine, Ten,~~ Nineteen, and Twenty—Definition of Knowingly<br><br>The previous instruction I provided you concerning the term Knowingly (page **) applies to your consideration of the charges in Counts ~~Eight, Nine, Ten,~~ Nineteen, and Twenty. |
| Government Response | The government does not oppose giving one definition of "knowingly," but opposes reference to the other instructions and the substance of those instructions. |

lvii.   Gov't Instr. No. 74 Counts Eight, Nine, Ten, Nineteen, and Twenty—Definition of "Material"

| Proposed Instruction | A false or fraudulent pretense, representation, or promise is "material" if it is capable of influencing the decision of the person to whom it was addressed.<br><br>It is not necessary that the false or fraudulent pretense, representation, or promise have that influence or be relied on by the alleged victim, as long as it is capable of doing so. |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1341 & 1343 Definition of "Material") |
| Madigan Position | **Objects.**<br><br>The additional language ensures the jury understands the government's burden. |
| Madigan Alternative | A false or fraudulent pretense, representation, or promise is "material" if it is capable of influencing the decision of the person to whom it was addressed.<br><br>It is not necessary that the false or fraudulent pretense, representation, or promise have that influence or be relied on by the alleged victim, however, the Government must |

| | |
|---|---|
| | prove that the defendant knew ~~as long as~~ it ~~was~~ is capable of doing so. |
| McClain Position | **Objects.** <br><br> Mr. McClain objects to the second sentence of Government Instruction No. 74 as unnecessary. |
| McClain Alternative | Counts ~~Eight, Nine, Ten,~~ Nineteen, and Twenty— Definition of "Material" <br> A false or fraudulent pretense, representation, or promise is "material" if it is capable of influencing the decision of the person to whom it was addressed. <br><br> ~~It is not necessary that the false or fraudulent pretense, representation, or promise have that influence or be relied on by the alleged victim, as long as it is capable of doing so.~~ |
| Government Response | Defendants' edits to the Pattern are incorrect statements of law. *See United States v. Gaudin*, 515 U.S. 506, 509 (1995) (To be material for purposes of section 1001, a statement must have 'a natural tendency to influence, or [be] capable of influencing, the decision of the decision-making body to which it was addressed."); *United States v. Turner*, 551 F.3d 657, 663 (7th Cir. 2008). |

    lviii.  Gov't Instr. No. 75 - Counts Eight, Nine, Ten, Nineteen, and Twenty—Definition of "Intent to Defraud"

| | |
|---|---|
| Proposed Instruction | A person acts with "intent to defraud" if he acts knowingly with the intent to deceive or cheat the victim in order to cause a gain of money or property to the defendant or another, the potential loss of money or property to another, or to deprive another of the intangible right to honest services through bribery. |
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1341 & 1343 Definition of "Intent to Defraud") |
| Madigan Position | **Agreed.** |
| McClain Position | **Objects.** <br><br> Mr. McClain states that a defendant commits property fraud only if the object of his scheme was to obtain the victim's money or property. *Kelly v. United States*, 590 U.S. 391, 393 (2020); *see id.* at 398 (explaining that the wire fraud statute prohibits only deceptive schemes to deprive the victim of money or property). The instruction must clearly state that the money or property obtained |

|  | must be the victim's. In addition, potential loss is not alleged in the indictment. Dkt. 73 at 90 |
| McClain Alternative | Counts ~~Eight, Nine, Ten,~~ Nineteen, and Twenty—Definition of "Intent to Defraud"<br><br>A person acts with "intent to defraud" if he acts knowingly with the intent to deceive or cheat the victim in order to ~~cause a gain of~~ obtain the victim's money or ~~property to the defendant or another, the potential loss of money or property to another,~~ or to deprive ~~another~~ the victim of the intangible right to honest services through bribery. |
| Government Response | The government incorporates its response to Government Proposed Instruction 72, above. |

lix. Gov't Instr. No. 76 Counts Eight, Nine, Ten, Nineteen, and Twenty—Honest Services Fraud

| Proposed Instruction | A scheme to defraud another of the intangible right to "honest services" consists of a scheme to violate a fiduciary duty by bribery. A fiduciary duty is a duty to act only for the benefit of the public. A public official owes a fiduciary duty to the public.<br><br>A defendant need not owe the fiduciary duty personally, so long as he devises or participates in a bribery scheme intended to deprive the public of its right to a fiduciary's honest services. |
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1341, 1343 & 1346 Definition of "Honest Services") |
| Madigan Position | **Agreed.** |
| McClain Position | **Objects.**<br><br>Mr. McClain objects to the last sentence Government Instruction No. 76 as an incorrect statement of the law.<br>*Percoco v. United States*, 143 S. Ct. 1130 (2023)<br>*United States v. Nayak*, 769 F.3d 98 (7th Cir. 2014) |
| McClain Alternative | Counts Nineteen and Twenty—Honest Services Fraud<br><br>A scheme to defraud another of the intangible right to "honest services" consists of a scheme to violate a fiduciary duty by bribery. A fiduciary duty is a duty to act only for |

|  | the benefit of the public. ~~A public official owes a fiduciary duty to the public.~~

A public official owes a fiduciary duty to the public. ~~A defendant need not owe the fiduciary duty personally, so long as he devises or participates in a bribery scheme intended to deprive the public of its right to a fiduciary's honest services.~~ |
|---|---|
| Government Response | McClain misreads *Percoco v. United States*, 143 S. Ct. 1130 (2023), which has no application to this case. The Supreme Court rejected the view that any private citizen with influence over government decision-making can be convicted of honest services fraud based on his own fiduciary duty to the public. *Id.* at 1137-38. However, the Court declined to hold that a private citizen can never owe such fiduciary duties to the public, however, and observed that a private citizen may have a fiduciary duty to the public if he becomes an actual agent of government. *Id.* Accordingly, the Pattern Instruction remains an accurate statement of law. |

lx.    Gov't Instr. No. 77 - Counts Eight, Nine, Ten, Nineteen, and Twenty—Bribery

| Proposed Instruction | With respect to Counts Eight, Nine, Ten, Nineteen, and Twenty, a public official commits bribery when he demands, solicits, seeks, asks for, agrees to accept, agrees to receive, accepts or receives, directly or indirectly, something of value from another person in exchange for a promise for, or performance of, an official act.

"Something of value" includes money, property, fees, or contractual rights. |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1341, 1343 & 1346 Receiving a Bribe or Kickback) (modified) |
| Madigan Position | **Objects.**

The government added the redlined to the pattern, which is not necessarily included in a definition of property and is confusing. |
| Madigan Alternative | With respect to Counts Eight, Nine, Ten, Nineteen, and Twenty, a public official commits bribery when he demands, solicits, seeks, asks for, agrees to accept, agrees to receive, accepts or receives, directly or indirectly, |

|  | something of value from another person in exchange for a promise for, or performance of, an official act.<br><br>"Something of value" includes money, property, or fees, ~~or contractual rights~~. |
|---|---|
| McClain Position | **Objects.**<br><br>Mr. McClain proposes the pattern instruction. |
| McClain Alternative | Counts ~~Eight, Nine, Ten,~~ Nineteen, and Twenty ~~—Bribery~~ Receiving a Bribe<br><br>With respect to Counts ~~Eight, Nine, Ten,~~ Nineteen, and Twenty, a public official commits bribery when he demands, solicits, seeks, asks for, agrees to accept, agrees to receive, accepts or receives, directly or indirectly, something of value from another person in exchange for a promise for, or performance of, an official act.<br><br>"Something of value" includes money, property, fees, or contractual rights. |
| Government Response | The government agrees to remove "contractual rights." The government does not agree to give separate instructions with regard Counts 8, 9, and 10, as McClain requests. |

lxi.   Gov't Instr. No. 78—Counts Eight, Nine, Ten, Nineteen, and Twenty—Official Action and Intent to Influence

| Proposed Instruction | The previous instructions I provided you concerning the terms Official Action (page **\*\***) and Intent to Influence (page **\*\***) apply to your consideration of the charges in Counts Eight, Nine, Ten, Nineteen, and Twenty. |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instructions (18 U.S.C. § 201 Official Action) (modified), 18 U.S.C. §§ 1341, 1343 & 1346 Intent to Influence) |
| Madigan Position | **Objects.**<br><br>For consistency, defense proposes moving these to one definition instruction with Knowingly. |
| Madigan Alternative | [No Instruction] |
| McClain Position | **Objects.**<br><br>Mr. McClain objects to the reference to the other counts. |
| McClain Alternative | Counts Nineteen and Twenty—Intent to Influence |

| | |
|---|---|
| | The previous ~~instructions~~ instruction I provided you concerning the ~~terms Official Action (page \*\*) and~~ term Intent to Influence (page \*\*) ~~apply~~ applies to your consideration of the charges in Counts ~~Eight, Nine, Ten,~~ Nineteen, and Twenty. |
| Government Response | The government generally does not oppose referring back to earlier definitional instructions. |

lxii.  Gov't Instr. No. 79—Counts Eight, Nine, Ten, Nineteen, and Twenty—Wire Communication

| | |
|---|---|
| Proposed Instruction | Emails constitute transmission by means of wire communication. |
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1343 Wire Communication) |
| Madigan Position | **Agreed.** |
| McClain Position | **Objects.** |
| McClain Alternative | Counts ~~Eight, Nine, Ten,~~ Nineteen, and Twenty—Wire Communication<br><br>Emails constitute transmission by means of wire communication. |
| Government Response | McClain's apparent objection is that he would like separate instruction for those counts specific to him. The opposes this, as it would case unnecessary repetition. |

lxiii.  Gov't Instr. No. 80 - Count Fifteen—Elements

| | |
|---|---|
| Proposed Instruction | Count Fifteen of the indictment charges defendant Michael Madigan with attempted extortion. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:<br><br>1. That the defendant knowingly obtained or attempted to obtain money or property from [Company C];<br>2. That the defendant attempted to do so by means of extortion under color of official right;<br>3. That the defendant believed that [Company C] would have parted with the money or property because of the extortion; and<br>4. That the conduct of the defendant affected, would have affected or had the potential to affect interstate commerce. |

| | |
|---|---|
| | If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.<br><br>If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty. |
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1951 Attempted Extortion Elements) (modified) |
| Madigan Position | **Objects.**<br><br>The defense requests to restore the pattern language that the government removed. |
| Madigan Alternative | Count Fifteen of the indictment charges defendant Michael Madigan with attempted extortion. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:<br>1.    That the defendant knowingly obtained or attempted to obtain money or property from [Company C];<br>2.    That the defendant attempted to do so by means of extortion under color of official right, as that term is defined in these instructions;<br>3.    That the defendant believed that [Company C] would have parted with the money or property because of the extortion; and<br>4.    That the conduct of the defendant affected, would have affected or had the potential to affect interstate commerce.<br><br>If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.<br><br>If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty. |
| McClain Position | [Not applicable; McClain not charged in Count Fifteen] |
| Government Response | The government agrees to add the additional language proposed by defendants. |

lxiv.   Gov't Instr. No. 81 - Count Fifteen—Attempted Extortion

| | |
|---|---|
| Proposed Instruction | A person commits the offense of attempted extortion when they (1) knowingly take a substantial step toward committing extortion, (2) with the intent to commit extortion. The substantial step must be an act that strongly corroborates that the defendant intended to carry out the extortion. |
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1951 Extortion—Non-Robbery—Elements) and 4.09 Attempt |
| Madigan Position | **Agreed.** |
| McClain Position | [Not applicable; McClain not charged in Count Fifteen] |

lxv.   Gov't Instr. No. 82 - Count Fifteen—Definitions

| | |
|---|---|
| Proposed Instruction | The previous instructions I provided you concerning the definitions of Extortion under "Color of Official Right" (page **\*\***), Official Action (page **\*\***), Property (page **\*\***), and Effect on Interstate Commerce (page **\*\***) apply to your consideration of the attempted extortion charged in Count Fifteen. |
| Legal Authority | |
| Madigan Position | **Agreed.** |
| McClain Position | [Not applicable; McClain not charged in Count Fifteen] |

lxvi.   Gov't Instr. No. 83—Jury Deliberations

| | |
|---|---|
| Proposed Instruction | Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, computer, text messaging, instant messaging, the internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, |

| | |
|---|---|
| | Instagram, Snapchat, X (formerly known as Twitter), TikTok or any other method of communication. |
| | If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury, and you should identify yourself only by your juror number. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. |
| | If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be. |
| Legal Authority | Seventh Circuit Pattern Instruction 7.01 Jury Deliberations |
| Madigan Position | **Agreed.** |
| McClain Position | **Objects.**<br><br>Mr. McClain proposes the pattern instruction. |
| McClain Alternative | Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.<br><br>Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, computer, text messaging, instant messaging, the internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, X (formerly known as Twitter), TikTok or any other method of communication.<br><br>If you need to communicate with me while you are deliberating, send a note through the court security officer. |

| | |
|---|---|
| | The note should be signed by the foreperson, or by one or more members of the jury, and you should identify yourself only by your juror number. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony. <br><br> If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be. |
| Government Response | The government agrees to McClain's request to include the bracketed text from the Pattern Instruction. |

i.    Gov't Instr. No. 84 – Punishment

| | |
|---|---|
| Proposed Instruction | In deciding your verdict, you should not consider the possible punishment for the defendants who are on trial. If you decide that the government has proved a defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment. |
| Legal Authority | Seventh Circuit Pattern Instruction 4.08 |
| Madigan Position | **Disputed. Defense requests to strike or, in the alternative, move to after Government Instruction No. 23.** <br><br> The defense will not argue that the jury should consider the possible punishment for defendants. If the instruction is given, it should be given with the other general instructions before the elements instructions. |
| Madigan Alternative | [No instruction] or move after Gov't Instr. No. 23. |
| McClain Position | **Objects.** <br><br> Mr. McClain objects to Government Instruction 84 as unnecessary. This instruction, as stated in the Committee Comment, is optional. The jury will not hear evidence suggesting a range of sentences that defendants may face. |
| McClain Alternative | [No instruction] |
| Government Response | The government believes the Pattern Instruction should be given, as is routine practice in this district. Although |

|  | defense attorneys rarely state that their clients will be sent to prison, they routinely allude to that fact. For example, the jury will likely learn about the possible penalties of the government's cooperators for similar offenses, and defense attorneys routinely imply that their clients will be sent to prison upon conviction during closing arguments. Certain attorneys in the ComEd 4 case did this very thing. |
|---|---|

### d. Disputed Instructions Proposed by Defendant Madigan

#### i. Madigan Prelim. Inst. 2—The Charges

| Proposed Instruction | The charges against the defendants are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges defendants Madigan and McClain with racketeering conspiracy; conspiracy to commit an offense against the United States; federal program bribery; wire fraud; and use of an interstate facility in aid of unlawful activity. Defendant Madigan is also charged with attempted extortion.

The defendants have pled not guilty to the charges. The indictment is simply the formal way of telling the defendants what crimes they are accused of committing. It is not evidence that the defendants are guilty. It does not even raise a suspicion of guilt. |
|---|---|
| Legal Authority | Seventh Circuit Pattern (2023), p. 8 |
| Government Position | **Objects**.

This instruction refers to violations of § 1952 as use of an interstate facility in aid of "unlawful activity," which should be "racketeering activity." Violations of 18 U.S.C. § 1952 are described in Count 1 as use of an interstate facility in aid of racketeering activity (and the racketeering predicate in § 1961 references this statute as "relating to racketeering"). To avoid juror confusion, the same description for this offense should be retained in these instructions. |
| Government Alternative | The charges against the defendants are in a document called an indictment. You will have a copy of the indictment during your deliberations. |

| | |
|---|---|
| | The indictment in this case charges defendants Madigan and McClain with racketeering conspiracy; conspiracy to commit an offense against the United States; federal program bribery; wire fraud; and use of an interstate facility in aid of ~~unlawful~~ racketeering activity.  Defendant Madigan is also charged with attempted extortion.<br><br>The defendants have pled not guilty to the charges.  The indictment is simply the formal way of telling the defendants what crimes they are accused of committing.  It is not evidence that the defendants are guilty.  It does not even raise a suspicion of guilt. |

ii.  Madigan Prelim. Inst. 5—Direct and Circumstantial Evidence

| | |
|---|---|
| Proposed Instruction | You may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is evidence that directly proves a fact.  Circumstantial evidence is evidence that indirectly proves a fact.<br><br>You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other.  It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.<br><br>However, you may not speculate or rely on suspicion. Circumstantial evidence that leads only to a strong suspicion that someone is involved in a criminal activity is not a substitute for proof of guilt beyond a reasonable doubt. |
| Legal Authority | Seventh Circuit Pattern (2023), p. 12 (Modified)<br><br>The defense modified the definition of circumstantial evidence and the instruction as to the weight to give circumstantial evidence to ensure that the jury is informed of the difference between a reasonable inference and speculation. *See United States v. Garcia*, 919 F.3d 489, 503 (7th Cir. 2019) (citing *Piaskowski v. Bett*, 256 F.3d 687, 692 (7th Cir. 2001) ("[A] judge must take special care to guard against the possibility that a defendant might be found guilty by either speculation or mere association. Circumstantial evidence that leads only to a 'strong suspicion that someone is involved in a criminal activity is no substitute for proof of guilt beyond a reasonable doubt.'"); *United States v. Jones*, 713 F.3d 336, 340 (7th Cir. |

| | |
|---|---|
| | 2013) ("We do not suggest that there is a bright line between reasonable and unreasonable inferences from circumstantial evidence, but there is a line. The government may not prove its case, as we have said, with 'conjecture camouflaged as evidence.'")<br><br>This instruction was given in *United States v. Sorensen*, 19-CR-745, Dkt. 189, p. 6. In *United States v. Mitziga*, 23-CR-242, Dkt. 176, p. 6, the instruction was modified to distinguish between circumstantial evidence and speculation. |
| Government Position | **Objects.**<br><br>The government incorporates its response to Madigan's additions to Government's Instruction 6. The Court should give the pattern instruction, including the bracketed language. |
| Government Alternative | You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.<br><br><span style="color:red">For example, direct evidence that it was raining outside is testimony by a witness that it was raining. Indirect evidence that it was raining outside is the observation of someone entering a room carrying a wet umbrella.</span><br><br>You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.<br><br><span style="color:red">~~However, you may not speculate or rely on suspicion. Circumstantial evidence that leads only to a strong suspicion that someone is involved in a criminal activity is not a substitute for proof of guilt beyond a reasonable doubt.~~</span> |

iii.  Madigan Prelim. Inst. 6—Considering the Evidence

| | |
|---|---|
| Proposed Instruction | Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and |

| | |
|---|---|
| | consider the evidence in light of your own everyday experience.<br><br>People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence. However, any inferences that you make must be reasonable and logically connected to the evidence—you must not speculate or guess. |
| Legal Authority | Seventh Circuit Pattern (2023), p. 13, Modified<br><br>For the same reasons as stated in Defense Proposed Instruction No. 6, the jury to be warned not to speculate and the distinction between a reasonable inference and speculation. *United States v. Garcia*, 919 F.3d 489, 503 (7th Cir. 2019) (citing *Piaskowski v. Bett*, 256 F.3d 687, 692 (7th Cir. 2001)) ("[A] judge must take special care to guard against the possibility that a defendant might be found guilty by either speculation or mere association. Circumstantial evidence that leads only to a 'strong suspicion that someone is involved in a criminal activity is no substitute for proof of guilt beyond a reasonable doubt.'"); *United States v. Jones*, 713 F.3d 336, 340 (7th Cir. 2013) ("We do not suggest that there is a bright line between reasonable and unreasonable inferences from circumstantial evidence, but there is a line. The government may not prove its case, as we have said, with 'conjecture camouflaged as evidence.'") |
| Government Position | **Objects.**<br><br>The government incorporates its response to Madigan's additions to Government's Instruction 6. The Court should give the pattern instruction, including the bracketed language. |
| Government Alternative | Give the evidence whatever weight you believe it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.<br><br>People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence. ~~However, any inferences that you~~ |

133

| | ~~make must be reasonable and logically connected to the evidence—you must not speculate or guess.~~ |

### iv. Madigan Instruction 14—Dual Employment

| Proposed Instruction | Members of the Illinois House of Representatives are permitted to hold other jobs, such as lawyers, small business owners, and lobbyists, while serving in public office. Defendant Madigan was a licensed attorney in good standing in the State of Illinois and was authorized to practice law during the relevant time. |
|---|---|
| Legal Authority | *United States v. Burke*, 19 CR 322, Dkt. 384, p. 320. |
| Government Position | **Objects.**<br><br>The government objects to this proposed instruction, which is a factual assertion more appropriately considered as a potential stipulation. Madigan's standing as a lawyer has no relevance to the charges in the indictment. In addition, defense theory instructions, like this one, are only appropriate if "(1) the proffered instruction is a correct statement of the law; (2) the defense theory is supported by evidence; (3) the defense theory is not part of the charge; and (4) failure to give the instruction would deny defendants a fair trial." *United States v. Brown*, 250 F.3d 580, 587 (7th Cir. 2001). |

### v. Madigan Instruction 15—Conspiracy Elements

| Proposed Instruction | Count One charges a Racketeering conspiracy. In order for you to find a defendant guilty of this charge, the government must prove both of the following elements beyond a reasonable doubt:<br>1.    The conspiracy as charged in Count One existed;<br>2.    The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy. |
|---|---|
| Legal Authority | Seventh Circuit Pattern (2023), p. 105. (modified)<br>Seventh Circuit Pattern (2023), p. 832. (18 U.S.C. §1962(d))<br><br>The Government's proposed instruction leaves out the elements of conspiracy when no overt act is required. The committee comments to the 18 U.S.C. §1962(d) instruction state, "The "Conspiracy" elements instruction, without the overt act requirement, should be given in conjunction with this instruction." |

| | |
|---|---|
| Government Position | **Agreed.**<br><br>The government will agree to incorporate this proposed instruction into Government Instruction No. 29. |

    vi.  Madigan Instruction 16—Job Recommendations Authorized by Law

| | |
|---|---|
| Proposed Instruction | Public officials and public employees are authorized by law to make job referrals, even if the person or entity acting on the job referral has business pending with the State, including before the Illinois legislature. To violate the law, the referral and hiring must be both corrupt, as defined in these instructions, and the result of an explicit agreement to exchange a thing of value for a specific official act. |
| Legal Authority | The Illinois Governmental Ethics Act and State Officials and Employees Ethics Act "place[] a limit on those things of value a legislator may receive personally from persons with a 'legislative interest', when the legislator might reasonably infer a major purpose of the donor was to influence performance of his official duties." *People v. Brandstetter*, 103 Ill. App. 3d 259, 265 (1982). These statutes do not restrict job recommendations made by a legislator, or hirings made based on those recommendations. These activities are authorized by law. Id.<br><br>On the federal level, the United States House of Representatives Committee on Ethics has specifically recognized that "Writing letters of recommendation for constituents is consistent with the representational duties of Members of Congress." United States House of Representatives, Committee on Ethics, Recommendations for Government Employment. This guidance recognizes that recommendations are authorized as long as they do not "discriminate unfairly by the dispensing of special favors or privileges to anyone, whether for remuneration or not." *Id.* |
| Government Position | **Objects.**<br><br>This proposed instruction should be rejected. The government has proposed that the Court provide the jury with the text of the Illinois Governmental Ethics Act which provides what limits apply to benefits received by public officials. Instead of this law, Madigan proposes suggesting an instruction untethered to actual State law—namely, |

| | that all job referrals are legal. The indictment does not charge that Madigan received job referrals as benefits and so this instruction is a *non sequitur* as far as the indictment and charges are concerned. Moreover, *People v. Brandstetter*, 103 Ill. App. 3d 259, 265 (1982), the case cited by defendant, does not support this instruction. *Brandstetter* did not concern job referrals or identify them as somehow authorized by law (a concept which makes no sense in the context of the applicable bribery statute), rather it concerned the receipt of campaign contributions by a public official. Similarly, Congressional House committee reports have zero bearing on what is authorized under Illinois State law. Madigan's reference to a House committee report illustrates this instruction is not based in Illinois law. |
|---|---|

vii.  Madigan Instruction 17—Lobbying

| Proposed Instruction | Under Illinois law, lobbying means to communicate, including the soliciting of others to communicate, with a public official for the ultimate purpose of influencing any executive, legislative, or administrative action at the State, municipal, county, or township government level.

Illinois law defines influencing as any communication, action, reportable expenditure, or other means used to promote, support, affect, modify, oppose, or delay any executive, legislative, or administrative action or to promote goodwill with public officials. |
|---|---|
| Legal Authority | *United States v. McClain*, 20-CR-812, Dkt. 249, p. 41 (N.D. Ill. April 25, 2023) |
| Government Position | **Objects.**

This proposed instruction should be rejected. The jury does not need an instruction concerning what lobbying means. Witnesses will testify about lobbying activity, and the government will not contend that lobbying in and of itself is illegal. Moreover, the instruction as provided mistakenly implies that lobbyists may make any expenditure in support of lobbying activity, when in fact that are many onerous restrictions placed on lobbyists and what activities and benefits they are permitted to provide (and thus which are not authorized by law) which are absent from this instruction. In addition to the Illinois Governmental Ethics |

|  | Act which appears in Government Instruction 39, the Illinois Lobbyist Registration Act also requires disclosure of expenditures attributed to lobbying (that is, influencing) officials, including "any other thing . . . of value."  This instruction accounts for neither State law. |

viii.   Madigan Instruction 19—"Corruptly"

| Proposed Instruction | A person acts corruptly when that person acts with the knowledge that his conduct is unlawful. |
| --- | --- |
| Legal Authority | "Corruptly" must be narrowly defined: "A defendant must intend to obtain a benefit that *he knows is unlawful.*" *United States v. Fischer*, 64 F.4th 329, 358 (D.C. Cir. 2023) (Walker, J., concurring) (emphasis added); *see also United States v. Macrina,* 20-cr-00216, Dkt. 124, p. 20 (N.D. Ga. 2024) ("To act "corruptly" means to act voluntarily, deliberately, and dishonestly to either accomplish an unlawful end or result or to use an unlawful method or means to accomplish an otherwise lawful end or result."). |
|  | This definition ensures innocent conduct, like job recommendations and legal lobbying, is not swept into the statute. The Supreme Court noted that "wrongful" is "no guidance at all." *Snyder v. United States*, 144 S.Ct. 1947, 1957 (2024). The Supreme Court also strongly signaled its concerns with defining corruptly to include "wrongful" conduct during oral arguments. Oral Arg. Tr. at 104, *Snyder v. United States* (2024) (No. 23-108) ("Justice Kavanaugh: So consciousness of illegality. In other words, this statute would be narrowed to a situation where it was unlawful under state or local law and you knew it was unlawful under state or local law to take that gratuity. That's your – I mean – [Assistant to the Solicitor General]: Yes. Yes. Justice Kavanaugh: – that's better from your perspective than – [Assistant to the Solicitor General]: That's absolutely better. . . but I'm certainly willing to live with it."); Oral Arg. Tr. at 24 (Justice Gorsuch: "You mentioned consciousness of wrongdoing, which the Court mentioned also in Arthur Andersen, if I recall. And that suggests, I think, that you have to know that it's unlawful. It's one of those rare statutes where perhaps ignorance of the law is a defense, if you will."); Oral Arg. Tr. at 24 (Justice Gorsuch: "Well, the consciousness of wrongdoing usually mean that I know, I mean, wrongdoing is defined |

| | |
|---|---|
| | by law usually, right? But you're saying no, it doesn't—he doesn't have to know that it's unlawful. He has to know that it is unlawful or – fill in the blank… How do you know if it it's wrongful if it's – perfectly legal… I mean, is it a sin? Are you now talking about something that, you know – you know, something that would be a – a venal sin, or does it have to be a mortal one?") |
| | After reviewing the common law roots of the term "corruptly" and its subsequent use across federal criminal statutes, Judge Walker concluded that the term "corruptly" had to mean more than the government's proposed definition of "wrongful purpose." *United States v. Fischer*, 64 F.4th 329, 361 (D.C. Cir. 2023). Instead, "corruptly" requires a defendant to act "with an intent to procure an unlawful benefit either for himself or for some other person." *Id.* citing *Marinello v. United States*, — U.S. —, 138 S. Ct. 1101, 1114, 200 L.Ed.2d 356 (2018) (Thomas, J., dissenting) (cleaned up); *see also United States v. Massey*, 419 F.3d 1008, 1010 (9th Cir. 2005) (*citing United States v. Workinger*, 90 F.3d 1409, 1414 (9th Cir. 1996)) ("the district court correctly instructed the jury that 'corruptly' means 'performed with the intent to secure an unlawful benefit for oneself or another.'") The defendant must "not only kn[ow] he was obtaining an 'unlawful benefit,'" it must also be "his 'objective' or 'purpose.'" *Id.* Judge Walker explained that, "[r]ead that way, 'corruptly'" "avoids rendering [the criminal statute at issue] a vague and far-reaching criminal provision." *Id.* |
| Government Position | **Objects.** |
| | Defendant's proposed definition of "corruptly" is incorrect. Although the *Snyder* majority did not address the meaning of "corruptly" in § 666 at all, or bribes for that matter, the government will nonetheless agree to a more conservative, defense-friendly, instruction that requires the jury to find that defendant understood his conduct to be wrongful or unlawful. That interpretation comports with Supreme Court precedent that, unlike *Snyder*, took the "natural meaning" of "corruptly" head on. *See Arthur Andersen LLP v. United States*, 544 U.S. 696, 705-06 (2005) (finding the terms "'[c]orrupt' and 'corruptly' are normally associated with wrongful, immoral, depraved, or evil[,]" which in turn the Court equated with "consciousness of wrongdoing"). By |

omitting the concept of "wrongfulness," defendants ignore the litany of cases both in and outside the Seventh Circuit that, in the wake of *Arthur Anderson*, have applied similar definitions of "corruptly" to other criminal statutes. *See, e.g., United States v. Volpendesto*, 746 F.3d 273, 286 (7th Cir. 2014) (defining "corruptly" under § 1512(c)(2) as acting "with a wrongful purpose"); *United States v. Matthews*, 505 F.3d 698, 705-07 (7th Cir. 2007) (approving jury instruction defining "corruptly" under § 1512(c)(1) "as acting 'with the purpose of wrongfully impeding the due administration of justice'" (quoting 7th Cir. Pattern Crim. Jury Instr. for 18 U.S.C. § 1503 (1999))); *United States v. Robertson*, 103 F.4th 1, 15 (D.C. Cir. 2023) (noting that "courts that have construed 'corruptly' in 18 U.S.C. § 1512 and in similar obstruction statutes have often focused on equating 'corruption' with 'wrongfulness.'"); *United States v. Lonich*, 23 F.4th 881, 902 (9th Cir. 2022) ("'As used in criminal-law' statutes, the term 'corruptly' usually 'indicates a wrongful desire for pecuniary gain or other advantage.'" (quoting *Black's Law Dictionary* 435 (11th ed. 2019))); *United States v. Farrell*, 921 F.3d 116, 141 (4th Cir. 2019) ("To act 'corruptly' [under § 1512(c)(2)] means to act wrongfully."); *United States v. Ng Lap Seng*, 934 F.3d 110, 142 (2d Cir. 2019) ("When a statute uses the word 'corruptly,' the government must prove . . . that a defendant acted 'with the bad purpose of accomplishing either an unlawful end or result, or a lawful end or result by some unlawful method or means.'" (quoting *United States v. McElroy*, 910 F.2d 1016, 1021-22 (2d Cir. 1990))); *United States v. Mann*, 701 F.3d 274, 307 (8th Cir. 2012) (upholding convictions under § 1512(c)(1), (c)(2), and (k) where "the jury was instructed that 'corruptly' means to act with 'consciousness of wrongdoing'").

Moreover, had Congress intended § 666 to require knowledge of unlawfulness, it would have included a willfulness requirement in the statute. The fact that it did not further counsels against defendant's interpretation.

In fact, since *Snyder* was decided, one court in this district has already rejected similar arguments and adopted the same "corruptly" formulation that the government offers here. *See United States v. Mitziga*, No. 23 CR 242 (N.D. Ill.) (Kennelly, J.). There, the court told the jury in its

| | preliminary instructions at the outset of the case that "[a] person acts corruptly when he gives, offers, or agrees to give something of value to a public official for the purpose of influencing the official in the performance of an official act, understanding that doing so is wrongful or unlawful." The court will presumably give the same instruction after the close of evidence. |
| --- | --- |

ix.   Madigan Instruction 20—Bribery

| Proposed Instruction | If the defendant believes in good faith that he is acting within the law or that his actions comply with the law, he cannot be said to have acted corruptly or with the purpose to obtain an unlawful benefit for himself or someone else. This is so even if the defendant's belief was objectively unreasonable. However, you may consider the reasonableness of the defendant's belief together with all the other evidence to determine whether the defendant held the belief in good faith. |
| --- | --- |
| Legal Authority | Seventh Circuit Pattern (2023), p. 145

The government must prove the defendant acted corruptly. *Cheek v. United States*, 498 U.S. 192, 202, 204-206 (1991); United States v. Becker, 965 F.2d 383, 388 (7th Cir. 1992). This *mens rea* requires "specific intent" by the defendant because the defendant must *know* he his actions were unlawful. *Snyder v. United States*, 144 S.Ct. 1947, 1957 (2024); *United States v. Fischer*, 64 F.4th 329, 361 (D.C. Cir. 2023). The government has previously argued that *United States v. Blagojevich,* 794 F.3d 729 (7th Cir. 2015) stands for the proposition that a good faith instruction is not required. However, this decision predates the Supreme Court's focus on the corruptly *mens rea* during oral argument in *Snyder v. United States.* While "willfully" does not appear in § 666, the history of "corruptly" supports that this *mens rea* also includes a specific intent and the good faith instruction is proper. |
| Government Position | **Objects**. A good faith instruction is not appropriate here, as the "corruptly" instruction already encompasses this same point. *See United States v. Blagojevich*, 794 F.3d 729, 738 (7th Cir. 2015) ("It is enough for the instruction to cover the mental elements required by each statute. That a given defendant wants to apply the phrase 'good faith' to the lack |

| | of essential knowledge or intent does not imply the need for a separate instruction; a jury's task is hard enough as it is without using multiple phrases to cover the same subject. These instructions defined the statutes' mens rea elements correctly; no more was required."). |
|---|---|

x. Madigan Instruction 21—Additional Definitions

| Proposed Instruction | In addition to the instructions set forth here, the previous instructions I provided you concerning the term Campaign Contributions (page **), Official Action (page **), and Lobbying (page **) applies to your consideration of the charges in Counts Two and Twenty-Three. |
|---|---|
| Legal Authority | For consistency, defense proposes referring back to the original instruction for all subsequent references. The "Additional Definitions" throughout should appear at the end of the group of instructions for a particular count. |
| Government Position | The government generally does not oppose referring back to definitional instructions, but we disagree as to many of defendants' proposed definitions, as set forth herein. |

xi. Madigan Instruction 22—Thing of Value

| Proposed Instruction | A "thing of value" must be a private benefit to the public official. General favors that a public official believes will assist his re-election do not qualify as a thing of value. |
|---|---|
| Legal Authority | *United States v. Blagojevich*, 794 F.3d 729, 737 (7th Cir. 2015) ("If the prosecutor is right that a public job counts as a private benefit, then the benefit to a politician from improved chances of election to a paying job such as Governor—or a better prospect of a lucrative career as a lobbyist after leaving office—also would be a private benefit, and we would be back to the proposition that all logrolling is criminal. Even a politician who asks another politician for favors only because he sincerely believes that these favors assist his constituents could be condemned as a felon, because grateful constituents make their gratitude known by votes or post-office employment.") |
| Government Position | This instruction is not appropriate. The *Blagojevich* discusses swapping political favors between public officials; this case does not involve such trading of political favors between public officials. |

141

| | |
|---|---|
| | Moreover, the plain language of § 666 is inconsistent with Madigan's proposed instruction. § 666(a)(1)(B) bars corrupt solicitations "for the benefit of *any person*" of "*anything* of value from any person" with intent to be influenced or rewarded. |

xii.   Madigan Instruction 22—Bribery/Gratuity Distinction

| | |
|---|---|
| Proposed Instruction | To prove that defendant Madigan accepted a bribe, the government must prove that he specifically agreed to take an official act in exchange for a thing of value before the official act took place. If there is no prior agreement, defendant Madigan did not commit bribery and must be found not guilty.<br><br>A good will gift to an official to foster a favorable business climate, given simply with the generalized hope or expectation of ultimate benefit on the part of the donor, does not constitute a bribe. |
| Legal Authority | *Snyder v. United States; United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398 (1999); *United States v. Jennings*, 160 F.3d 1006 (4th Cir. 1998).<br><br>The jury needs to be instructed that anything of value provided after the official act must include a corresponding agreement for payment prior to the official act, otherwise the payment is a gratuity which is not unlawful. *See Snyder v. United States*, 144 S.Ct. 1947, 1959 (2024) (a payment after an official act can only violate section 666 if an official earlier agrees to the future reward and accepts payment after completion of the act.). |
| Government Position | **Objects.** Because the statute does not gratuities, and the elements instruction will adequately inform the jury of the requirements of that statute, no additional language is necessary. Further, courts in this Circuit do not instruct juries about what a gratuity is in other bribery-only contexts, such as § 1346 and § 201. |

xiii.   Madigan Instruction 24—Good Faith - False Statements

| | |
|---|---|
| Proposed Instruction | If a defendant acted in good faith, then he lacked willfulness required to prove the offense of submitting false records and circumventing internal controls charged in Count Two. A defendant acted in good faith if, at the time, |

| | |
|---|---|
| | he honestly believed the truthfulness that the government has charged as being false.<br><br>A defendant does not have to prove his good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted with an intent to defraud as charged in Count Two. |
| Legal Authority | Seventh Circuit Pattern (2023), p. 143. |
| Government Position | **Objects**. The government incorporates its description, above. In addition, because this is a conspiracy charge, defendant is not required to make a false statement himself. |

      xiv.   Madigan Instruction 25—Counts Eight, Nine, Ten, Nineteen, and Twenty—Definitions

| | |
|---|---|
| Proposed Instruction | The previous instructions I provided you concerning the terms Campaign Contributions (page **\*\***), Job Recommendations Authorized by Law (page **\*\***), Official Action (page **\*\***), and Lobbying (page **\*\***) apply to your consideration of the charges in Counts Eight, Nine, Ten, Nineteen, and Twenty. |
| Legal Authority | For consistency and to simplify the instructions, the defense proposes referring back to the initial reference to each definition and elements instruction throughout the instructions. |
| Government Position | The government generally does not oppose referring back to definitional instructions, but we disagree as to many of defendants' proposed definitions, as set forth herein. |

### e. Disputed Instructions Proposed by Defendant McClain

      i.   McClain Instruction 5—Corporate Agent Liability

| | |
|---|---|
| Proposed Instruction | A person is not responsible for the conduct of others performed on behalf of a corporation merely because that person is an officer, employee, or other agent of a corporation. You may not convict a person on the basis that he should have known that he was participating in wrongdoing, rather than on the basis of his actual knowledge. |
| Legal Authority | Seventh Circuit Pattern Instruction 5.02 (modified) |
| Government Position | **Objects**. |

| | If this instruction is given, the entire pattern should be given, which is set forth below. |
|---|---|
| Government Alternative | A person who acts on behalf of a [corporation; partnership; other entity] also is personally responsible for what he does or causes someone else to do. However, a person is not responsible for the conduct of others performed on behalf of a corporation merely because that person is an officer, employee, or other agent of a corporation |

ii.   McClain Instruction 7—Codes of Conduct and Compliance

| Proposed Instruction | You heard evidence concerning codes of conduct and compliance policies issued by [Exelon].  Evidence that a person violated a corporate code of conduct or compliance policy is not, standing alone, sufficient to convict a defendant.  A company's codes of conduct and compliance policies are not the same as federal criminal law, so even if you were to find that a person violated a code of conduct or compliance policy, that does not necessarily mean that there was a violation of criminal law.  You must apply the law that I give you, and the government must prove violation of federal law beyond a reasonable doubt. |
|---|---|
| Legal Authority | *United States v. McClain*, 20 CR 812 (N.D. Ill.) (Leinenweber, J.), Dkt. 249 at 28 |
| Government Position | **Agreed**. The government proposes also adding "AT&T." |

iii.   McClain Instruction 8—Definition of Corruptly

| Proposed Instruction | A person acts corruptly when that person acts with the knowledge that his conduct is unlawful. |
|---|---|
| Legal Authority | *Snyder v. United States*, 144 S. Ct. 1947 (2024) (at p. 1957 and further support during oral argument)<br>*United States v. Aguilar*, 515 U.S. 593, 616-17 (Scalia, concurring and dissenting in part) (approving a jury instruction stating that an "act is done corruptly if it's done voluntarily and intentionally to bring about either an unlawful result or a lawful result by some unlawful method, with a hope or expectation of either financial gain or other benefit to oneself or a benefit of another person").<br>*United States v. Fischer*, 64 F.4th 329, 358 (D.C. Cir. 2023) (Walker, J., concurring)<br>*United States v. Macrina,* 20-cr-00216, Dkt. 124, p. 20 (N.D. Ga. 2024) |

| Government Position | **Objects**. The government incorporates its objections to Madigan's "corruptly" instruction, above. |

### iv.    McClain Instruction 1—Definition of Lobbying

| Proposed Instruction | Under Illinois law, lobbying means to communicate, including the soliciting of others to communicate, with a public official for the ultimate purpose of influencing any executive, legislative, or administrative action at the State, municipal, county, or township level. <br><br> Illinois law defines influencing as any communication, action, reportable expenditure, or other means used to promote, support, affect, modify, oppose, or delay any executive, legislative, or administrative action or to promote goodwill with public officials. |
| --- | --- |
| Legal Authority | *United States v. McClain*, 20 CR 812 (N.D. Ill.) (Leinenweber, J.), Dkt. 249 at 42 <br> 25 ILCS 170/2(e) <br> 25 ILCS 170/2(f) |
| Government Position | **Objects**. <br><br> The government incorporates its objections to Madigan's "lobbying" instruction, above. |

### v.    McClain Instruction— Count Twenty-Three—Good Faith

| Proposed Instruction | If the defendant believes in good faith that he is acting within the law or that his conduct complies with the law, he cannot be said to have acted corruptly or with the purpose to obtain an unlawful benefit. This is so even if the defendant's belief was objectively unreasonable. However, you may consider the reasonableness of the defendant's belief together with all the other evidence to determine whether the defendant held the belief in good faith. |
| --- | --- |
| Legal Authority | Seventh Circuit Pattern Instruction 26 U.S.C. § 7212 Good Faith (modified) |
| Government Position | **Objects**. <br> The government incorporates its objections to Madigan's "good faith" instruction, above. |

### vi.    McClain Instruction—Count Twenty-One—Goodwill

| Proposed Instruction | It is not a crime to give a thing of value to a public official to build a reservoir of goodwill that might ultimately affect one or more of a multitude of unspecified acts, now and in the future. |
|---|---|
| Legal Authority | *United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398, 405-06 (1999)<br>A defendant is entitled to a theory of defense instructions if: (1) the instruction is a correct statement of the law; (2) the evidence supports the theory of defense; (3) the defense is not part of the government's charge; and (4) the failure to give the instruction would deprive the defendants of a fair trial." *United States v. Dickey*, 52 F.4th 680, 686 (7th Cir. 2022). |
| Government Position | **Objects.** This instruction as rejected in the ComEd 4 case, and adds nothing to the instructions already provided. 20 CR 812, ECF 249. The elements of the charged offenses are already set forth. This instruction is also incomplete and in tension with applicable state bribery law. |

      vii.    McClain Instruction—Counts Nineteen and Twenty—Proof of Scheme

| Proposed Instruction | In considering whether the government has proven a scheme to defraud, the government must prove one or more of the representations, promises or bribes charged in the portion of the indictment describing the scheme to be proved beyond a reasonable doubt. The government, however, is not required to prove all of them. |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 1341 & 1343 Proof of Scheme) |
| Government Position | **Objects**. |

      viii.    McClain Instruction __—Counts Nineteen and Twenty— Good Faith

| Proposed Instruction | If a defendant acted in good faith, then he lacked the intent to defraud required to prove the offense of wire fraud charged in Counts Nineteen and Twenty. A defendant acted in good faith if, at the time, he honestly believed the truthfulness or validity of the representation or promises that the government has charged as being false or fraudulent. |
|---|---|

|  | A defendant does not have to prove his good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted with the intent to defraud as charged in Counts Nineteen and Twenty. |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instruction 6.10 (Good Faith-Fraud/False Statements/Misrepresentations |
| Government Position | **Objects**.<br><br>The government incorporates its objections to Madigan's "good faith" instruction, above. |

ix.  McClain Instruction—Counts Nineteen and Twenty—Official Act

| Proposed Instruction | An "official act" is a decision or action on, or an agreement to make a decision or take action on, a specific question or matter, which is pending or at any time may be pending] or may by law be brought before a public official in his official capacity.<br><br>A "question" or "matter" must involve a formal exercise of governmental power and must be something specific and focused, rather than a broad policy objective.<br>In this case, the questions or matters are issue in Counts Nineteen and Twenty are: [the government must describe in specific and focused terms.]<br><br>A public official makes a decision or takes action on a question or matter when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.<br><br>A public official does not make a decision or take action on a question or matter if he does no more than set up a meeting, host an event, or call another public official. |
|---|---|
| Legal Authority | Seventh Circuit Pattern Instruction (18 U.S.C. § 201 Definition of "Official Act) (modified) |
| Government Position | **Objects**.<br><br>The government incorporates its objections to defendants' "official action" instruction, above. |

The parties each have or will separately file their proposals on jury instructions, including the legal authority for such instructions, and proposed verdict forms.

Respectfully submitted.
MORRIS PASQUAL
Acting United States Attorney

/s/ *Julia K. Schwartz*
AMARJEET S. BHACHU
DIANE MacARTHUR
SARAH STREICKER
JULIA K. SCHWARTZ
Assistant United States Attorneys
219 South Dearborn Street
Fifth Floor
Chicago, Illinois 60604
(312) 353-5300